IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LARRY D. PADILLA, | ) | No. C 06-1725 MJJ (PR) |
| | ) | |
| Plaintiff, | ) | **ORDER ON PENDING MOTIONS; SCHEDULING BRIEFING RE. AMENDED COMPLAINT** |
| v. | ) | |
| M.S. EVANS, | ) | |
| Defendant. | ) | (Docket Nos. 10, 11, 13, 16, 30, 34, 37, 38, 43, 52, 56, 58) |
| _____ | ) | |

Plaintiff, an inmate at Salinas Valley State Prison ("SVSP"), filed this pro se civil rights complaint pursuant to 42 U.S.C. § 1983. On January 8, 2007, the Court granted plaintiff leave to file an amended complaint. Plaintiff filed an amended complaint on January 29, 2007. The amended complaint supersedes the original complaint. See London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981); Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir.1992); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). As plaintiff's amended complaint supersedes the original complaint, defendants' motion for an extension of time to file a motion to dismiss the original complaint and defendants' motion to dismiss the original complaint (Docket Nos. 11 & 34) are DENIED as moot. Defendants will be given the opportunity to file dispositive motions with respect to the amended complaint, below.

G:\PROSE\MJJ\CR.06\PADILLA.MOT2.WPD

1 Similarly, plaintiff's motions to add and combine exhibits to the original complaint (Docket Nos. 10, 38 & 43) are DENIED as moot. Plaintiff's motion to add "Exhibit B" to the amended complaint (Docket No. 56) is GRANTED.

Plaintiff has also filed a second motion for appointment of counsel. Like the first such motion, this motion (Docket No. 13) is DENIED for want of exceptional circumstances. See 28 U.S.C. § 1915(e)(1). Plaintiff shall not file any further motions for appointment of counsel. If the circumstances of this case should warrant appointment of counsel in the future, the Court will order such appointment sua sponte.

Plaintiff filed a motion for a preliminary injunction and for sanctions. In this motion, plaintiff does not actually present any basis for a preliminary injunction or describe what such an injunction would encompass. Rather, the motion alleges that he had given an earlier motion for preliminary injunction to a prison guard, whom he alleges is "defendant's agent," and the guard mailed it instead of dropping it "in the Law Library Lock Box." On that basis, plaintiff states that the guard "destroyed" the motion, and defendant should be sanctioned. Even if the guard's actions caused the motion to go missing, there is no evidence or indication that the guard intentionally destroyed the motion. Moreover, there is no indication that defendant knew about the guard's alleged actions, much less that he ordered or was otherwise involved in those actions. As a result, even if the guard's conduct was intentional, there is no basis for sanctioning the *defendant* for that conduct. Consequently, plaintiff's motion for a preliminary injunction and for sanctions (Docket No. 16) is DENIED. The motion to add exhibits to that motion is GRANTED.

Plaintiff has also filed two motions to compel discovery. Plaintiff's motions fail because he has not indicated what, if any efforts, he has made to confer with defendants regarding the alleged shortcomings in their discovery responses. Contrary to the requirement of Federal Rule of Civil Procedure 37(a)(2)(B), plaintiff did not include in his motions a certification that he had in good faith conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the materials without a court order. The motions to compel (Docket Nos. 30 & 37) therefore are DENIED.

United States District Court
For the Northern District of California

1    Finally, defendants have filed a motion that the Court "screen" plaintiff's amended
2 complaint pursuant to 28 U.S.C. § 1915A.  A federal court must conduct a preliminary
3 screening in any case in which a prisoner seeks redress from a governmental entity or officer
4 or employee of a governmental entity.  28 U.S.C. § 1915A(a).  In its review, the court must
5 identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to
6 state a claim upon which relief may be granted or seek monetary relief from a defendant who
7 is immune from such relief.  See id. § 1915A(b)(1),(2).  Pro se pleadings, however, must be
8 liberally construed.  See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.
9 1988).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential
10 elements: (1) that a right secured by the Constitution or laws of the United States was
11 violated, and (2) that the alleged violation was committed by a person acting under the color
12 of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).  Having reviewed the complaint,
13 the Court finds plaintiff's claims, liberally construed, are cognizable, specifically, plaintiff's
14 claims that defendants have: (1) denied him access to outdoor exercise, in violation of the
15 Eighth Amendment; and (2) deprived him of equal access to prison activities as inmates who
16 have not been designated as having "sensitive needs," in violation of the Fourteenth
17 Amendment.  Defendants' motion for screening (Docket No. 52) is GRANTED, and
18 plaintiff's motion to stay such screening is DENIED.
19    In order to expedite the resolution of this case, the Court orders as follows:
20    1.    No later than **ninety** (60) days from the date of this order, defendants shall file
21 a motion for summary judgment or other dispositive motion.  The motion shall be supported
22 by adequate factual documentation and shall conform in all respects to Federal Rule of Civil
23 Procedure 56.  All papers filed with the Court shall be promptly served on plaintiff.
24    2.    Plaintiff's opposition to the dispositive motion shall be filed with the Court and
25 served on defendants no later than **thirty (30) days** from the date defendants' motion is filed.
26    3.    Defendants shall file a reply brief no later than **fifteen (15) days** after plaintiff's
27 opposition is filed.
28

G:\PROSE\MJJ\CR.06\PADILLA.MOT2.WPD           3

    4.    The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

All other provisions of the May 31, 2006 Order of Service not inconsistent with this order remain in effect.

This order terminates docket numbers 10, 11, 13, 16, 30, 34, 37, 38, 43, 52, 56, 58.

IT IS SO ORDERED.

DATED: 3/15/2007

_____
MARTIN J. JENKINS
United States District Judge