EDMUND G. BROWN JR.
Attorney General of the State of California
DAVID S. CHANEY
Chief Assistant Attorney General
FRANCES T. GRUNDER
Senior Assistant Attorney General
JONATHAN L. WOLFF
Supervising Deputy Attorney General
SCOTT J. FEUDALE, State Bar No. 242671
Deputy Attorney General
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA 94102-7004
 Telephone: (415) 703-5871
 Fax: (415) 703-5843
 Email: Scott.Feudale@doj.ca.gov

Attorneys for Defendant M.S. Evans [1]

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| LARRY DEAN PADILLA,<br><br>    Plaintiff,<br><br>v.<br><br>M. S. EVANS,<br><br>    Defendants. | CASE NO. C 06-1725 MJJ<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES** |

TO PLAINTIFF LARRY PADILLA, IN PRO SE:

PLEASE TAKE NOTICE that Defendant Evans (Defendant) moves the Court to dismiss this 42 U.S.C. § 1983 action for failure to exhaust administrative remedies under the non-enumerated portion of Rule 12(b) of the Federal Rules of Civil Procedure, as mandated by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a).

PLEASE TAKE FURTHER NOTICE that the Court may look beyond the pleadings and

---

1. To the best knowledge of the Attorney General's Office Defendant D.M. Mantel has not been served with a copy of Plaintiff's First Amended Complaint. Accordingly no appearance is entered on behalf of Defendant Mantel at this time.

1  decide disputed issues of fact when ruling on Defendant's non-enumerated Rule 12(b) motion.
2  *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). Additionally, Plaintiff may provide
3  evidence to the Court to dispute that which is presented by Defendant. *Id.* & at n.14.
4      This motion is based on this notice of motion, the supporting memorandum of points and
5  authorities, the declarations and exhibits filed in support, and the pleadings and records on file
6  with the Court.

## MEMORANDUM OF POINTS AND AUTHORITIES

## STATEMENT OF THE CASE

9      Plaintiff Larry Padilla (Plaintiff), an inmate properly in the custody of the California
10 Department of Corrections and Rehabilitation at Salinas Valley State Prison (SVSP), brought this
11 action in pro se under 42 U.S.C. § 1983. In his original Complaint, Plaintiff alleged that starting
12 on January 1, 2005, Defendant denied Plaintiff outdoor exercise on a periodic basis without any
13 "penological justification." (Pl.'s Compl. 3-4.)
14     Plaintiff filed his Complaint in the United States District Court, Northern District of
15 California on March 17, 2006. (Ct. Docket # 1.) On May 31, 2006, this Court screened
16 Plaintiff's Complaint and issued an Order of Service where it found that liberally construed
17 Plaintiff's allegations of periodic denials of outdoor exercise stated a cognizable claim for relief
18 under the Eighth Amendment. (Order of Service 2-3.)
19     On December 14, 2006, Plaintiff filed a Motion for Leave to Supplement his Complaint
20 with new allegations involving the same denial of outdoor exercise claim. (Ct. Docket # 46.) On
21 January 8, 2007, the Court denied Plaintiff's Motion to Supplement his Complaint, but allowed
22 Plaintiff the opportunity to amend his Complaint to include new claims within 30 days. (Ct.
23 Docket # 49.) On January 29, 2007, Plaintiff amended his Complaint raising two claims and
24 adding an additional defendant. (Ct. Docket # 59.) In response to Plaintiff's First Amended
25 Complaint, Defendants filed a motion requesting the Court to screen Plaintiff's First Amended
26 Complaint under 28 U.S.C. § 1915A. On March 16, 2007, the Court screened Plaintiff's First
27 Amended Complaint finding as cognizable Plaintiff's claims that the he has been denied access
28 to outdoor exercise in violation of the Eighth Amendment's prohibition against cruel and unusual

punishment and that Defendants have denied Plaintiff equal access to the same prison programs as those enjoyed by inmates who have not been classified as having "sensitive needs."[2] (Ct. Docket # 69.)

## STATEMENT OF FACTS

In his First Amended Complaint, Plaintiff alleges that beginning on January 1, 2005 and continuing until the filing of his First Amended Complaint, Defendants Evans and Mantel have periodically denied Plaintiff access to outdoor exercise for long periods of time in violation of the Eighth Amendment. (Pl.'s 1st Amend. Compl. at 3, 5.) Plaintiff further alleges that Defendants' reasons for denying Plaintiff access to outdoor exercise have not been related to any proper penological justifications. (*Id.*) Plaintiff alleges that alleged lack access to outdoor exercise has caused him to suffer "great physical and emotional hardship." (*Id.*)

In his First Amended Complaint, Plaintiff also alleges that he, a classified "sensitive needs" inmate, is being denied equal access to prison programs, including regular outdoor exercise, religious services, educational classes, and therapy programs, that other inmates within the general population are being offered. (*Id.* at 7-9.) Plaintiff argues that Defendants Evans and Mantel have treated Plaintiff and other "sensitive needs inmates" differently from those inmates in the general population because many of the "sensitive needs inmates" have been committed for offenses which are "abhorred by correctional officials," such as child molestation and other sex crimes. (*Id.* at 9.) Plaintiff alleges that such a denial violates his right to equal protection under the Fourteenth Amendment to the United States Constitution. (*Id.* at 7.)

Defendant now submit this motion to dismiss under the non-enumerated portion of Rule 12(b) for Plaintiff's failure to exhaust administrative remedies with respect to both of his claims before filing suit. See 42 U.S.C. § 1997e(a).

---

2. In its March 16, 2007, "Order on Pending Motions," the court did not specify whether Plaintiff could seek relief against newly added Defendant Mantel, nor did it order the U.S. Marshals Service to serve Defendant Mantel with a copy of Plaintiff's First Amended Complaint. However, Defendant Mantel's name is listed as a Defendant on the Court's docket.

Def.'s Not. Mot. & Mot. Dismiss; Mem. P. & A.                                    *Padilla v. Evans*
                                                                                  C 06-1725 MJJ

# ARGUMENT

## THIS ACTION MUST BE DISMISSED AS PLAINTIFF FAILED TO TIMELY EXHAUST HIS ADMINISTRATIVE REMEDIES AS TO ALL OF FEDERAL CLAIMS AS REQUIRED BY THE PRISON LITIGATION REFORM ACT.

### A. Dismissal Standard.

The Ninth Circuit holds that an inmate's failure to exhaust administrative remedies as required by § 1997e(a) of the Prison Litigation Reform Act (PLRA) does not impose a pleading requirement on the plaintiff but rather creates an affirmative defense which the defendants have the burden of raising and proving. *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). This defense may be raised in the form of an non-enumerated 12(b) motion. *Id*. In deciding on a motion to dismiss for failure to exhaust, the Court may look beyond the pleadings and decide issues of disputed fact. *Id*. at 1119-20. If the Court determines that a prisoner failed to exhaust his available administrative remedies, "the proper remedy is dismissal of the claim without prejudice." *Id*. at 1120.

### B. Plaintiff Must Exhaust All Available Administrative Remedies Before Filing Suit.

In 1995, in an effort to reduce the quantity and improve the quality of prisoner suits, Congress enacted the PLRA. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002). The PLRA includes, among other provisions, a mandatory administrative exhaustion requirement declaring that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . or any other Federal Law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies . . . are exhausted." 42 U.S.C. §1997e(a); *Porter*, 534 U.S. at 524; *see also Vaden v. Summerhill*, 449 F.3d 1047, 1050 (9th Cir. 2006) ("[A prisoner] may initiate litigation in federal court only after the administrative process ends and leaves his grievances unredressed."); *McKinney v. Carey*, 311 F.3d 1198 (9th Cir. 2002) (holding a prisoner does not comply with the §1997e(a) exhaustion requirement by exhausting administrative remedies during the course of litigation).

This exhaustion requirement is mandatory and applies to all suits brought by inmates

regarding prison conditions "[e]ven when the prisoner seeks relief not available in [administrative] grievance proceedings, most notably money damages." *Porter*, 534 U.S. at 524; *see also Booth v.* Churner, 532 U.S. 731, 738 (2001) ("[T]he phrase 'such administrative remedies as are available' naturally requires a prisoner to exhaust the grievance procedures offered, whether or not the possible response covers the specific relief the prisoner demands." (quoting 42 U.S.C. 1997e(a))).

The requirement that a prisoner first exhaust all available remedies through the prison systems administrative grievance procedure serves a number of useful purposes. First, it "attempts to eliminate unwarranted federal-court interference with the administration of prisons . . . [by] 'afford[ing] corrections officials time and opportunity to address the inmate's complaints internally before allowing the initiation of a federal case.'" *Woodford v. Ngo,* 126 S. Ct. 2378, 2387 (2006) (alteration added) (quoting *Porter v. Nussle*, 534 U.S. 516, 525 (2002)). Secondly, it may result in corrective action being taken that might improve prison administration and satisfy the inmate or at the very least provide a forum for the inmate to air his grievances, thereby obviating the need for litigation. *Porter*, 534 U.S. at 524; *Booth*, 532 U.S. at 737 (noting that requiring exhaustion satisfies at least some inmates since the "very fact of being heard can . . . mollify passions . . . .") Finally, for suits that do end up in federal court exhaustion tends to improve the quality of suits because it results in the creation of an administrative record that is helpful to the court in determining the contours of the controversy. *Woodford*, 126 S. Ct. at 2387; *see also Porter*, 534 U.S. at 525.

The State of California allows its inmates to appeal "any departmental decision, action, condition or policy which they can demonstrate as having an adverse affect upon their welfare." *See* Cal. Code Regs. tit. 15, § 3084.1(a). In order to exhaust available administrative remedies within this system, a prisoner must complete four levels of appeals: (1) informal level, (2) first formal level (3) second formal level appeal to the institution head or designee, and (4) third level appeal to the Director's Level. Cal. Code Regs. tit. 15, § 3084.5. A Director's Level appeal decision constitutes exhaustion of the inmates available administrative remedies. *See* Cal. Code Regs. tit. 15, § 3084.1(a).

C.  **Plaintiff Failed to Exhaust his Administrative Remedies with Respect to His Eighth Amendment Claim of Cruel and Unusual Punishment.**

In his First Amended Complaint, Plaintiff alleges that he exhausted his administrative remedies with respect to the claims alleged in his First Amended Complaint through inmate appeal no. 05-00876. (Pl.'s 1st Am. Compl. at 4.) On January 27, 2005, Plaintiff submitted inmate appeal no. 05-00876, alleging that he had been denied outdoor exercise for most of the month of January 2005. (Decl. Feudale, Ex. B.) Specifically, Plaintiff alleged that he had received only nine hours and twenty five minutes of exercise in twenty six days. (*Id.*) Plaintiff alleged that SVSP's actions in allegedly denying him sufficient exercise time was in violation of the Eighth Amendment's prohibition against cruel and unusual punishment and in violation of California Code of Regulations, title 15, section 3343(h), requiring that segregated inmates be provided with the opportunity to receive yard exercise at least three days per week for a total of not less than 10 hours per week. (*Id.*); *see* Cal Code Regs. tit. 15, §3343(h). On February 18, 2005, Plaintiff's inmate appeal was denied after the reviewing officer discovered that according to the institutional log books, Plaintiff was afforded the opportunity to exercise for over forty hours throughout the time period specified in Plaintiff's appeal. (*Id.*) Plaintiff appealed this decision to the first formal level of review on February 18, 2005. (*Id.*)

On March 30, 2006, Plaintiff's inmate appeal was denied at the first formal level after the reviewing officer informed Plaintiff that he was being afforded exercise time under an SVSP Operating Procedure which mandated that inmates housed in Plaintiff's housing unit were to receive yard time Monday through Friday according to an odd/even building rotation due to staffing shortages. (Decl. Feudale, Ex. B) The reviewing officer further explained to Plaintiff that inmates will not receive yard time on days the facility is faced with staffing shortages as it creates a security risk for both staff and inmates. (*Id.*) Plaintiff appealed this decision to the second formal level of review on April 13, 2005. (*Id.*)

On April 22, 2005, Plaintiff's inmate appeal was denied at the second level. (Decl. Feudale, Ex. B.) In his response, the reviewing officer justified his decision by pointing out that Plaintiff had received over forty hours of access to exercise during the disputed time period. (*Id.*) The

Def.'s Not. Mot. & Mot. Dismiss; Mem. P. & A.    *Padilla v. Evans*
C 06-1725 MJJ

reviewing officer also explained to Plaintiff that during that time period, SVSP was under a "State of Emergency" based on staff shortages and a rotational plan had been implemented to ensure that a full program was afforded to all five facilities at SVSP; on any given day, should a facility not have enough staff members to provide adequate security, that facility would be placed on a modified program. (*Id.*) Plaintiff appealed to the third level of review. (*Id.*)

On August 10, 2005, Plaintiff's third level inmate appeal was denied. (Decl. Feudale, Ex. B.) In justifying his decision, the reviewing officer explained to Plaintiff that institutional safety and security remain the highest priority in a prison setting and take precedence over all other programs, and that exercise time will be provided once the facility is returned to a normal program. (*Id.*) The reviewing officer also explained that the activity logs in Plaintiff's facility provided evidence that Plaintiff was afforded sufficient exercise time during the period in question. (*Id.*) This denial exhausted Plaintiff's administrative remedies with respect to his allegations regarding the alleged lack of exercise time he was afforded by SVSP during the month of January 2005. (Decl. Grannis Supp. Def.'s Mot. Dismiss (Decl. Grannis) ¶ 4.) No other inmate appeal has been exhausted at the Director's level of review which address the claim of insufficient exercise time for the time period at issue in Plaintiff's First Amended Complaint. (*Id.* ¶ 7.)

In his First Amended Complaint, Plaintiff's allegations of insufficient exercise time are not limited exclusively to the time period specified in inmate appeal no. 05-00876, rather Plaintiff has attempted to expand his First Amended Complaint to cover every instance in which he believes he was not afforded sufficient outdoor exercise time starting on January 1, 2005 and continuing until the present. (Pl.'s 1st Am. Compl. at 3.) Because Plaintiff's housing unit may have been placed on a restricted program for numerous reasons throughout the three years alleged in Plaintiff's First Amended Complaint, Plaintiff should have filed an administrative grievance in every instance he believed his constitutional rights were being violated by officials at SVSP. By failing to make full use of the SVSP's grievance process, Plaintiff failed to place corrections officials on notice that his constitutional rights were allegedly being violated and afford them the time and opportunity to address his complaint internally and possibly take corrective action, if

necessary. *Woodford*, 126 S. Ct. at 2388; *Porter*, 534 U.S. at 525. These internal actions may have satisfied Plaintiff thereby obviating the need for litigation with respect to at least some instances where Plaintiff alleges he was denied sufficient exercise time. *Booth*, 532 U.S. at 737 ("the very fact of being heard and prompting administrative change can mollify passions . . . ."); *Porter*, 534 U.S. at 525.

Because Plaintiff failed to exhaust his administrative remedies with respect to all claims grieving lack of sufficient outdoor exercise occurring after January 27, 2005, these claims must be dismissed without prejudice. 42 U.S.C. § 1997a(e); *Wyatt*, 315 F.3d at 1120.

### D. Plaintiff Failed to Exhaust His Administrative Remedies with Respect to His Equal Protection Claim.

In his First Amended Complaint, Plaintiff raises a new claim under the equal protection clause of the Fourteenth Amendment. Specifically, Plaintiff alleges that because the sensitive needs yard is routinely placed on a modified program, he is being denied equal access to religious services, recreational activities, education classes and therapy programs, which are regularly provided to inmates housed in the general population. (Pl. 1st Am. Compl. at 7-9.) While Plaintiff fails to allege when these constitutional deprivations first occurred, it is implied within his First Amended Complaint, that these deprivations began when he was allegedly denied regular access to outdoor exercise in January 2005. (*Id.* at 3-4.)

Since January 2005, Plaintiff has failed to file any inmate appeals grieving the issue that he is being denied equal access to programs regularly provided to inmates housed within the general population at SVSP. (Decl. Grannis ¶ 7.) The only inmate appeal which grieved any issue related to equal protection was inmate appeal no. 06-02676, which grieved Plaintiff's discontent with being passed over on a waiting list for a work assignment within SVSP. (Decl. Grannis, Ex. F.) By failing to grieve the equal protection claim raised in his First Amended Complaint through the inmate appeals system, Plaintiff failed to afford corrections officials the time and opportunity to address Plaintiff's equal protection grievance internally before he initiated this lawsuit. *See Porter*, 534 U.S. at 525. Corrective action taken in response to this grievance, such

1  as providing Plaintiff access to some of these programs, may have satisfied Plaintiff, thereby
2  obviating the need to adjudicate this claim. *Id.* Because Plaintiff failed to exhaust his
3  administrative remedies with respect to his equal protection claim, this claim must be dismissed
4  without prejudice. *Wyatt*, 315 F.3d at 1120.

   E.  **Because Plaintiff Failed to Exhaust His Administrative Remedies with Respect to All of the Claims in His First Amended Complaint, the Court Must Dismiss all Unexhausted Claims and Proceed With Only Those Claims Which Have Been Properly Exhausted.**

   If the Court finds that Plaintiff has failed to exhaust some of the claims presented in his Complaint, the question remains: how should the court proceed? The United States Supreme Court recently decided this issue in the case of *Jones v. Bock*, 127 S. Ct. 910 (2007). In *Jones*, the Supreme Court rejected the "total exhaustion rule" allowing a district court to dismiss the entire action if any one claim has not been properly exhausted. Instead, the Court held that when an inmate files a "mixed complaint," one containing both exhausted and unexhausted claims, the district court should proceed with the exhausted claims and not dismiss the entire action. *Id.* at 923-26 ("As a general matter, if a complaint contains both good and bad claims, the court proceeds with the good and leaves the bad. '[O]nly the bad claims are dismissed the complaint as a whole is not.'") (quoting *Robinson v. Page*, 170 F.3d 747, 748-49 (7th Cir. 1999)).

   Therefore, as to the exercise claim, all of Plaintiff's claims post January 2005 must be dismissed without prejudice. And with respect to the equal protection claims, all claims must be dismissed without prejudice. 42 U.S.C. § 1997 (e)(a). In short, only the January 2005 denial of outdoor exercise claim may continue.

## CONCLUSION

   Plaintiff failed to exhaust his administrative remedies regarding allegations of insufficient outdoor exercise with respect to the portion of his First Amended Complaint beginning on January 27, 2005. Plaintiff also failed to exhaust his administrative remedies regarding the allegation that he was denied equal access to prison programs enjoyed by inmates housed in the general population. Plaintiff's failure to timely exhaust these claims before bringing suit requires

the Court to dismiss these claims without prejudice. *Wyatt*, 315 F.3d at 1120. Accordingly, Defendant respectfully requests that this Motion to Dismiss be granted, and that the only claim to proceed be the alleged denial of outdoor exercise in January 2005.

Dated: June 13, 2007

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DAVID S. CHANEY
Chief Assistant Attorney General

FRANCES T. GRUNDER
Senior Assistant Attorney General

JONATHAN L. WOLFF
Supervising Deputy Attorney General


/s/ Scott J. Feudale

SCOTT J. FEUDALE
Deputy Attorney General
Attorneys for Defendant Evans

20088682.wpd
SF2006200423

# DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   **Padilla v. Evans**

No.:   **C 06-1725 MJJ**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On June 13, 2007, I served the attached

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES**

**DECLARATION OF S. FEUDALE IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

**DECLARATION OF T. EMIGH IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

**[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

Larry D. Padilla (P-05966)
Salinas Valley State Prison
P. O. Box 1020
Soledad, CA 93960-1020
In Pro Per

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on June 13, 2007, at San Francisco, California.

| M. Luna | M. Luna *(signature)* |
|---|---|
| Declarant | Signature |

20092071.wpd