EDMUND G. BROWN JR.
Attorney General of the State of California
DAVID S. CHANEY
Chief Assistant Attorney General
FRANCES T. GRUNDER
Senior Assistant Attorney General
JONATHAN L. WOLFF
Supervising Deputy Attorney General
SCOTT J. FEUDALE, State Bar No. 242671
Deputy Attorney General
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA 94102-7004
 Telephone: (415) 703-5871
 Fax: (415) 703-5843
 Email: Scott.Feudale@doj.ca.gov

Attorneys for Defendants M. S. Evans

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **LARRY DEAN PADILLA,**<br><br>Plaintiff,<br><br>v.<br><br>**M. S. EVANS,**<br><br>Defendants. | CASE NO. C 06-1725 MJJ<br><br>**DECLARATION OF S. FEUDALE IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS** |

I, Scott J. Feudale, declare:

1. I am a Deputy Attorney General in the California Attorney General's Office, counsel of record for Defendant M.S. Evans in this matter. I am competent to testify to the matters set forth in this Declaration, and if called upon to do so, would so testify. I submit this declaration in support of Defendant's Motion to Dismiss.

2. Attached as Exhibit A is a true and correct copy of a declaration from the custodian of records at Salinas Valley State Prison, dated September 28, 2006. This declaration applies to and authenticates Exhibit B, from Plaintiff's central file.

3. Attached as Exhibit B is a true and correct copy of Inmate Padilla's (CDCR # P-05966)

Decl. of S. Feudale Supp. Def.'s Mot. Dismiss

*Padilla v. Evans*
C 06-1725 MJJ

1


1  inmate appeal no. 05-00876, and related documents.

2

3      I declare under penalty of perjury that the foregoing is true and correct. Executed this 17th
4  day May, 2007, at San Francisco, California.

5

6                                             /s/ Scott J. Feudale

7

8                                             _____
9                                             Scott J. Feudale
                                             Deputy Attorney General

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Decl. of S. Feudale Supp. Def.'s Mot. Dismiss            *Padilla v. Evans*
                                                           C 06-1725 MJJ

2

# EXHIBIT A

DECLARATION OF CUSTODIAN OF RECORDS

I, _____Araceli Esparza_____ declare as follows:

I am employed by the California Department of Corrections at Salinas Valley State Prison, Soledad, California as a Staff Service Analyst. In this capacity, I am a duly authorized custodian of records maintained on inmates committed to the custody of the California Department of Corrections and housed at this institution.

A central file is maintained on each inmate housed in the California Department of Corrections. The file is maintained by the records office of each institution housing the inmate, and transferred with the inmate to any other institution.

The documents and entries in documents pertaining to an inmate are prepared at or near the time of their occurrence by persons with knowledge of the circumstances or events.

The documents attached hereto are true and correct copies of documents from the file of inmate _Padilla_ CDC # _____P05966_____ and maintained in the regular course of business by the Department of Corrections at this institution.

I declare under penalty of perjury that I am competent to testify as a witness, that the foregoing is true and correct and based on my personal knowledge except for those statements based on information and belief, and as to those statements I believe them to be true, and that if called as a witness, I would so testify.

Executed on __September 28, 2006__, at _____Soledad_____, California.

# EXHIBIT B

STATE OF CALIFORNIA                                                                                      DEPARTMENT OF CORRECTIONS

INMATE/PAROLEE
APPEAL FORM
CDC 602 (12/87)

Location: Institution/Parole Region    Log No.    Category
1. SVSP-A                              1. 05-00876   II
2. _____                              2. _____   CAI

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

Program - yard sch.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| Padilla, Larry | P-05966 | N/A | A3-202 |

A. Describe Problem: Since the beginning of Jan.1st, 2005 I have been denied exercise (Yard) on the following days; 1,2,4,6,8,9,10,11,12,13,14,16,18,19th schedule changed?,20,21,22,23,24,25, 26th. Exercise is a basic human need. A long-term denial of any opportunity for exercise out side an inmates cell violates the Constitution. According to the Title 15 §3343.(h) Exercise. Segregated inmates have at least Three days per week of exercise and not less than 10 hours a week. I have received a total of LESS THAN 1hr. per day. Although this is a SNYard I have received less exercise time than Segregated inmates. As of this writing my self and the top teir have had 9hrs. and 25mins. of exercise yard in 26 days. This is in-

If you need more space, attach one additional sheet.    (CONTINUED ON FOLLWING PAGE)

B. Action Requested: That the exercise (yard) on this SNYard here at S.V.S.P be re-evaluate, to where this inmate and others get exercise yard every day. "Note" case law; Hoptowit V. Ray (9th Cir. 1982) 682 F.2d 1237,1259; Wilson V. Seiter, 501 U.S. 294, 304, 111 S.Ct.2321,2327(1991) Fausset, Lancaster State Prison Backs Off Lockdowns, Los Angeles.

Inmate/Parolee Signature: /s/ Larry Padilla                          Date Submitted: 1/27/05

C. INFORMAL LEVEL (Date Received: _____)
Staff Response: (Denied) See Attached Copy Memo - This was stamped but not answered. LP 2/2/05
REC'D FEB 3 2005    DELIVERED FEB 0 2 2005

REC'D FEB 17 2005

Staff Signature: _____ Sgt    Date Returned to Inmate: DELIVERED FEB 18 20

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

After reading the response of the investigating officer, It is obvious that the investigation was not done properly. I have kept a log on the days and times this inmate and other inmates on this top tier (see exh."A"). It is my belief that the times and days specified have been forged by staff, nor have I been released at the proper times nor been given Dayroom or Yard

-(Continued on following page)-

Signature: /s/ Larry Padilla                                           Date Submitted: 2/18/05

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim.    REC'D FEB 22 2005    CDC Appeal Number: _____

First Level ☐ Granted ☒ P. Granted ☐ Denied ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: 2/23/05 Due Date: 4/6/05

Interviewed by: W. R. Binkele

YOU WILL BE AFFORDED EXERCISE YARD PURSUANT TO OP 11 AND YOUR PRIVILEGE EARNING STATUS. YOU ARE A2B AND RECEIVE YARD MONDAY THROUGH FRIDAY ACCORDING TO ODD & EVEN BUILDING ROTATION. YOU WILL NOT RECEIVE YARD ON DAYS THE FACILITY IS FACED WITH STAFFING SHORTFALLS AS IT CREATE A SAFETY ISSUE FOR BOTH STAFF & I/M's

Staff Signature: _____ Title: Lt  Date Completed: 3-30-05
Division Head Approved:
Signature: _____ Title: CDW  Returned Date to Inmate: _____

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

On March 30th, 2005 I spoke to Lt. Binkele, I understand the predicament of staff shortages... But per Calif. Law a shortage of staff and/or staff being taken from this Sensitive Needs yard does not justify the denial of outside exercise for this Sensitive Needs yard, Yes there have been isolated incidents—
(Continued on "F")

DELIVERED APR 1 2 2005
REC'D APR 07 2005

Signature: Larry Padilla  Date Submitted: 4-13-05

Second Level ☐ Granted ☐ P. Granted ☒ Denied ☐ Other
G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: 4/15/05 Due Date: 5/12/05
☐ See Attached Letter

REC'D APR 1 4 2005
DELIVERED MAY 1 9 2005

Signature: _____ Date Completed: _____
Warden/Superintendent Signature: _____ Date Returned to Inmate: _____

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

_____
_____
_____
_____
_____

Signature: _____ Date Submitted: _____

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

--------

DIRECTOR'S ACTION: ☐ Granted ☐ P. Granted ☐ Denied ☐ Other _____
☐ See Attached Letter

Date: _____

CDC 602 (12/87)

(CONTINUED FROM 602)

violationof the United States Constitution. I'am being treated as an AD-SEG inmate but getting less exercise then an AD-SEG inmate.
No memo's have been given out.

Respectfully Submitted,

1/27/05      Larry Padilla P-05966
                      A3-202

(Continued from D. Formal Level)

until 11:30am or 3:30pm. I can get 100+ signatures alone to prove the facts stated in this 602.

There is a blatant disregard for this inmates rights on this SNYard, which I believe is due to the classification of some inmates here.

And according to the Ninth Circuit this prison is in violation of my constitutional rights and basic human need for exercise, and is deliberate indifference to unusual prison conditions.

2/18/05    Larry Padilla P-05966

(Continued from "F" on 6C_,

but they still don't warrant the dramatic denial of outside exercise and/or any type of program due to staff being rerouted to another yard or lack of staff.

(E.O.P.) Enhanced out Patient program prisoners are allowed program *every* day, Ad-Seg prisoners are allowed more program then this Sensitive Needs yard.

Again, my self and others on the top tier's are being denied outside exercise which is a <u>basic human need</u> and violates the 8th Amendment of the U.S. Constitution.

Being a lifer, jobs also cause a problem which also denies partial program for prisoners due to their classification even if they have stayed out of trouble and rules violation free.

Inmate Work and Training Incentive Group §3044.(c)(5), This rule can be broadly interpretted, and denies this prisoner privileges other prisoners are getting.

If a prisoner stays out of trouble they should be given the opportunity of outside exercise (yard) every day... Especially when <u>NO</u> jobs are available on this Sensitive Needs Yard and/or other yards with Sensitive Needs Programing.

A policy change is warranted for prisoners that want to work but can't due to the lack of jobs, due to this prisoners are being denied outside exercise every day.

Dated: April 13th, 2005

Respectfully Submitted,

Larry Padilla

Exhibit A

January
1. No Pro.
2. No Pro.
3. Y-2hrs.20mins.DR-1hrs.20mins.
4. No Pro.
5. Y-1hrs.35mins.
6. DR-50mins.
7. Y-2hrs.
8. DR-1hr.30mins.
9. No Pro.
10. DR-40mins.
11. No Pro.
12. No Pro.
13. No Pro.
14. DR-1hr.42mins.
15. Y-2hrs.DR-1hr.40mins.
16. No Pro.
17. DR-1hr.2mins.Y-1hr.30mins.
18. No Pro.
19. Schedule Changed? No Pro.
20. DR-1hr.48mins.
21. DR-1hr.40mins.
22. DR1hr.30mins.
23. No Pro.
24. DR-55mins.
25. No Pro.
26. DR-1hr.45mins.
27. Y-1hr.37mins.DR-1hr.55mins.
28. DR-1hr.15mins.
29. No Pro.
30. DR-1hr.45mins.
31. DR-1hr.30mins.

Total Yard Time; 9hrs. 25mins.
Total Dayroom Time; 16hrs. 22mins.
For the month of Jan. 2005
Total Days 31

February
1. DR- 49 mins.
2. No Pro.
3. DR-1hrs.55mins.
4. DR-1hrs.45mins.
5. DR-1hr.Y-1hr.50mins.
6. No Pro.
7. Y-2hrs.5mins.DR-1hr.40mins.
8. No Pro.
9. Y-1hr.40mins.
10. DR-1hr.25mins.
11. DR-1hr.50mins.
12. Dr-1hr.40mins.
13. No Pro.
14. No Pro.
15. No Pro.
16. No Pro.
17. No Pro.
18. No Pro.

Total Yard Time; 5hrs. 40mins.
Total Dayroom Time; 11hrs. 14mins.
For the month of Feb. 2005
Total Days 18

Up to date stats for February 2005;

19. No Pro
20. No Pro
21. No Pro
22. No Pro
23. Y-2hrs.1min. DR-1hr.45mins.
24. No Pro
25. No Pro
26. DR-1hr.57mins.
27. No Pro
28. No Pro
Total yard time; 7hrs. 36mins.
Total Dayroom time; 15hrs. 6mins.

The following two months March and April 2005, The time for outside exercise and dayroom time are as fallows:

(1)

(Continued from page 1)

March 2005
1. No Pro
2. DR-1hr.40mins.
3. Y-2hrs.26mins. Dr-1hr.57mins.
4. DR-1hr.54mins.
5. DR-2hrs.
6. No Pro
7. Y-1hr.44mins. DR-36mins.
8. No Pro
9. No Pro
10. DR-1hr.55mins.
11. Y-2hrs.20mins.
12. DR-1hr.45mins.
13. No Pro
14. DR-1hr.40mins.
15. No Pro
16. DR-1hr.17mins.
17. DR-1hr.30mins.
18. No Pro
19. No Pro
20. No Pro
21. No Pro
22. DR-1hr.42mins.
23. DR-2hrs. Y-2hrs.20mins.
24. No Pro
25. Y-1hr.52mins.
26. No Pro
27. Y-2hrs.25mins.
28. No Pro
29. DR-1hr.42mins.
30. DR-1hr.28mins.
31. Y-2hrs.22mins. DR-1hr.37mins.

April 2005
1. Y-2hrs.35mins. DR-1hr.38mins.
2. DR-1hr.36mins.
3. Y-2hrs.1min.
4. DR-1hr.50mins.
5. Y-2hrs.18mins DR-1hr.45mins.
6. DR-1hr.51mins.
7. DR-1hr.34mins. Y-2hrs.7mins.
8. DR-1hr.28mins.
9. DR-2hrs.44mins.
10. No Pro
11. DR-2hrs.5mins. Y-2hrs.14mins.
12. No Pro
13. Y-1hr.45mins.DR-0

Total Outside exercise for the month of March 2005; 15hrs.29mins.
Total Dayroom time for the month of March 2005; 24hrs.43mins.

Total Outside exercise from April 1-13,2005; 13hrs.
Total Dayroom time from April 1-13,2005; 15hrs.31mins.

No program for the month of January 2005 was; 12 days

No program for the month of February 2005 was; 17 days

No program for the month of March 2005 was; 13 days

No program for the month of April 2005 was; 2 days as of the 13th of April 2005.

(2)

California Department of Corrections | Salinas Valley State Prison

# MEMORANDUM



Date: February 13, 2005

To: Appeals Coordinater
Salinas Valley State Prision

Subject: **Appeal/ Yard time**

On February 13, 2005 I received an appeal from the appellant stating he has received a total of 9.25 hours of yard during January 1, 2005 thru January 26, 2005 thus denying his constitutional rights and basic human need for exercise.

During the course of the investigation into this appeal a subsequent review of Alpha 3 control log book revealed the appellant has had numerous occasions to leave his cell and either go to the yard or attend the day room. The following is a sub sequential list of days and activities the appellant was afforded. On 1/3/05 yard from 09:00-11:30, 1/5/05 yard from 09:00-11:30, 1/06/05 dayroom from 09:00-11:30, 1/08/05 dayroom from 09:00-11:30, 1/09/05 dayroom from 09:00-11:30, 1/10/05 dayroom from 09:00-11:30, 1/13/05 yard from 09:00-11:30, 1/14/05 dayroom from 09:00-11:30, 1/15/05 yard from 09:00-11:30, 1/17/05 yard from 09:00-11:30, and dayroom, 1/19/05 dayroom from 09:00-11:30, 1/20,21,22,24 and the 25th there was yard and dayroom activities. By my calculations the appellant has been given the opportunity to exercise for over forty hours throughout the time period the appellant specified.

The appellant's appeal is not accurate and is DENIED.

M.S. Gomez
Facility A Sergeant
Salinas Valley State Prison

State of California                                                                 Department of Corrections

# Memorandum



Date:     April 22, 2005

To:       Inmate Padilla, P-05966
          Salinas Valley State Prison

Subject:  SECOND LEVEL APPEAL RESPONSE LOG NUMBER-SVSP-A-05-00876.

**ISSUE:**

Appellant believes that he was denied access to the Facility A Exercise Yard during the month of January 2005 as he contends that he received a total of less than one (1) hour per day of yard access.

Appellant requests on appeal that Facility A, Sensitive Needs Yard Program be re-eavaluated as to allow him access to the yard every day.

**INTERVIEWED BY:** R. Binkele, Correctional Lieutenant

**REGULATIONS:** The rules governing this issue are:

   **Operational Procedure 11**
   II.   A2/B
   A. Yard / Dayroom

**SUMMARY OF INVESTIGATION:**

The First Level of Review (FLR) was completed on 03-30-2005. T. Krenke, Correctional Lieutenant was assigned to investigate this appeal at the Second Level of Review. All submitted documentation and supporting arguments have been considered. Additionally, a thorough examination has been conducted regarding the claim presented, and evaluated in accordance with Salinas Valley State Prison (SVSP) Operational Procedures (OP); the California Code of Regulations (CCR); and the Departmental Operations Manual (DOM). The assigned Lieutenant reviewed this appeal, the FLR, and the issues contained therein.

The appellant contends that he received less than one (1) hour of yard per day during the month of January 2005. There is clear documentation by M. Gomez, Facility A Yard Sergeant, which details the dates and times the appellant was granted access to either yard or dayroom at the Informal Level of Review. The appellant was not satisfied with the recorded documentation and states; "after reading the response of the investigating officer, it is obvious that the investigation was not done properly." The appellant submits his beliefs to this statement. The appellant also includes a log on the days and times of yard and dayroom access. In reviewing this "log", it is found that it is in conflict with the appellant's statements. The appellant claims that he was receiving less than

PADILLA, P-05966
CASE NO. SVSP-A-05-00876
Page 2 of 2

one (1) hour per day but his log does not correspond. In reviewing these documents in their entirety, it is found that the appellant had received over forty (40) hours of access during this time frame.

At the present time, SVSP is under a State of Emergency based on the staff shortages. A rotational plan has been implemented to ensure that each of the five (5) facilities here at SVSP is afforded equal access to a full program. However, should a facility not have enough staff members present to provide appropriate security, that specific facility shall be placed on a Modified Program. As the safety and security of inmates, staff and this institution shall take precedence at all times.

The appellant has failed to provide any evidence to support his claims other than his beliefs. Additionally, the investigation has not produced any type of evidence which would support the appellant is being denied access to program. The appellant has been afforded appropriate access to programs, yard and dayroom. This access will continue as institutional needs permit.

**DECISION**: The appeal is Denied.

The appellant is advised that this issue may be submitted for a Director's Level of Review if desired.

L.E. SCRIBNER
Chief Deputy Warden
Salinas Valley State Prison

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

# DIRECTOR'S LEVEL APPEAL DECISION

Date: AUG 1 0 2005

In re: Padilla, P-05966
Salinas Valley State Prison
P.O. Box 1020
Soledad, CA 93960-1020

IAB Case No.: 0411603    Local Log No.: SVSP 04-00876

This matter was reviewed on behalf of the Director of the California Department of Corrections (CDC) by Appeals Examiner S. Ortiz, Facility Captain. All submitted documentation and supporting arguments of the parties have been considered.

**I  APPELLANT'S ARGUMENT:** It is the appellant's position he was denied access to the Facility "A" exercise yard during the month of January 2005. The appellant contends that he received a total of less than one hour per day of yard access. The appellant requests that the Facility "A" Sensitive Needs Yard program be reevaluated to allow the appellant access to the yard every day.

**II  SECOND LEVEL'S DECISION:** The reviewer found that the Salinas Valley State Prison (SVSP) staff interviewed the appellant. The appellant was informed that in review of the Facility activity log it was determined that his contention that he was only afforded one hour access to the yard does not correspond with the log. The activity log clearly states that the appellant received over 40 hours of access during the January 2005, time frame provided by the appellant. The reviewer learned that at present the SVSP is under a State of Emergency based on the staff shortages. A rotation plan has been implemented to ensure that each of the five facilities at SVSP is afforded equal access to a full program. However, should a facility not have enough staff members present to provide appropriate security, the specific facility shall be placed on a modified program. In this case, the safety and security of inmates, staff and the institution takes precedence at all times. The appeal was denied at the Second Level of Review.

**III  DIRECTOR'S LEVEL DECISION:** Appeal is denied.

  A. **FINDINGS:** The documentation and arguments presented are persuasive that the appellant has failed to support his appeal issue with sufficient evidence or facts to warrant a modification of the Second Level response. In this instance safety and security remain the highest priorities and take precedence over all other programs. Furthermore, a review of the activity logs provides evidence that the appellant was afforded over 40 hours of yard for the identified period. Additionally, exercise time will be provided once the modified program is returned to normal program. No relief will be afforded the appellant at the Director's Level of Appeal.

  B. **BASIS FOR THE DECISION:**
  California Code of Regulations, Title 15, Section: 3001, 3084.1, 3270, 3380, 3383

  C. **ORDER:** No changes or modifications are required by the institution.

This decision exhausts the administrative remedy available to the appellant within CDC.

*T. Surges*

N. GRANNIS, Chief
Inmate Appeals Branch

cc: Warden, SVSP
    Appeals Coordinator, SVSP