1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DAVID S. CHANEY
   Chief Assistant Attorney General
3  FRANCES T. GRUNDER
   Senior Assistant Attorney General
4  JONATHAN L. WOLFF
   Supervising Deputy Attorney General
5  SCOTT J. FEUDALE, State Bar No. 242671
   Deputy Attorney General
6    455 Golden Gate Avenue, Suite 11000
     San Francisco, CA  94102-7004
7    Telephone:  (415) 703-5871
     Fax:  (415) 703-5843
8    Email:  Scott.Feudale@doj.ca.gov

9  Attorneys for Defendants M. S. Evans

10

11              IN THE UNITED STATES DISTRICT COURT

12           FOR THE NORTHERN DISTRICT OF CALIFORNIA

13                   SAN FRANCISCO DIVISION

14

| | |
|---|---|
| **LARRY DEAN PADILLA,** | CASE NO. C 06-1725 MJJ |
| Plaintiff, | **DECLARATION OF T. EMIGH IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS** |
| v. | |
| **M. S. EVANS,** | |
| Defendants. | |

21     I, T. EMIGH, declare as follows:

22     1.    I am employed by the California Department of Corrections and Rehabilitation

23  (CDCR) as the Acting Chief of the Inmate Appeals Branch.  I am competent to testify to the

24  matter set forth in this declaration, and if called upon to do so, I would and could so testify.  I

25  submit this declaration in support of Defendant's Motion to Dismiss.

26     2.    I have been advised by Scott J. Feudale, Deputy Attorney General, that Plaintiff's

27  Amended Complaint contains two distinct claims: 1) that Defendants have denied Plaintiff

28  adequate outdoor exercise at Salinas Valley State Prison (SVSP) beginning in January 2005 and

1    continuing until present in violation of the Eighth Amendment to the United States Constitution;

2    and 2) that Defendants have denied Plaintiff, a sensitive needs inmate, equal access to prison

3    programs, religious services, educational classes and job assignments as regularly provided to

4    inmates housed in the general population in violation of the Equal Protection Clause of the

5    Fourteenth Amendment to the United States Constitution.

6        3.    The Inmate Appeals Branch keeps an electronic record of each inmate appeal that has

7    proceeded through the final level of review, the Director's Level.

8        4.    Attached as Exhibit A is a true and correct copy of the Inmate Appeals Branch

9    computer printout report of each inmate appeal that was filed since 1997 by inmate Larry Padilla,

10   CDCR no. P-05966, and which completed all levels of review, culminating in a final review by

11   the Director's Level.  The Inmate Appeals Branch computer printout report also demonstrates

12   which of inmate Padilla's inmate appeals were screened out at the Director's level.

13       5.    As Exhibit A demonstrates, inmate appeal no. 05-00876 (misnumbered 04-00876 on

14   the attached appeal), which concerned yard access at SVSP during January 2005, was exhausted

15   at the Director's Level on August 10, 2005.  A true and correct copy of Inmate appeal no. 05-

16   00876 is attached as Exhibit B.

17       6.    In addition to inmate appeal no. 05-00876, five other inmate appeals were exhausted at

18   the Director's Level between January 1, 2005 and the present, the time period alleged in

19   Plaintiff's First Amended Complaint.

20       7.    In 2005, in addition to inmate appeal no. 05-00876, two other inmate appeals were

21   exhausted at the Director's level.  Inmate appeal no. 04-01636 (a true and correct copy is

22   attached as Exhibit C) grieved personal property issues and was exhausted on March 30, 2005,

23   and inmate appeal no. 04-04278 (a true and correct copy is attached as exhibit D) grieved the

24   movie viewing policy at SVSP, and was exhausted on July 29, 2005.  Neither of these inmate

25   appeals were related to the claims raised in Plaintiff's First Amended Complaint.

26       8.    In 2006, Plaintiff exhausted three additional inmate appeals.  Inmate appeal no. 05-

27   02676 (a true and correct copy is attached as Exhibit E) grieved SVSP's work incentive program

28   and was exhausted on April 25, 2006, inmate appeal no. 06-00119 (a true and correct copy is

Decl. T. Emigh Supp. Def.'s Mot. Dismiss

Padilla v. Evans
C 06-1725 MJJ

1   attached as Exhibit F) grieved the policy at SVSP with respect to the purchase and retention of

2   art materials and was exhausted on July 10, 2006, and inmate appeal no. 06-02014 (a true and

3   correct copy is attached as Exhibit G) grieved adequate access to the law library and was

4   exhausted on December 29, 2006. None of these inmate appeals were related to the claims raised

5   in Plaintiff's First Amended Complaint.

6       9.   In sum, none of the inmate appeals other than appeal no. 05-00876 submitted during the

7   time period alleged in Plaintiff's Complaint, grieved the issues raised in Plaintiff's First

8   Amended Complaint.

9

10      I declare under penalty of perjury that the foregoing is true and correct. Executed at

11  Sacramento, California, on June 5, 2007.

12

13

14                                      T. Emigh
                                        Acting Chief, Inmate Appeals Branch

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Decl. T. Emigh Supp. Def.'s Mot. Dismiss                    Padilla v. Evans
                                                           C 06-1725 MJJ

3

TOTAL P.04

# EXHIBIT A

**-Exhausted Appeals Aug 97' to Current**

| LOG_NO | COMPLAINT | INSTLOG1 | LNAME | CDC_NO | LOCATION | RECVD_DT | CLOSE_DT | DISPOSITN |
|---|---|---|---|---|---|---|---|---|
| 199809208 | Funds | 99-00416 | PADILLA | P-05966 | PBSP | 5/19/1999 | 9/15/1999 | Denied |
| 200000414 | Complaints Against Staff | 99-01239 | PADILLA | P-05966 | PBSP | 7/18/2000 | 3/20/2001 | Denied |
| 200000415 | Disciplinary | 00-00884 | PADILLA | P-05966 | PBSP | 7/18/2000 | 3/20/2001 | Denied |
| 200006304 | Living Conditions | 00-02939 | PADILLA | P-05966 | PBSP | 12/26/2000 | 9/25/2001 | Denied |
| 200007860 | Legal | 00-03276 | PADILLA | P-05966 | PBSP | 2/13/2001 | 11/6/2001 | Denied |
| 200104417 | Complaints Against Staff | 01-1653 | PADILLA | P-05966 | LAC | 11/7/2001 | 12/28/2001 | Denied |
| 200105802 | Medical | 01-2057 | PADILLA | P-05966 | LAC | 12/18/2001 | 2/20/2002 | Denied |
| 200204758 | Property | 01-2661 | PADILLA | P-05966 | LAC | 10/23/2002 | 1/23/2003 | Granted In Part |
| 200210348 | Medical | 02-02256 | PADILLA | P-05966 | LAC | 3/17/2003 | 6/6/2003 | Denied |
| 200214533 | Medical | 03-00763 | PADILLA | P-05966 | LAC | 6/23/2003 | 9/5/2003 | Denied |
| 200301577 | Legal | 03-01842 | PADILLA | P-05966 | LAC | 8/11/2003 | 11/4/2003 | Denied |
| 200304234 | Mail | 03-01962 | PADILLA | P-05966 | LAC | 10/20/2003 | 1/14/2004 | Denied |
| 200308183 | Complaints Against Staff | 03-02864 | PADILLA | P-05966 | LAC | 2/5/2004 | 5/4/2004 | Denied |
| 200309426 | Disciplinary | 03-03534 | PADILLA | P-05966 | LAC | 3/8/2004 | 5/25/2004 | Denied |
| 200309871 | Medical | 03-3372 | PADILLA | P-05966 | LAC | 3/19/2004 | 6/15/2004 | Denied |
| 200313514 | Transfers | 04-00153 | PADILLA | P-05966 | SVSP | 6/24/2004 | 9/16/2004 | Denied |
| 200406805 | Property | 04-01636 | PADILLA | P-05966 | SVSP | 1/3/2005 | 3/30/2005 | Denied |
| 200411202 | Program | 04-04278 | PADILLA | P-05966 | SVSP | 5/13/2005 | 7/29/2005 | Denied |
| 200411603 | Program | 05-00876 | PADILLA | P-05966 | SVSP | 5/25/2005 | 8/10/2005 | Denied |
| 200508134 | Work Incentive | 05-02676 | PADILLA | P-05966 | SVSP | 1/26/2006 | 4/25/2006 | Granted In Part |
| 200512130 | Program | 06-00119 | PADILLA | P-05966 | SVSP | 4/24/2006 | 7/10/2006 | Denied |
| 200605304 | Legal | 06-02014 | PADILLA | P-05966 | SVSP | 11/2/2006 | 12/29/2006 | Denied |

Appellant Screenout Query

## Appellant Screenout Query

| Appellant | CDCNumber | MailDate | Category | DateReceived | IABLog | InstLog | Check1 | Check2 |
|---|---|---|---|---|---|---|---|---|
| PADILLA | P-05966 | 12/19/2000 | Staff Complaint | 12/15/2000 | 0000414 | PBSP 99-1239 | chkA7 | |
| Padilla | P-05966 | 5/13/03 | | 4/23/2003 | 0204758 | /LAC 01-2661 | chkBI | chkB2 |
| Padilla | P-05966 | 9/22/03 | | 9/3/2003 | | | chkA1 | |
| Padilla | P-05966 | 4/4/2004 | Transfers | 3/8/2004 | | LAC 04-00153 | chkA3 | chkA3b2 |
| Padilla | P-05966 | 5/24/2004 | Transfers | 4/12/2004 | | LAC-S-04-00153 | chkC7 | |
| Padilla | P-05966 | 12/20/2004 | Personal Property | 10/4/2004 | | SVSP-I-04-01636 | chkA3 | chkA3d3 |
| Padilla | P-05966 | 9/3/2005 | Personal Property | 7/5/2005 | | SVSP-A-05-01002 | chkA2 | |
| Padilla | P-05966 | 9/3/2005 | | 7/5/2005 | | | chkA2 | |
| Padilla | P-05966 | 9/3/2005 | Various | 7/5/2005 | | | chkA2 | |

# EXHIBIT B

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

## DIRECTOR'S LEVEL APPEAL DECISION

Date:   **AUG 1 0 2005**

In re:   Padilla, P-05966
Salinas Valley State Prison
P.O. Box 1020
Soledad, CA 93960-1020

IAB Case No.: 0411603        Local Log No.: SVSP 04-00876

This matter was reviewed on behalf of the Director of the California Department of Corrections (CDC) by Appeals Examiner S. Ortiz, Facility Captain. All submitted documentation and supporting arguments of the parties have been considered.

I   APPELLANT'S ARGUMENT: It is the appellant's position he was denied access to the Facility "A" exercise yard during the month of January 2005. The appellant contends that he received a total of less than one hour per day of yard access. The appellant requests that the Facility "A" Sensitive Needs Yard program be reevaluated to allow the appellant access to the yard every day.

II   SECOND LEVEL'S DECISION: The reviewer found that the Salinas Valley State Prison (SVSP) staff interviewed the appellant. The appellant was informed that in review of the Facility activity log it was determined that his contention that he was only afforded one hour access to the yard does not correspond with the log. The activity log clearly states that the appellant received over 40 hours of access during the January 2005, time frame provided by the appellant. The reviewer learned that at present the SVSP is under a State of Emergency based on the staff shortages. A rotation plan has been implemented to ensure that each of the five facilities at SVSP is afforded equal access to a full program. However, should a facility not have enough staff members present to provide appropriate security, the specific facility shall be placed on a modified program. In this case, the safety and security of inmates, staff and the institution takes precedence at all times. The appeal was denied at the Second Level of Review.

III   DIRECTOR'S LEVEL DECISION: Appeal is denied.

A.   FINDINGS: The documentation and arguments presented are persuasive that the appellant has failed to support his appeal issue with sufficient evidence or facts to warrant a modification of the Second Level response. In this instance safety and security remain the highest priorities and take precedence over all other programs. Furthermore, a review of the activity logs provides evidence that the appellant was afforded over 40 hours of yard for the identified period. Additionally, exercise time will be provided once the modified program is returned to normal program. No relief will be afforded the appellant at the Director's Level of Appeal.

B.   BASIS FOR THE DECISION:
California Code of Regulations, Title 15, Section: 3001, 3084.1, 3270, 3380, 3383

C.   ORDER: No changes or modifications are required by the institution.

This decision exhausts the administrative remedy available to the appellant within CDC.

N. GRANNIS, Chief
Inmate Appeals Branch

cc:   Warden, SVSP
Appeals Coordinator, SVSP

# EXHIBIT C

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

## DIRECTOR'S LEVEL APPEAL DECISION

Date: **MAR 3 0 2005**

In re:   Padilla, P-05966
Salinas Valley State Prison
P.O. Box 1020
Soledad, CA 93960-1020

IAB Case No.: 0406805          Local Log No.: SVSP 04-01636

This matter was reviewed on behalf of the Director of the California Department of Corrections (CDC) by Appeals Examiner J. G. Arceo, Facility Captain. All submitted documentation and supporting arguments of the parties have been considered.

I   APPELLANT'S ARGUMENT: It is the appellant's position that he is entitled to financial compensation for his lost personal property totaling $255.85. He contends that upon transfer to SVSP his JWIN Stereo; one pair of pants; one pair of tennis shoes; art work; 72 pack of Crayola colored pencils; six magazines; and 30 soups were missing. He requests financial compensation for his loss.

II   SECOND LEVEL'S DECISION: The reviewer found that a Modification Order was issued to compensate the appellant in the amount of $180.85 for his loss. This satisfies this appeal.

III   DIRECTOR'S LEVEL DECISION: Appeal is denied.

A.   FINDINGS: A review of the appeal documentation indicates that the appellant on August 22, 2003, received $82.45 in compensation to satisfy California State Prison, Los Angeles Count (LAC) property appeal log #ATP-03-0516. The property provided to the appellant as compensation were; 20 soaps; four packs of rolling paper; 72 soups; three pouches Buglar Tobacco; one foot powder; five bags candy; nine boxes hot cocoa mix; 17 toothpastes; and four-10 packs sleeve candy. He signed the LAC Receiving and Release Liability/Compensation Form on August 22, 2003, resolving the matter and acknowledged by his signature that he was satisfied with the compensation offered by the institution. Upon transfer to SVSP, the institution accepted liability in that some of his property was not transferred or received at SVSP. He was compensated for the loss of one JWIN AM/FM Compact Disc Cassette Player; one pair of jeans; one pair of tennis shoes; 72 pack of colored pencils; six magazines; and 30 soups. The Second Level of Review reported that the appellant has proven ownership of all of the items listed in the appeal except his art work. On August 11, 2004, the appellant signed the Satisfaction of Inmate/Parolee Form, accepting compensation and closing the appeal. He released SVSP from any and all future monetary obligations. While the appellant continues to dispute the action taken by SVSP and reports that he can now show proof of the loss of his art work, the Director's Level of Review finds that the appellant is not entitled to additional compensation in this matter. Therefore, pursuant to the California Code of Regulations, Title 15, Section (CCR) 3084.7(e)(4)(A)(B)(C), the CDC has accepted liability and compensated the appellant for his loss. The appellant has presented no evidence to warrant modification of the decision reached by the institution.

B.   BASIS FOR THE DECISION:
CCR: 3190, 3191, 3193

C.   ORDER: No changes or modifications are required by the institution.

PADILLA, P-05966
CASE NO. 0406805
PAGE 2

This decision exhausts the administrative remedy available to the appellant within CDC.  If dissatisfied, the appellant may forward this issue to the California Victims Compensation and Government Claims Board, (formerly known as the State Board of Control), Government Claims Unit, P.O. Box 3035, Sacramento, CA 95812-3035, for further review.

*T. Surges*

N. GRANNIS, Chief
Inmate Appeals Branch

cc:    Warden, SVSP
       Appeals Coordinator, SVSP

# EXHIBIT D

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

## DIRECTOR'S LEVEL APPEAL DECISION

Date:   JUL 2 9 2005

In re:   Padilla, P-05966
Salinas Valley State Prison
P.O. Box 1020
Soledad, CA 93960-1020

IAB Case No.: 0411202          Local Log No.: SVSP 04-04278

This matter was reviewed on behalf of the Director of the California Department of Corrections (CDC) by Appeals Examiner Michael H. Jensen, Facility Captain. All submitted documentation and supporting arguments of the parties have been considered.

I   APPELLANT'S ARGUMENT: It is the appellant's position that Salinas Valley State Prison (SVSP) is not showing new videos or movies. The appellant stated the movies being shown are from the 1950s and the institution is not even allowing some Parental Guidance (PG)-13 movies. The appellant noted the movies are purchased by the Inmate Welfare Fund (IWF), which is being overcharged by Swank Motion Pictures. The appellant requests inmates be allowed to see newly released PG-13 movies in their entirety, that the MAC representatives be allowed to have the inmate population choose which movies they will watch, and that an audit be conducted to reflect the money being spent by the IWF on movies. In responding to the First Level of Review, the appellant added a number of additional requests he desired approved. He requests a video library be established at the institution which would cut down on the cost of renting videos. He also requests the purchase of a video machine that would allow the playing of more than one video each week. The appellant requests movies related to fantasy, horror and science fiction, and rated "R" be shown to the inmate population.

II   SECOND LEVEL'S DECISION: The reviewer found that movie lists are approved by Inmate Services and provided to the Men's Advisory Council (MAC) for selection and do include the latest movies available at the time of distribution. The Second Level of Review (SLR) noted there had been recent problems with the movies running over two hours. The SLR indicated that movies have not been deliberately shortened. The institution stated that because of studio licensing regulations, the institution is unable to develop its own video library. It was stated the rental cost of a video is dependant of the inmate population and varies with each institution. The SLR stated the present cost of a video rental at SVSP was $85.00 with a $10.00 shipping charge. The SLR denied the appeal.

III   DIRECTOR'S LEVEL DECISION: Appeal is denied.

A.   FINDINGS: California Code of Regulations, Title 15, Section (CCR) 3320.4(b) states that "only those movies/videos which have been given a rating of "G," "PG," or "PG-13 by the Motion Pictures Association of America, or that have been placed on the department's discretionary showing list, may be considered for viewing. The appellant's request to view "R" rated films would violate this regulation.

CDC Operations Manual Section (DOM) 53070.3.8 states films deemed to be glorifying violence or are considered inflammatory shall not be approved for viewing.

The Inmate Appeals Branch (IAB) has reviewed the appeal documentation and has determined SVSP is in compliance with the CCR and DOM in the operation of their video/movie program. If the appellant believes the movies being chosen are unappealing, he may wish to discuss this with the MAC chairman or his MAC representative. The IAB finds no basis to modify the SLR.

B.   BASIS FOR THE DECISION:
CCR: 3008, 3220.4, 3270
DOM: 53070.3.8

C.   ORDER: No changes or modifications are required by the institution.

PADILLA, P-05966
CASE NO. 0411202
PAGE 2


This decision exhausts the administrative remedy available to the appellant within CDC.



N. GRANNIS, Chief
Inmate Appeals Branch

cc:     Warden, SVSP
        Appeals Coordinator, SVSP

# EXHIBIT E

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

## DIRECTOR'S LEVEL APPEAL DECISION

Date: JUL 1 0 2006

In re:   Padilla, P-05966
Salinas Valley State Prison
P.O. Box 1020
Soledad, CA 93960-1020

IAB Case No.: 0512130          Local Log No.: SVSP 06-00119

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner J. G. Arceo, Facility Captain. All submitted documentation and supporting arguments of the parties have been considered.

I   APPELLANT'S ARGUMENT: It is the appellant's position that he has been prohibited from purchasing or art material or from retaining his art projects. He contends that pursuant to institutional procedures he is allowed to receive and use art supplies. He requests to make a special purchase for art materials.

II   SECOND LEVEL'S DECISION: The reviewer found that the current Operational Procedure #11 verifies that no handicraft program is offered to inmates at Salinas Valley State Prison (SVSP). Inmates arriving at SVSP with handicraft items will be given the opportunity to mail the items to a designated person of the inmate's choice and expense pursuant to the California Code of Regulations, Title 15, Section (CCR) 3191.

III   DIRECTOR'S LEVEL DECISION: Appeal is denied.

A.   FINDINGS:   The rules authorize the institution head to consider whether to establish and maintain a Handicraft Program given specific criteria. Unfortunately, the SVSP is unable at this time to offer such a program. While the appellant continues to the Director's Level of Review (DLR) to complain that in years past this program was available, it is not now. The appellant may only possess and retain handicraft items pursuant to institutional procedures. The appeal has received the required reviews. No relief at the DLR is warranted.

B.   BASIS FOR THE DECISION:
CCR: 3001, 3100, 3101, 3102, 3103, 3104, 3105, 3106, 3107, 3108

C.   ORDER:   No changes or modifications are required by the institution.

This decision exhausts the administrative remedy available to the appellant within CDCR.

N. GRANNIS, Chief
Inmate Appeals Branch

cc:   Warden, SVSP
Appeals Coordinator, SVSP

# EXHIBIT F

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

## DIRECTOR'S LEVEL APPEAL DECISION

Date:       APR **2 5** 2006

In re:     Padilla, P-05966
           Salinas Valley State Prison
           P.O. Box 1020
           Soledad, CA 93960-1020

           IAB Case No.: 0508134         Local Log No.: SVSP 05-02676

This matter was reviewed on behalf of the Director of the California Department of Corrections (CDC) by Appeals Examiner Thomas H. Emigh, Facility Captain. All submitted documentation and supporting arguments of the parties have been considered.

I   APPELLANT'S ARGUMENT: It is the appellant's position that he has been at Salinas Valley State Prison (SVSP) for more than fifteen months and has yet to receive a work assignment so that he may earn half-time credits. The appellant contends the Assignment Lieutenant has passed him over and hired other inmates who arrived at SVSP after him. The appellant requests to be provided an assignment or be given Work Group/Privilege Group (WG/PG) "A-1/A" credit earning status.

II   SECOND LEVEL'S DECISION: The reviewer found that the appellant had appeared before a classification committee and been placed on a Waiting List. The appellant was informed that inmates who arrive after the appellant and who are WG/PG "A-1/A" will receive assignments before him as will inmates with WG/PG "A-2/B" who have been on the waiting list longer than he has been on the list. The Second Level of Review (SLR) indicated that work credits are a privilege, not a right. The appeal was considered granted in part by the SLR.

III   DIRECTOR'S LEVEL DECISION: Appeal is granted in part.

    A.   FINDINGS: When an inmate is willing but unable to perform in a full-time assignment or is involuntarily unassigned, he shall be placed in WG "A-2." Inmates in WG "A-2" shall receive three months credit for each six months served, or one day for each two days served, and be placed on a waiting list pending availability of a full-time work/training assignment. The appellant was properly placed in WG "A-2" status through a classification committee. Work/Training assignments and half-time credit earnings are a privilege and not a right. Inmates are hired into positions based upon institutional need, not upon inmate request. The appellant was placed on a waiting list for assignment, and will receive a job when his name reaches the top of the list in accordance with current policy.

    However, it is noted that in their Second Level Response the institution described their hiring practice in a way which is not consistent with current CDCR operating policy. Based upon newly adopted Budget Acts within the Department, inmates in WG/PG "A-1/A" no longer have automatic priority in being assigned. Those inmates, with the least amount of time remaining on their sentence within WG/PG "A-2/B" are to be given first priority in being assigned over inmates with more time to serve who are on WG/PG "A-1/A."

    If the institution is not assigning inmates consistent with this directive, it will need to modify its hiring policy and waiting lists accordingly. If it is acting consistent with the new policy, the issue of the appellant's release date remains outstanding as it was not addressed in the Second Level Response. The appellant is reminded that this may or may not have the effect of shortening his wait for an assignment based upon his release date. Lifer inmates have the least priority in being assigned within their WG/PG. This is not a constitutional or due process rights issue, as the appellant is reminded there is no mandate that requires the CDCR to place the appellant into a work/training assignment.

    B.   BASIS FOR THE DECISION:
    California Penal Code Section: 2933
    California Code of Regulations, Title 15, Section: 3001, 3040, 3041.1, 3043, 3044

PADILLA, P-05966
CASE NO. 0508134
PAGE 2

C. ORDER: The Salinas Valley State Prison shall ensure its staff in the Inmate Assignments Office are properly assigning inmates consistent with the departmental policy described above. If inmates in WG/PG "A-1/A" are being assigned into work/training positions before those inmates in WG/PG "A-2/B," without taking into account their release date, this practice should be amended immediately to be consistent with current policy. If the institution is currently in compliance with hiring policy for inmates they shall amend the language in all future appeal responses to reflect that fact. Finally, the institution shall review the status of inmate Padilla, P-05966 with regard to this issue, if it has not already done so.

This issue was discussed with the office of the Chief Deputy Warden.

This decision exhausts the administrative remedy available to the appellant within CDC.

N. GRANNIS, Chief
Inmate Appeals Branch

cc:    Warden, SVSP
       Appeals Coordinator, SVSP

# EXHIBIT G

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

## DIRECTOR'S LEVEL APPEAL DECISION

Date:     DEC 2 9 2006

In re:    Padilla, P-05966
          Salinas Valley State Prison
          P.O. Box 1020
          Soledad, CA 93960-1020

IAB Case No.: 0605304          Local Log No.: SVSP 06-02014

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner R. Floto. All submitted documentation and supporting arguments of the parties have been considered.

I   APPELLANT'S ARGUMENT: It is the appellant's position that he is a Priority Legal Users (PLU) and has been improperly been denied adequate access to the law library. The appellant alleges that denying him access to the law library is a violation of his constitutional rights. Additionally, he claims that documents that he submitted for photocopy services was not returned to him. He requests that he be allowed access to the law library as a PLU and that the missing documents be returned immediately.

II   SECOND LEVEL'S ARGUMENT: The reviewer found that the appellant has been restricted from physical access to the library due to a shortage of library staff. Although physical access was severely limited, access has been provided through the "paging system." PLU inmates have received priority in accommodating their law library needs. Three additional library staff have been hired to assist inmates in their law library needs.

III   DIRECTOR'S LEVEL DECISION: Appeal is denied.

   A.   FINDINGS: The institution is in compliance with state law and regulations. The appellant has not provided a compelling argument to warrant modification of the decision reached by the institution. The institution must provide inmates access to the courts. The appellant has been restricted from physical access to the law library due security concerns in that there has not been available staff to supervise inmates in the law library. That need has been addressed by the institution and additional staff have been hired. He has had access to law materials through the "paging system." That system provides him with up to 15 pages, photocopied from law books, per request. The appellant has been provided meaningful access to the law library and to available legal materials. The appellant has not provided convincing evidence that institution staff have been negligent or that he has been denied access to the courts.

   B.   BASIS FOR THE DECISION:
California Code of Regulations, Title 15, Section: 3120, 3122
Department Operations Manual Section: 53060.18

   C.   ORDER: No changes or modifications are required by the institution.

This decision exhausts the administrative remedy available to the appellant within CDCR.


N. GRANNIS, Chief
Inmate Appeals Branch

cc:     Warden, SVSP
        Appeals Coordinator, SVSP