EDMUND G. BROWN JR.
Attorney General of the State of California
DAVID S. CHANEY
Chief Assistant Attorney General
FRANCES T. GRUNDER
Senior Assistant Attorney General
JONATHAN L. WOLFF
Supervising Deputy Attorney General
SCOTT J. FEUDALE, State Bar No. 242671
Deputy Attorney General
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA 94102-7004
  Telephone: (415) 703-5871
  Fax: (415) 703-5843
  Email: Scott.Feudale@doj.ca.gov

Attorneys for Defendants Michael S. Evans

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| LARRY DEAN PADILLA,<br><br>                                   Plaintiff,<br><br>v.<br><br>M. S. EVANS,<br><br>                                   Defendants. | CASE NO. C 06-1725 MJJ<br><br>**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY** |

Defendant Evans (Defendant) respectfully requests that this Court deny Plaintiff's Motion to Compel Discovery on the grounds that Plaintiff seeks discovery of matters which impose an undue burden of production on Defendant, violate the Constitutional right to privacy of numerous inmates and correctional staff, and with respect to some of the requested documents, are not in Defendant's possesion.

**INTRODUCTION**

On March 7, 2006, Plaintiff Larry Dean Padilla (Plaintiff) filed suit against Defendant alleging that Defendant and his staff have violated his Eighth Amendment right to be free from cruel and unusual punishment by periodically denying him outdoor exercise. (Ct. Docket # 1.)

Opp'n Pl.'s Mot. Compel Disc.                                                                      Padilla v. Evans
                                                                                                   C 06-1725 MJJ

1

On March 31, 2006, the Court issued an Order of Service after finding Plaintiff's Eighth Amendment claim cognizable. (Ct. Docket # 5.) On January 29, 2007, Plaintiff filed his First Amended Complaint adding a new Defendant and an equal protection claim. (Ct. Docket # 59.)

On May 15, 2007, Plaintiff served Defendant with a second set of requests for production of documents. (Pl.'s Mot. to Compel Disc., Ex. A.) In his requests, Plaintiff seeks all inmate appeals submitted from March 23, 2004 until the present by other prisoners at Salinas Valley State Prison (SVSP) grieving "lockdowns." (*Id.*) Plaintiff also seeks all inmate appeals which were "screened out" pertaining to "lockdowns" on facility "A" at SVSP. (*Id.*) On March 22, 2007, Defendant objected to these requests on the grounds that the requests were overly broad and unduly burdensome, vague and ambigious as worded, irrevelant to the claim or defense of any party, and that production of such documents may violate the consitutional right to privacy of both the individual inmates and staff members named within the appeal. (*Id.*) In his response, Defendant further explained to Plaintiff that because the SVSP Appeals Office does not keep copies of appeals which have been screened out, such documents could not be produced to Plaintiff. (*Id.*) On April 9, 2007, Plaintiff wrote a letter to Defendant in an effort to meet and confer regarding this discovery dispute. (Pl.'s Mot. Compel Disc., Ex. B.) On April 27, 2007, Defendant responded to this letter further explaining why Plaintiff's requests were objectionable and why the requested documents would not be produced. (*Id.* at Ex. C.)

On June 29, 2007, Plaintiff filed a Motion to Compel Discovery (Ct. Docket # 82.) Defendant now files this Opposition to Plaintiff's Motion to Compel.

## ARGUMENT

### PLAINTIFF SEEKS DISCOVERY OF MATERS WHICH ARE OBJECTIONABLE UNDER FEDERAL RULES OF CIVIL PROCEDURE AND THE UNITED STATES CONSTITUTION.

Generally, parties may obtain discovery regarding any matter, not privileged, that is "relevant to the claim or defense of any party . . . ." Fed. R. Civ. P. 26(b)(1). However, the right to discovery is not unlimited in scope. Indeed a court shall limit discovery otherwise permitted if it determines that "the discovery sought is unreasonably cumulative or duplicative, or is

Opp'n Pl.'s Mot. Compel Disc.                              *Padilla v. Evans*
                                                            C 06-1725 MJJ

obtainable from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C). In the context of a motion to compel, a court may deny a motion where the discovery sought "would not aid in the exploration of a material issue . . . . [or it] would impose an undue burden on the responding party or its benefits are outweighed by its burdens." *Nat'l Union Fire Ins. Co. of Pittsburg, Pa. v. Elec. Transit Inc.*, No. C 04-3435 JSW, 2006 WL 1525809 at *2 (N.D. Cal. June 1, 2006) (citations omitted). Furthermore, "[f]ederal courts ordinary recognize a contsitutionally based right to privacy which can be raised in response to discovery requests." *Soto v. City of Concord*, 162 F.R.D. 603, 616 (E.D. Cal. 1995).

In his Motion to Compel and in his Second Request for Production, Plaintiff requests the following documents from Defendant: 1) "all administrative complaint(s) (i.e. CDC [form]-602's), filed by other prisoners at Salinas Valley State Prison with respect to lockdowns starting upon my arrival on March 23, 2004 to the present date 2007"; and 2) all "CDC-602's" [inmate appeals] that were "Screened Out" that pertained to lockdowns on thus yard "A" Salinas Valley State Prison [sic] by the Inmate Appeals Coordinator." (Pl.'s Mot. Compel, Ex A.)

For the foregoing reasons, Defendant cannot produce the documents requested.

### A. The Production of the Documents Sought in Both of Plaintiff's Requests for Production Would Be Unduly Burdensome and Would Not Benefit Plaintiff in the Exploration of a Material Issue.

A court shall limit discovery where "the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2)(C); *Nat'l Union*, 2006 WL 1525809 at *2. In his Motion to Compel, Plaintiff seeks access to "all administrative complaints . . . filed by other prisoners at Salinas Valley State Prison [SVSP] with respect to lockdowns starting upon his arrival to [SVSP] on March 23, 2004 to [the present] date." (Pl.'s Mot. Compel at 3.) Plaintiff's request is unduly burdensome and would impose a great hardship on the limited resources of the California Department of Corrections and Rehabilitation. This is because SVSP currently houses 4,769 inmates, many of whom file between five and one hundred and thirty inmate appeals in a given year. (Decl. Variz ¶ 3.) Indeed, the SVSP Appeals Office typically processes about one hundred and sixty inmate appeals a day. (*Id.*) While each inmate's appeals are maintained for

five years in an appeals file (A-File), these files are not maintained, nor searchable through, electronic format. (*Id.*) Accordingly, in order to respond to Plaintiff's request, CDCR personnel would have to spend countless hours sifting through numerous inmate's A-files in search of any grievance which challenges a particular facility being placed on a modified program or "lockdown." (*Id.*) Such a result would consume a vast amount of CDCR resources. (*Id.*)

Furthermore, Plaintiff's request is so broadly worded that it likely encompasses many inmate appeals which would be irrelevant to the claim or defense of either party to this lawsuit. Plaintiff's principal grievance in this case is that he is allegedly being denied a sufficient amount of outdoor exercise do to his facility being periodically placed on "lockdown." (Pl.'s Am. Compl. at 3, 5-7.) Under SVSP policy there are a variety of ways in which a facility can be placed on a modified program, some of which do not require the cell confinement of prisoners. (Decl. Variz ¶ 3.) Thus, it is likely that many of the inmate appeals for which Plaintiff seeks access are not grieving the same issue alleged in his Amended Complaint.

Because the burden and expense of requiring the SVSP Inmate Appeals Office to sift through numerous inmate's A-Files in search of the documents Plaintiff requests would impose a great hardship on Defendant, and because such discovery is unlikely to provide Plaintiff much benefit, the Court must deny Plaintiff's Motion to Compel. Fed. R. Civ. P. 26(b)(2)(C).

**B. Production of Inmate Appeals Filed By Other Inmates Violates the Other Inmates Right to Privacy.**

"Federal Courts ordinarily recognize a constitutionally-based right of privacy that can be raised on a response to discovery requests." *Soto*, 162 F.R.D. at 616. "Resolution of a privacy objection . . . requires a balancing of the need for the information sought against the privacy right asserted." *Id*; *see also Ragge v. MCA/Universal Studios,* 165 F.R.D. 601, 604-05 (C.D. Cal. 1995) (recognizing an objection based on an asserted right to privacy and balancing the need for the information against the claimed privacy right); *Zackery v. Stockton Police Dep't,* No. CIV S-05-02315 MCE DAD P, 2007 WL 1665634 (E.D. Cal. June 7, 2007); *Stafford v. Soc. Sec. Admin.*, No. C-05-113 EDL (N.D. Cal. Apr. 3, 2006). When balancing the two interests, courts

should consider "whether the information sought is relevant and, if so, whether less intrusive means could yield the information sought." *Nat'l Union*, 2006 WL 1525809 at *2.

In his Motion to Compel, Plaintiff argues that reviewing other inmate's administrative appeals is relevant because these appeals illustrate an institution-wide concern regarding "lockdowns." (Pl.'s Mot. to Compel at 6-7.) However, this need for discovery is grossly outweighed by the privacy concerns of other inmates housed in SVSP. Inmate appeals at SVSP are restricted from public view because they often grieve issues which are personal in nature. (Decl. Variz ¶ 3.) Allowing Plaintiff access to such documents could potentially cause great embarrassment for the inmate named in the appeal. (*Id.*) Furthermore, because many inmate appeals allege staff misconduct, affording Plaintiff access to other inmate's appeals raises safety concerns for the individual staff member named in the appeal as he or she could become a target for assault. (*Id.*) Because Plaintiff is seeking access to such documents merely to show that other inmates share his discontent with modified programs, the privacy interest of other inmates and the safety concerns of correctional staff named in the inmate appeal greatly outweigh Plaintiff's need for such documents. *Soto*, 162 F.R.D. at 616; *Ragge*, 165 F.R.D. at 604-05.

**C.   Defendant Cannot provide Plaintiff with Documents in Response to His Request For "Screened Out" Inmate Appeals Because Defendant is Not in Possession of Such Documents.**

California Code of Regulations, title 15, § 3084.3(a), requires an Appeals Coordinator to screen every inmate appeal for procedural compliance with the California Code of Regulations. Inmate Appeals may be rejected for a variety of reasons. *See* Cal. Code Regs. tit. 15, § 3084.3(c). In his Second Request for Production of Documents and in his Motion to Compel, Plaintiff seeks all inmate appeals which were "screened-out" by the Appeals Coordinator which pertained to lockdowns on "A" facility at SVSP. (Pl.'s Mot. Compel at 10, Ex. A.) As Defendant has explained to Plaintiff, the requested documents cannot be produced in response to this request because they are not in Defendant's possession. (Pl.'s Mot. Compel, Ex. C.) Due to the high number of inmate appeals received by the SVSP Appeals Office, inmate appeals which have been "screened out" are not retained by the Appeals Office, but rather returned to the inmate submitting the appeal along with a form notifying the inmate of the reasons why the appeal was

1 screened out. (Decl. Variz ¶ 4.) The only record that is maintained of a screened out appeal is that the appeal is recorded in the institution's Inmate Appeals Automated Tracking System along with a description as to the reasons why the appeal was screened-out. (*Id.*) Accordingly, Defendant is unable to provide Plaintiff copies of the screened-out inmate appeals he requests.

## CONCLUSION

Because Plaintiff seeks the production of documents which would pose an undue burden on Defendant due to their voluminous nature and would likely prove to be of little benefit to Plaintiff in prosecuting his case, because disclosure of the requested documents may violate the privacy rights of the other inmates, and because some of the documents in which Plaintiff is seeking access are not in Defendant's possession, Defendant respectfully requests that Plaintiff's Motion to Compel be denied. Fed. R. Civ. P. 26(b)(2)(C); *Soto*, 162 F.R.D. at 616; *Nat'l Union*, 2006 WL 1525809 at *2.

Dated: July 6, 2007

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DAVID S. CHANEY
Chief Assistant Attorney General

FRANCES T. GRUNDER
Senior Assistant Attorney General

JONATHAN L. WOLFF
Supervising Deputy Attorney General

SCOTT J. FEUDALE
Deputy Attorney General
Attorneys for Defendant Evans

20095012.wpd
SF2006200423

Opp'n Pl.'s Mot. Compel Disc.

*Padilla v. Evans*
C 06-1725 MJJ

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   **Padilla v. Evans**

No.:   **C 06-1725 MJJ**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On July 6, 2007, I served the attached

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY**

**DECLARATION OF T. VARIZ IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL DISCOVERY**

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

Larry D. Padilla (P-05966)
Salinas Valley State Prison
P. O. Box 1020
Soledad, CA 93960-1020
In Pro Per

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on July 6, 2007, at San Francisco, California.

| M. Luna | M. Luna (signature) |
|---|---|
| Declarant | Signature |

20095164.wpd