EDMUND G. BROWN JR.
Attorney General of the State of California
DAVID S. CHANEY
Chief Assistant Attorney General
FRANCES T. GRUNDER
Senior Assistant Attorney General
JONATHAN L. WOLFF
Supervising Deputy Attorney General
SCOTT J. FEUDALE, State Bar No. 242671
Deputy Attorney General
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA 94102-7004
 Telephone: (415) 703-5871
 Fax: (415) 703-5843
 Email: Scott.Feudale@doj.ca.gov

Attorneys for Defendants M. S. Evans[1]

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| LARRY DEAN PADILLA,<br><br>    Plaintiff,<br><br>v.<br><br>M. S. EVANS,<br><br>    Defendants. | CASE NO. C 06-1725 MJJ<br><br>**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS** |

## INTRODUCTION

Defendant Evans (Defendant) files this reply brief in support of his motion to dismiss. In his Amended Complaint, Plaintiff alleges that starting in January 1, 2005 and continuing until the present, Defendant has denied Plaintiff outdoor exercise on a periodic basis for unjustifiable reasons. (Pl.'s Am Compl. at 3-4.) Specifically, Plaintiff alleges that Defendant deprived Plaintiff and other inmates of outdoor exercise by using excuses that are "not related to a true

---

1. To the best knowledge of the Attorney General's Office Defendant D.M. Mantel has not been served with a copy of Plaintiff's First Amended Complaint. Accordingly no appearance is entered on behalf of Defendant Mantel at this time.

perceived threat" but rather are designed to continuously confine inmates without affording them outdoor exercise for the "convenience of prison officials and guards to shirk their job duties." (Pl.'s Am. Compl. at 3.) In an effort to substantiate his claim, Plaintiff attached to his Amended Complaint self-made logs detailing the days and times he allegedly received outdoor exercise as well as those days he allegedly did not. (Pl.'s Am. Compl., Ex. B.) In his Amended Complaint, Plaintiff also alleges that Defendant has denied Plaintiff equal access to prison programs, including religious services, recreational activities, educational classes, and therapy programs, that are enjoyed by other inmates housed within the general population at Salinas Valley State Prison (SVSP). (Pl.'s Am. Compl. at 7.)

Defendant respectfully requests that this Court grant his motion to dismiss because Plaintiff failed to exhaust his administrative remedies before filing suit regarding the events beginning on January 27, 2005 and continuing until present and has failed to exhaust his equal protection claim. 42 U.S.C. § 1997e(a).

## ARGUMENT

### I.

### PLAINTIFF FAILED TO EXHAUST HIS ADMINISTRATIVE REMEDIES WITH RESPECT TO HIS ALLEGATIONS THAT HE WAS DENIED OUTDOOR EXERCISE BEGINNING ON JANUARY 27, 2005 AND CONTINUING UNTIL PRESENT.

**A. Defendant Concedes That Plaintiff has Exhausted Inmate Appeal No. 05-00876. However, This Appeal Did Not Exhaust All of the Claims Alleged in Plaintiff's Amended Complaint.**

Plaintiff in his Amended Complaint seeks relief from the alleged constitutional violations occurring at SVSP from January 2005 until the present with respect to his Eighth Amendment right to outdoor exercise. (Pl.'s Am. Compl. at 5-7.) However, federal law requires Plaintiff to exhaust his administrative remedies with respect to each claim prior to filing a lawsuit. 42 U.S.C. §1997e(a); *Jones v. Bock*, 127 S. Ct. 910, 923 (2007) ("no unexhausted claim may be considered").

On January 27, 2005, Plaintiff submitted an inmate appeal, no. 05-00876, alleging that beginning on January 1, 2005 and continuing until January 26, 2005, he had been denied a

sufficient amount of outdoor exercise for that month in violation of the Eighth Amendment's prohibition against cruel and unusual punishment and in violation of California Code of Regulations, title 15, section 3343(h). (Pl.'s Am. Compl., Ex. A; Decl. Feudale Supp. Def.'s Mot. Dismiss, Ex. B.) This inmate appeal was denied at each level of review and ultimately denied at the Director's Level on August 10, 2005, exhausting Plaintiff's administrative remedies with respect to his allegations regarding the alleged lack of exercise time he was afforded by SVSP during the month of January 2005. (Decl. Emigh Supp. Def.'s Mot. Dismiss ¶¶ 5, 9.)

Plaintiff, in his Opposition to Defendant's Motion to Dismiss, asserts that Defendant in submitting his Motion to Dismiss, attached an incomplete copy of Plaintiff's exhausted inmate appeal no. 05-00876, in an effort to make it appear that Plaintiff had not exhausted his administrative remedies with respect to his Eighth Amendment claim. (Pl.'s. Opp'n to Def.'s Mot. Dismiss at 3, 5.) However, Defendant admits now, as he did in his Motion to Dismiss, that Plaintiff did exhaust his administrative remedies with respect to his claim that he was not afforded adequate outdoor exercise time beginning on January 1, 2005 and continuing until January 26, 2005. (*See* Def.'s Mot. Dismiss at 7 (admitting Plaintiff's denial at the Director's level of review "exhausted his administrative remedies regarding the alleged lack of exercise time he was afforded by SVSP during the month of January 2005"); *see also* Decl. Feudale, Ex. B (containing a copy of the Director's Level decision indicating appeal no. 05-00876 had been exhausted).)

What Plaintiff fails to recognize is that his Amended Complaint is not limited to the time period alleged in his inmate appeal, but rather begins in January 2005 and continues until present day. (Pl.'s Am. Compl. at 3.) As explained in Defendant's Motion to Dismiss, during this time period, there are numerous reasons Plaintiff's housing unit may have been placed on a modified program or locked down for a period of time, resulting in Plaintiff not being afforded outdoor exercise on a particular day. (Def.'s Mot. Dismiss at 7-8.) For example, Plaintiff's housing unit may have been placed on a modified program during one day alleged in Plaintiff's Amended Complaint due to a security breach such as a stolen item from the facility's kitchen. On another occasion, Plaintiff's housing unit may have been placed on a modified program due to threats of

Def.'s Reply Pl.'s Opp'n Def.'s Mot. Dismiss

*Padilla v. Evans*
C 06-1725 MJJ

1 assualt on staff or due to a fight between rival prison gangs.

2 Had Plaintiff taken the opportunity to file an inmate appeal in each instance where he
believed he was wrongly afforded inadequate exercise time, he would have been informed
through the inmate appeals process of the precise reasons why his housing unit was placed on a
modified program. By participating in the administrative process, at least some of Plaintiff's
grievances may have satisfied, thereby obviating the need for litigation with respect to that time
period. *See Woodford v. Ngo*, 126 S. Ct. 2378, 2388 (2006) ("[p]roper exhaustion reduces the
quantity of prison suits because some prisoners . . . are persuaded by the proceedings not to file
an action in federal court."); *see also Booth v. Churner*, 532 U.S. 731, 737 (noting exhaustion
satisfies at least some inmates since "the very fact of being heard can . . . mollify passions . . . ."). 
Because Plaintiff's inmate appeal no. 05-00876 failed to address every Eighth Amendment claim
raised in Plaintiff's Amended Complaint, all claims not raised in that inmate appeal must be
dismissed. *See Jones*, 127 S. Ct. at 923-26 (holding that if a prisoner's complaint contains both
exhausted and unexhausted claims, the district court should dismiss the unexhausted claims and
proceed with the exhausted ones).

**B.   Plaintiff Failed to Place Defendant and His Staff on Notice of the Claims Raised in his Amended Complaint Through Inmate Appeal No. 05-00876.**

Plaintiff submits in his Opposition, that his exhausted inmate appeal "properly placed the
defendant(s) on notice of . . . the pain and suffering defendant(s) conduct was causing [] 
plaintiff," (Pl.'s Opp'n Def.'s Mot. Dismiss at 4.) However, inmate appeal no. 05-00876 failed
to provide prison officials with notice that they were allegedly pursuing an institutional policy in
violation of the Eighth Amendment.

By failing to exhaust his administrative remedies with respect to each instance Plaintiff
believes he was allegedly denied sufficient outdoor exercise after January 26, 2005, Plaintiff
failed to place SVSP correctional officials on notice that his constitutional rights were being
violated on a reoccurring basis. By strictly limiting his grievance to the month of January 2005,
Plaintiff failed to provide SVSP officials the "opportunity to correct [their] own mistakes with

respect to the programs [they] administer[] before [they are] haled into federal court . . . ." *Woodford*, 2378 S. Ct. at 2385; *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002); *Vaden v. Summerhill*, 449 F.3d 1047, 1050 (9th Cir. 2006). Had Plaintiff advised prison officials of the alleged wrongful acts taking place in his housing unit during each month or period of time in which he believes he was not afforded sufficient exercise time, corrective action might have been taken, thereby obviating the need for litigating at least some of the dates included in Plaintiff's Amended Complaint. *Porter*, 534 U.S. at 525; *Vaden*, 449 F.3d at 1050. Because Plaintiff failed to do so, all claims alleging the denial of outdoor exercise beginning on January 27, 2005 and continuing to present must be dismissed without prejudice. *Jones*, 127 S. Ct. at 923-26; *Wyatt v. Terhune*, 315 F.3d. 1108, 1120 (9th Cir. 2003).

**C. The Fact that Plaintiff Recently Had Submitted an Inmate Appeal Grieving Insufficient Outdoor Exercise Which Was Screened Out is Irrelevant to Whether He Exhausted the Claims Raised in His Amended Complaint.**

In his Opposition, Plaintiff requests the Court to take notice of an inmate appeal, grieving insufficient outdoor exercise time occurring in May 2007, which was recently submitted and screened out as evidence that he has "tried to use the [] Appeal System and has been denied." (Pl.'s Opp'n Def.'s Mot. Dismiss at 1.) However, Plaintiff may not attempt to exhaust his administrative remedies during the pendency of a lawsuit, but rather must do so before bringing the action. *See* 42 U.S.C. §1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies . . . are exhausted."); *see also Vaden v. Summerhill*, 449 F.3d 1047, 1048 (9th Cir. 2006) ("the PLRA requires that a prisoner exhaust administrative remedies before submitting any papers to the federal courts"); *McKinney v. Carey*, 311 F.3d 1198 (9th Cir. 2002) (holding a prisoner does not comply with the §1997e(a) exhaustion requirement by exhausting administrative remedies during the course of litigation).

Plaintiff's most recent attempt to exhaust his administrative remedies with respect to allegations of insufficient outdoor exercise occurring after January 26, 2005, come too late. If Plaintiff wished to include these claims in his Amended Complaint, he should have exhausted

them prior to filing suit.[2/] *Vaden*, 449 F.3d at 1050-51; *McKinney*, 311 F.3d at 1199.

## II.

### PLAINTIFF FAILED TO EXHAUST HIS ADMINISTRATIVE REMEDIES WITH RESPECT TO HIS ALLEGATION THAT HE IS BEING DENIED EQUAL ACCESS TO PRISON PROGRAMS AND SERVICES.

In his Amended Complaint, Plaintiff alleges that Defendant has denied him equal access to the same prison programs and services enjoyed by inmates housed within the general population due to his status as a sensitive needs inmate. (Pl.'s Am. Compl. at 7.) However, while Plaintiff fails to address the issue in Opposition to Defendant's Motion to Dismiss, neither inmate appeal no. 05-00876, nor any other appeal submitted prior to the commencement of this action addressed the equal protection claim raised in Plaintiff's Amended Complaint. (Decl. Emigh ¶¶ 7-9.)

By failing to grieve the equal protection claim raised in his Amended Complaint through the inmate appeals system, Plaintiff failed to afford corrections officials the time and opportunity to address Plaintiff's equal protection grievance internally before he initiated this lawsuit. *See Porter*, 534 U.S. at 525. Corrective action taken in response to this grievance, such as providing Plaintiff access to some of these programs to which he seeks access, may have satisfied Plaintiff, thereby obviating the need to adjudicate this claim. *Id.* Because Plaintiff failed to exhaust his

---

2. In his Opposition to Defendant's Motion to Dismiss, Plaintiff asserts that the Court should admit as "post-evidence" all of the evidence occurring after the time period alleged in his inmate appeal number 05-00876. (Pl.'s Opp'n to Def.'s Mot. Dismiss at 2-3.) Plaintiff further submits that such evidence is relevant to establish a "long-standing policy" at SVSP of denying inmates outdoor exercise. (*Id.* at 2.) In support of his request, Plaintiff principally relies on the case of *Henry v. County of Shasta*, 132 F.2d 512 (9th Cir. 1997). However, the holding set forth in *Henry*, was limited to allowing the use of "post-evidence" (evidence occurring after the time period alleged in the plaintiff's complaint) as evidence of a municipal defendant's prevailing policy or custom in an effort to establish *municipal liability*, and was never intended to be extended to establish the liability of individual state employees. *Henry*, 132 F.2d at 519; *see generally Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978) (holding that a municipal defendant may only be held liable as an entity under § 1983 when the unlawful actions of its employees or agents were undertaken pursuant to the local government's policies or customs). Furthermore, Plaintiff is not seeking to use post-January 2005 lockdowns as evidence to establish a prevailing policy at SVSP, but rather seeks to hold Defendant liable for each and every such lockdown.

Def.'s Reply Pl.'s Opp'n Def.'s Mot. Dismiss                                           *Padilla v. Evans*
                                                                                       C 06-1725 MJJ

administrative remedies with respect to his equal protection claim, this claim must be dismissed without prejudice. *Jones*, 127 S. Ct. at 923-26; *Wyatt*, 315 F.3d at 1120.

## CONCLUSION

In sum, by failing to take advantage of the administrative process to grieve his numerous claims of being denied a sufficient amount of outdoor exercise beginning on January 27, 2005 and continuing until present; and, by failing to exhaust his claim of being denied equal access to the same prison programs as enjoyed by inmates housed within the general population, Plaintiff deprived both himself and prison officials of the opportunity to attempt to informally resolve his claims. Had Plaintiff done so, it is likely that many of Plaintiff's grievances may have been resolved internally to his satisfaction. Accordingly, Plaintiff's Amended Complaint should be dismissed without prejudice so that Plaintiff may fully take advantage of the administrative grievance process with respect to all Eighth Amendment claims occurring on or after January 27, 2005 and with respect to his equal protection claim. *Jones*, 127 S. Ct. at 923-26; *Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003). Accordingly, for the reasons set forth above and in Defendant's moving papers, Defendant Evans respectfully requests that this Court grant his motion to dismiss.

Dated: July 11, 2007

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DAVID S. CHANEY
Chief Assistant Attorney General

FRANCES T. GRUNDER
Senior Assistant Attorney General

JONATHAN L. WOLFF
Supervising Deputy Attorney General

SCOTT J. FEUDALE
Deputy Attorney General
Attorneys for Defendant M. S. Evans

Def.'s Reply Pl.'s Opp'n Def.'s Mot. Dismiss

*Padilla v. Evans*
C 06-1725 MJJ

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   **Padilla v. Evans**

No.:   **C 06-1725 MJJ**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On July 13, 2007, I served the attached

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

Larry D. Padilla (P-05966)
Salinas Valley State Prison
P. O. Box 1020
Soledad, CA 93960-1020
In Pro Per

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on July 13, 2007, at San Francisco, California.

|  M. Luna  |  M. Luna (signature)  |
|---|---|
|  Declarant  |  Signature  |

20095996.wpd