IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY DEAN PADILLA, | ) No. C 06-1725 MJJ (PR) |
| Plaintiff, | ) **ORDER GRANTING DEFENDANTS'** |
| | ) **MOTION TO DISMISS IN PART; DENYING** |
| v. | ) **PLAINTIFF'S MOTION TO COMPEL;** |
| | ) **GRANTING PLAINTIFF'S MOTIONS TO** |
| M.S. EVANS, et al. | ) **ADD EXHIBITS; DIRECTING** |
| | ) **DEFENDANTS TO FILE MOTION FOR** |
| Defendants. | ) **SUMMARY JUDGMENT OR NOTICE** |
| | ) **THAT SUCH MOTION IS NOT** |
| | ) **WARRANTED** |
| | ) (Docket Nos. 74, 76, 78, 82, 88, 89, 90) |

Plaintiff, an inmate at Salinas Valley State Prison ("SVSP"), filed this pro se civil rights complaint pursuant to 42 U.S.C. § 1983. After reviewing the complaint, the Court found that it stated a cognizable Eighth Amendment claim for the deprivation of outdoor exercise. In the same order, the Court directed defendant, the warden of SVSP, to file a dispositive motion or notice that he is of the opinion that such a motion is not warranted in this case. Plaintiff was granted leave to file an amended complaint, in which he raises an additional claim for the violation of the Equal Protection Clause of the Fourteenth Amendment and includes an additional defendant, the Captain of Facility A at SVSP.[1]

Defendants filed a motion to dismiss the amended complaint pursuant to Rule 12(b) of the Federal Rules of Civil Procedure on the grounds that plaintiff failed to exhaust administrative remedies. Plaintiff has filed an opposition to defendants' motion

---

[1] The amended complaint supercedes the original complaint.

G:\PRO-SE\MJJ\CR.06\padilla.mtd.wpd

to dismiss. In addition to the motion to dismiss, the Court addresses plaintiff's motions to compel discovery and add two exhibits.

**BACKGROUND**

Plaintiff alleges that defendants denied him sufficient outdoor exercise between January 1, 2005, and January 25, 2007, in violation of the Eighth Amendment. (First Amended Complaint ("FAC"), p. 5.) Plaintiff further alleges that during this time period he was denied equal access to religious services, recreational activities, education classes, and therapy programs in violation of the Fourteenth Amendment. (Id. at 7.) Plaintiff contends this allegedly discriminatory treatment was due to his status as a special needs inmate. (Id.)

**DISCUSSION**

A.  Motion To Dismiss For Failure To Exhaust

  1.  Standard of Review

Nonexhaustion under 42 U.S.C. § 1997e(a) is an affirmative defense; defendants have the burden of raising and proving the absence of exhaustion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir.), cert. denied, 540 U.S. 810 (2003). A nonexhaustion claim should be raised in an unenumerated Rule 12(b) motion rather than in a motion for summary judgment. Id. In deciding a motion to dismiss for failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact. Id. at 1119-20.[2] If the court concludes that the prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal without prejudice. Id. at 1120.

  2.  Analysis

The Prison Litigation Reform Act ("PLRA") of 1995 amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or

---

[2]If the court looks beyond the pleadings in deciding an unenumerated motion to dismiss for failure to exhaust -- a procedure closely analogous to summary judgment -- the court must give the prisoner fair notice of his opportunity to develop a record. Wyatt, 315 F.3d at 1120 n.14. Plaintiff was given such notice in the May 31, 2006 order in this matter.

other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory and not left to the discretion of the district court. Woodford v. Ngo, 126 S. Ct. 2378, 2382 (2006) (citing Booth v. Churner, 532 U.S. 731, 739 (2001)). Exhaustion is a prerequisite to all prisoner lawsuits concerning prison life, whether such actions involve general conditions or particular episodes, whether they allege excessive force or some other wrong, and even if they seek relief not available in grievance proceedings, such as money damages. Porter v. Nussle, 122 S. Ct. 983, 988, 992 (2002). Additionally, an action must be dismissed unless the prisoner exhausted his available administrative remedies before he or she filed suit, even if the prisoner fully exhausts while the suit is pending. McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002).

The proper treatment of a mixed complaint, one with both exhausted and nonexhausted claims, will depend on the relatedness of the claims contained within. Lira v. Herrera, 427 F.3d 1164, 1175 (9th Cir. 2005). When a prisoner has filed a mixed complaint and wishes to proceed with only the exhausted claims, the district court should simply dismiss the nonexhausted claims when the nonexhausted claims are not intertwined with the properly exhausted claims. Id. On the other hand, when a plaintiff's mixed complaint includes exhausted and nonexhausted claims that are closely related and difficult to untangle, dismissal of the defective complaint with leave to amend to allege only fully exhausted claims is the proper approach. Id. at 1176.

The State of California provides its prisoners and parolees the right to appeal administratively "any departmental decision, action, condition or policy perceived by those individuals as adversely affecting their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). In order to exhaust available administrative remedies within this system, a prisoner must proceed through several levels of appeal: (1) informal review, (2) first formal written appeal on a CDC 602 inmate appeal form, (3) second level appeal to the institution head or designee, and (4) third level appeal to the Director of the California Department of Corrections and Rehabilitation ("Director"). See Barry v Ratelle, 985 F. Supp 1235, 1237

(S.D. Cal. 1997) (citing Cal. Code Regs. tit. 15, § 3084.5). A final decision from the Director's level of review satisfies the exhaustion requirement under § 1997e(a). See id. at 1237-38.

### a. Plaintiff's Administrative Appeals

The parties agree and the record indicates that plaintiff exhausted his administrative remedies in regards to inmate appeal number 05-00876. (FAC, p. 4; Mot. Dismiss, p. 7.) On January 27, 2005, Plaintiff submitted appeal number 05-00876 for informal review, contending that he received only nine hours and twenty-five minutes of exercise between January 1, 2005 and January 26, 2005, in violation of the United States Constitution and the California Code of Regulations, title 15, section 3343(h). (FAC, Exh. A.) The appeal was denied at the informal level. (Id.) Plaintiff filed his first formal appeal, which was denied. (Id.) Plaintiff's second level appeal was also denied. (Id.) Plaintiff's appeal for a Director's level of review was denied on August 10, 2005. (Id.) The reviewing officer explained that the institutional logs showed plaintiff received over forty hours of exercise in January, that safety and security were the highest priorities at SVSP, and that exercise time would be provided once SVSP was no longer on a modified program due to staff shortages and security concerns. (Id.) The denial of plaintiff's appeal at the Director's level of review exhausted his administrative remedies with regards to his claim that he was denied adequate exercise in January of 2005.

The only other administratively exhausted inmate appeal plaintiff has filed addressing the claim of insufficient exercise is appeal number 07-00832 and is contained in plaintiff's motion to add exhibit C to his complaint. Plaintiff submitted this appeal for informal review on January 16, 2007, contending that SVSP denied plaintiff adequate exercise in January 2007 in violation of the Eighth Amendment. (Pl's Mot. Add Exh. C.) The appeal was denied at the informal level. (Id.) Plaintiff's first and second level appeals were also denied. (Id.) Plaintiff's appeal for Director's level of review, asserting that the amount of exercise he received between January and April 2007 violated his Eighth Amendment rights, was denied on July 13, 2007. (Id.) The reviewing officer

stated that SVSP was on a modified program due to anonymous information that prison safety and security was in jeopardy, and that this was standard practice in the Department of Corrections and Rehabilitation because institutional security is the top priority. (Id.)

Although the July 13, 2007 denial of plaintiff's appeal number 07-00832 at the Director's level of review exhausted his administrative remedies, a claim must be dismissed unless the prisoner exhausted his available administrative remedies before filing suit, even if the prisoner fully exhausts while the suit is pending. McKinney, 311 F.3d at 1199. Plaintiff filed his complaint in this court on March 7, 2006. (Ct. Docket #1.) Consequently, appeal number 07-00832 was not exhausted prior to plaintiff's filing suit.

In sum, the only appeal that plaintiff has timely exhausted alleging deprivation of his Eighth Amendment rights is appeal number 05-00876, in which he contends that he received insufficient exercise between January 1, 2005 and January 26, 2005.

### b. Eighth Amendment Claims

Plaintiff's first amended complaint asserts that SVSP provided insufficient exercise between January 1, 2005 and January 26, 2007.[3] (FAC, p. 3.) However, as quoted above, Plaintiff's sole exhausted appeal, number 05-00876, pertains only to the deprivation of exercise between January 1, 2005, and January 26, 2005.[4]

In his opposition to defendants' motion to dismiss, plaintiff asserts that his first amended complaint extended the time period in question because he is attempting to prove "a continuing pattern of denial of outdoor exercise." (Pl's Opp., p. 2.) Plaintiff cites Henry v. County of Shasta, 132 F.2d 512 (9th Cir. 1997) for the proposition that he may use "post-event evidence" to demonstrate this policy or custom. (Id. at 2-4.) Henry,

---

[3] The original complaint sought relief based on the alleged deprivation of exercise between January 1, 2005, and September 21, 2005.

[4] Even if plaintiff's second appeal, number 07-00832, had been exhausted prior to filing suit, that appeal only grieved insufficient exercise in 2007. Plaintiff has failed to pursue any administrative grievances for the claimed loss of exercise between January 27, 2005, and December 31, 2006. By doing so, plaintiff has failed to place SVSP officials on notice of constitutional violations for that time period and has precluded potential internal corrective action or the filtering out of frivolous claims. See Porter v. Nussle, 534 U.S. 516, 525 (2002).

however, is inapposite because it does not address exhaustion issues nor does it fall under the PLRA. The issue here is not whether plaintiff may use post-event evidence to demonstrate a policy or custom, but rather whether he has exhausted the claimed constitutional violations for the entire period of time he alleges they took place. Accordingly, plaintiff's reliance on this case is misplaced.

Plaintiff also cites Gomez v. Winslow, 177 F.Supp.2d 977 (N.D. Cal. 2001), in support of his assertion that SVSP officials were on notice of the alleged constitutional violations throughout the 2005 to 2007 time period. (Pl's Opp., p. 4.) In Gomez, the Court found the plaintiff's allegations that defendants failed to notify him that he testified positive for Hepatitis C, begin treatment for several years, and provide him with adequate medical information were "simply aspects of the inadequate medical treatment he notified corrections officials about in his administrative appeals." 177 F.Supp.2d at 982. Here, in contrast, plaintiff's claim that SVSP provided him with insufficient exercise from January 27, 2005 until January 25, 2007, was not simply an aspect of his initial grievance that he was denied sufficient exercise in January 2005. During this two-year time period, as indicated by the officers' responses to plaintiffs' administrative appeals, there could have been many justifications for SVSP denying plaintiff exercise, such as different security breaches or staff shortages leading to modified programs. As a result, prior to plaintiff's filing the instant action, defendants were not on notice of the alleged constitutional violations occurring after January 2005.

Section 1997e(a) requires that plaintiff present his claims to each level of administrative review set forth above, before raising the claims in a § 1983 action in federal court. Because plaintiff failed to exhaust, prior to the filing date, his administrative remedies as to his Eighth Amendment claim of insufficient exercise after January 26, 2005, such claim is dismissed without prejudice. As his Eighth Amendment claim regarding insufficient exercise between January 1, 2005, and January 26, 2005, was properly exhausted, such claim is not dismissed.

        c.      Fourteenth Amendment Claims

Plaintiff claims that defendants have violated the Equal Protection Clause of the Fourteenth Amendment by denying plaintiff "equal access to prison activities as those enjoyed by inmates in the general prison populations . . . due to plaintiff's status as a Sensitive Needs inmate . . . ." (FAC, p. 7.)  Specifically, plaintiff alleges that he and other sensitive needs inmates have been denied equal access to religious services, outdoor exercise, recreational activities, educational classes, and therapy programs.  (Id. at 7-9.)

Defendants assert that plaintiff has failed to file inmate appeals regarding a denial of equal access to programs at SVSP due to his sensitive needs status. (Mot. Dismiss, p. 8.)  Consequently, defendants argue that prison officials have been unable to address plaintiff's grievances internally, and this claim should be dismissed for a failure to exhaust.  (Id. at 8-9.)

Plaintiff's sole timely exhausted grievance, inmate appeal number 05-00876, addresses only the denial of sufficient exercise and does not mention religious services, recreational activities, educational classes, nor therapy programs.  (FAC, Exh. A.)  Even liberally construed, this inmate appeal does not have the same subject as plaintiff's equal protection claim.  Administrative remedies may not be exhausted where the grievance, liberally construed, does not have the same subject and same request for relief.  See O'Guinn v. Lovelock Correctional Center, 502 F.3d 1056, 1062 (9th Cir. 2007).  Thus, plaintiff has only exhausted his claim regarding insufficient exercise and has not properly exhausted his claims regarding religious services, recreational activities, educational classes, and therapy programs.

While plaintiff asserted in appeal number 05-00876 that his Eighth Amendment rights were violated by the denial of sufficient outdoor exercise, the appeal never explicitly referenced the Fourteenth Amendment nor the Equal Protection Clause. (FAC, Exh. A.) In his second level appeal, however, he did suggest that he was being denied equal access to sufficient exercise.  (Id. ("Enhanced out Patient program prisoners are allowed program every day, Ad-Seg prisoners are allowed more program than this Sensitive Needs yard.") (errors in source).)  The issue is whether plaintiff has failed to exhaust his administrative

remedies as a result of not specifically articulating his Fourteenth Amendment legal claim, despite articulating the facts underlying such a claim.

Compliance with prison grievance procedures is all that is required by the PLRA to "properly exhaust." Jones v. Bock, 127 S. Ct. 910, 922-23 (2007). The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion. Id. at 923. For instance, in Jones, the Supreme Court held that because the Michigan Department of Corrections' "procedures made no mention of naming particular officials, the Sixth Circuit's rule imposing such a prerequisite to proper exhaustion [was] unwarranted." Id.

The California Department of Corrections and Rehabilitation ("CDCR") Department Rules set forth the applicable grievance procedures. Cal. Code Regs. tit. 15, art. 8. Nothing in these rules suggests that a grievance process is unexhausted because a prisoner fails to identify a particular constitutional amendment or right. Id. Rather, the rules simply state that an "inmate or parolee under the department's jurisdiction may appeal any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). If the issue set forth in an appeal is unclear, the institution's appeals coordinator interviews the appellant for further clarification. Id. at § 3084.3(a)-(b). An appeal may be rejected for a variety of reasons, none of which indicates that failure to state a sufficient legal claim merits rejection. Id. at § 3084.3(c). Furthermore, the prisoner appeal form only requires that the appellant describe the problem and request action; there is no indication that a prisoner must articulate a legal claim. (FAC, Exh. A.) Because the CDCR Department Rules do not require the articulation of a specific constitutional provision, there is no such prerequisite to proper exhaustion of CDCR administrative remedies. Consequently, appeal number 05-00876 exhausted plaintiff's claims that the deprivation of outdoor exercise between January 1, 2005, and January 26, 2005, violated his equal protection rights, notwithstanding the fact that the appeal did not specifically reference the Equal Protection

1  Clause or the Fourteenth Amendment.

2  Accordingly, defendants' motion to dismiss plaintiff's equal protection claim is
3  denied with respect to plaintiff's properly exhausted allegations of insufficient exercise
4  between January 1, 2005, and January 26, 2005.  Because, as discussed above, plaintiff
5  failed to exhaust claims regarding insufficient exercise following January 26, 2005, all
6  equal protection claims regarding lack of outdoor exercise from January 27, 2005 forward
7  are dismissed without prejudice.  Finally, because plaintiff never properly exhausted
8  claims regarding religious services, recreational activities, education classes, and therapy
9  programs, all equal protection claims in reference to these alleged deprivations are
10 dismissed without prejudice.

11 B.    Motion To Compel Discovery

12     1.    Background

13 On March 15, 2007 plaintiff served defendants a second set of requests for
14 production of documents.  (Pl.'s Mot. Compel Disc., Ex. A.)  Plaintiff sought all SVSP
15 prisoner appeals addressing lockdowns between March 23, 2004 and May 15, 2007, and
16 all screened-out[5] appeals regarding lockdowns of Facility A at SVSP.  (Id.)  Defendants
17 objected to these requests as unduly burdensome and overly broad, vague and ambiguous,
18 and irrelevant to any party's claim or defense  (Id.)  Further, defendants objected that
19 production would violate SVSP inmates' and staff members' constitutional right to
20 privacy.  (Id.)  Finally, defendants noted that they would be unable to produce screened-
21 out appeals because, according to policy, the SVSP appeals office does not retain copies of
22 them; rather, the appeals are returned to the prisoner.  (Id.)

23 On April 9, 2007, plaintiff sent a letter to defendants in an effort to meet and
24 confer.  (Pl.'s Mot. Compel Disc., Exh. B.)  Defendants sent a response letter again
25 expressing the same objections to the discovery request.  (Pl.'s Mot. Compel Disc., Exh.

---

[5] Appeals coordinators at SVSP are required to screen inmate appeals for procedural compliance with the California Code of Regulations.  Cal. Code. Regs. tit. 15, § 3084.3(a). A screened-out appeal is one that has been rejected for failure to comply with any of the various enumerated procedures.  See id. at § 3084.3(c).

C.)

On June 29, 2007, plaintiff filed a motion to compel discovery, defendants filed an opposition, and plaintiff filed a reply.

### 2. Standard Of Review

Parties may generally obtain discovery for any non-privileged matter "relevant to the claim or defense of any party . . . ." Fed. R. Civ. P. 26(b)(1). The scope of discovery in federal courts is extremely broad, and a relevant matter is deemed to be "any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978).

Upon reasonable notice, a party may apply for an order compelling discovery pursuant to Federal Rule of Civil Procedure 37(a). Timeliness, good cause, utility, and materiality are among the factors a court must consider when deciding a motion to compel. Nat'l Union Fire Insur. Co. of Pittsburgh, PA v. Elec. Trust Inc., 2006 WL 1525809, *2 (N.D. Cal. June 1, 2006). A court may deny a motion to compel if it "would not aid in the exploration of a material issue" or if it "would impose an undue burden on the responding party or its benefits are outweighed by its burdens." Id. Additionally, "[f]ederal courts ordinarily recognize a constitutionally-based right of privacy that can be raised in response to discovery requests." Soto v. City of Concord, 162 F.R.D. 603, 616 (N.D. Cal. 1995). If a party raises a privacy objection, the court must balance "the need for the information sought against the privacy right asserted." Id.

### 3. Request For Prisoner Appeals

Plaintiff seeks "all administrative complaint(s) . . . filed by other prisoners at Salinas Valley State Prison with respects [sic] to the lockdowns starting on [his] arrival on March 23rd, 2004 to the present date 2007 . . . ." (Pl.'s Mot. Compel Disc., Ex. A.) Plaintiff requests these appeals so that he may demonstrate that others in SVSP share his concerns about the lockdowns. (Pl.'s Mot. Compel Disc., Ex. A.) Defendants object that this request is unduly burdensome, would not benefit plaintiff in exploration of a material issue, and invades inmates' right to privacy. (Def.'s Opp. Mot. Compel, p. 3-5.)

First, defendants assert that plaintiff's request is unduly burdensome and does not benefit plaintiff in exploration of a material issue. (Id. at 3.) Specifically, defendants contend that SVSP currently houses 4,769 inmates, and many of these inmates file between five and 130 appeals each year, leading to the SVSP Appeals Office processing approximately 160 appeals each day. (Id. at 3.) While appeals are kept for five years in an appeals file, defendants contend that the files are not maintained nor electronically searchable. (Id. at 4.) Defendants assert that searching through these files in response to plaintiff's discovery request would require innumerable hours and would strain CDCR's limited resources. (Id. at 3-4.) Defendants also contend that plaintiff's request is broadly worded such that he is requesting appeals irrelevant to either party's claims or defenses. (Id. at 4.) SVSP may be placed on lockdown or a modified program for a variety of reasons, some of which do not mandate prisoners being confined to their cells. (Id.) As a result, defendants argue, plaintiff would have access to appeals unrelated to his claims. (Id.)

Appeals filed by other prisoners at SVSP grieving lockdowns are not relevant to plaintiff's Eighth Amendment claims. Whether or not other SVSP inmates were upset by lockdowns or found their access to outdoor exercise to be insufficient has no bearing on whether plaintiff's own Eighth Amendment rights were violated by a denial of sufficient outdoor exercise. Further, while it is conceivable that these appeals would be relevant to plaintiff's Fourteenth Amendment claims, for instance by demonstrating that only sensitive needs inmates grieved insufficient exercise, the appeals would be duplicative of existing or otherwise easily obtainable evidence. Lockdown orders and plaintiff's affidavits could serve the same function of demonstrating that only specific segments of the inmate population were put under lockdown or deprived of sufficient exercise.

To rule otherwise would be unduly burdensome for defendants. Even though plaintiff's claims have been whittled down to a denial of sufficient exercise between January 1, 2005, and January 26, 2005, such that plaintiff would only conceivably need access to SVSP prisoner appeals regarding lockdowns for that period of time, defendants

would still need to sift through an inordinate number of appeals to fulfill plaintiff's discovery request. Because the SVSP Appeals Office processes approximately 160 appeals every day, defendants would need to search through about 4,160 appeals to fulfill plaintiff's request. SVSP is not to be rewarded for choosing a file maintenance system that is difficult to search when prisoners file civil rights actions; however, the limited benefit that these appeals may have for plaintiff's case is significantly outweighed by the burden on defendant in producing the requested appeals.

### 3. Request For Screened-Out Appeals

Plaintiff next requests all screened-out prisoner appeals regarding lockdowns at SVSP facility A. (Pl.'s Mot. Compel Disc., Ex. A.) Plaintiff requests these appeals so that he may prove his civil rights claims and demonstrate that defendants "have committed other civil rights violations . . . which serve the basis for punitive damages." (Pl.'s Mot. Compel Disc., p. 10.) Defendants object that they do not possess the requested documents. (Def.'s Opp. Mot. Compel, p. 5-6.)

Screened-out inmate appeals are returned to inmates with a form notifying the inmate why the appeal was screened out. (Def.'s Opp. Mot. Compel, p. 5-6; Decl. Variz ¶ 4.) As a result, screened-out appeals are not in defendants' possession. (Id.) SVSP's Inmate Appeals Automated Tracking System maintains a record of the screened-out appeal with a description as to why the appeal was screened-out, but that is the only record of the appeal that defendants have access to. (Id.)

Because defendants lack access to screened-out prisoner appeals, plaintiff's motion to compel discovery of these documents is denied.

### CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Defendants' motion to dismiss is GRANTED as to all claims arising after January 26, 2005 for failure to exhaust administrative remedies. Defendants' motion to dismiss is GRANTED as to all claims regarding the denial of equal access to religious services, recreational activities, education classes, and therapy programs for failure to

exhaust administrative remedies. All such claims are DISMISSED without prejudice to refiling after all administrative remedies have been exhausted. Defendants' motion to dismiss is DENIED with respect to plaintiff's Eighth Amendment and Equal Protections claims regarding the deprivation of outdoor exercise between January 1, 2005 and January 26, 2005.

2. No later than **ninety (90) days** from the date of this order, defendants shall file a motion for summary judgment or a notice that they are of the opinion that this case cannot be resolved by such motion. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56. **Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due**.

3. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on defendants no later than **thirty (30) days** from the date defendants' motion is filed. The Ninth Circuit has held that the following notice should be given to plaintiffs:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable

issues of material fact on every essential element of his claim).  Plaintiff is cautioned that failure to file an opposition to defendants' motion for summary judgment may be deemed to be a consent by plaintiff to the granting of the motion, and granting of judgment against plaintiff without a trial.  See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

5.    Defendants shall file a reply brief no later than **fifteen (15) days** after plaintiff's opposition is filed.

6.    The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the Court so orders at a later date.

7.  Plaintiff's motion to compel discovery is DENIED.

8.  Plaintiff's motions to add exhibits B and C are GRANTED.

This order terminates docket numbers 74, 76, 78, 82, 88, 89, and 90.

IT IS SO ORDERED.

DATED:   11/21/07

_____
MARTIN J. JENKINS
United States District Judge

14

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

LARRY D. PADILLA,

        Plaintiff,

  v.

M.S. EVANS et al,

        Defendant.

Case Number: CV06-01725 MJJ

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 26, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Larry Dean Padilla  
Prisoner Id P-05966  
P.O. Box 1050  
Soledad, CA 93960-1050

Dated: November 26, 2007

Richard W. Wieking, Clerk  
By: R.B. Espinosa, Deputy Clerk