UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FILED
07 DEC 21 PM 3:39

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Larry D. Padilla,           )
          Plaintiff,        )     Case No. CV-06-1725 MJJ
                            )
vs.                         )     PROOF OF SERVICE
                            )
M.S. Evans, (Warden),       )
et al., Defendant.          )

I hereby cerify that on December 12th, 2007 I served a copy of the attached:

MOTION FOR A STAY UNDER F.R.C.P. RULE 62 (h)

AND A MOTION FOR REVIEW FOR CONSIDERATION RULE 60 (b)

by placing a copy in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the United States Mail at Salinas Valley State Prison:

Deputy Attorney General
Scott J. Feudale
455 Golden Gate Ave., Suite 11000
San Francisco, Ca. 94102-7004

To: Clerk, U.S. District Court
Northern District of California
450 Golden Gate Ave.
San Francisco, Ca. 94102

I hereby declare under penalty of perjury that the foregoing is true and correct.

Dated: Dec. 12th, 2007

Larry D. Padilla P-05966
P.O. Box 1050 / A3-202L
Soledad, Ca. 93960-1050

#95

Larry D. Padilla, P-59966
P.O. Box 1050 / A3-202L
Soledad, Ca. 93960-1050

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

Larry D. Padilla,            )     Case No. CV-06-1725 MJJ [PR]
        Plaintiff,            )
V.                            )     MOTION FOR A STAY UNDER F.R.C.P.
M.S.Evans, (Warden) et al.,)         RULE 62 (h) AND A MOTION FOR
        Defendant(s).         )     REVIEW FOR CONSIDERATION RULE 60 (b)

  Plaintiff requests a STAY UNDER RULE 62, due to the denial of plaintiffs contuniued complaint of a denial of "Outside Exercise" by the court plaintiff will have to file miltiple "Inmate/Parolee Appeal Form CDC-602" due to the time lapse of this case.

  Although plaintiff has shown how the defendant(s) denied a similar CDC-602, (see PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS, Exh."C") the filed document is dated 07 JUN29 AM 3:05, which states: "**You have submitted an appeal that duplicates a previous appeal upon which a decision has been rendered or is pending (CCR 3084.3(c)(2))**." This not only deterred plaintiff from filing on the issue of the denial of "Outside Exercise" but stopped plaintiff from filing any more CDC-602's on the very issue in this court.

  In Miller V. Tanner, 196 F.3d 1190 (C.A.11 (Ga.) 1999) State prison inmate did not fail to exhaust his administrative remedies, as required under Prison Litigation Reform Act (PLRA) to bring §1983 claim, by failing to appeal institu- tional - level denial of his grievance, where memorandum that inmate received denying his grievance at institutional level stated "[w]hen any grievance is terminated at the institutional level you do not have the right to appeal. The

(1)

1  above listed grievance(s) is closed;" although grievance form told inmate what
2  to do if he could appeal, statement on denial form unambiguosly told him that an
3  appeal was futile, even prohibited. 42 U.S.C.A. §1983; Civil Rights of
4  Institutionalized Persons Act, §7 (a), 42 U.S.C.A. §1997e (a).

   In the instant case plaintiff has tried to file grievances, although the
   wording is differnt they are the same in meaning, in Miller:

> "[w]hen any grievance is terminated at the
> institutional level you do not have the
> right to appeal.

   In Padilla:

> "You have submitted an appeal that duplicates
> a previous appeal upon which a decision has
> been rendered or is pending (CCR 3084.3(c)(2))."

   The court has Granted Motions to add Exhibits to the court which state in the motions that the violations of the original complaint are continuous, in this case plaintiff was under the impression that the issues presented to the court would be continuous as to the records plaintiff has kept a record of.

   The court has dismissed the claims that fall after Jan. 26th, 2005, so on Dec. 6th, 2007 Plaintiff file a CDC-602 Inmate/Parolee Appeal to exhaust the administrative remedies, and according to planitiffs calculations the time limits add up to 110 working days and most of the time these limits are longer.

   A Stay is appropriate under these circumstances "District courts do ordiarily have authority to issue Stays, see Landis V. North American Co., 299 U.S. 248, 254, 81 L.Ed. 153, 57 S.Ct. 163 (1936), where such a Stay would be proper exercise of discretion, see Clinton V. Jones, 520 U.S. 706, 137 L.Ed. 2d 945, 117 S.Ct. 1636 (1997).

   Plaintiff also requests that the court review these issues for reconsideration in its motion to dismiss in the courts order dated: 11/21/07.

   Therefore plaintiff prays that court grant this Stay and Review for Consideration to please this court.

(2)

1  Please note that Salinas Valley State Prisons Law Library has not been open
2  since last week do to no staff, this is also impeding my access to the courts and
3  to any legal books and so forth.
4  I Larry D. Padilla, declare under the penailty of perjury that the foregoing
5  is true and correct to the best of my knowledge.

6  Respectfully Submitted,
7  Date: Dec. 12th, 07.
8  Larry D. Padilla, P-05966
   P.O. Box 1050 / A3-202L
   Soledad, Ca. 93960-1050
9  ///
10 ///
11 ///
12 ///
13 ///
14 ///
15 ///
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

(3)

From: Destin Valley State Prison
P.O. Box DSOUY-ABLE02
Soledad, Ca 93960-1050

Legal Mail

To: Clerk, U.S. District Court
for the Northern District of California
450 Golden Gate Ave.
San Francisco, Ca. 94102

ENTERED DEC 1 9 2007

USA 39

MAILED FROM ZIP CODE 93960
$ 00.750