EDMUND G. BROWN JR.
Attorney General of the State of California
DAVID S. CHANEY
Chief Assistant Attorney General
FRANCES T. GRUNDER
Senior Assistant Attorney General
JONATHAN L. WOLFF
Supervising Deputy Attorney General
SCOTT J. FEUDALE, State Bar No. 242671
Deputy Attorney General
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA 94102-7004
  Telephone: (415) 703-5871
  Fax: (415) 703-5843
  Email: Scott.Feudale@doj.ca.gov

Attorneys for Defendant Michael S. Evans

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| LARRY DEAN PADILLA,<br><br>    Plaintiff,<br><br>v.<br><br>M. S. EVANS,<br><br>    Defendants. | CASE NO. C 06-1725 MJJ<br><br>DECLARATION OF SCOTT J. FEUDALE IN SUPPORT OF DEFENDANT'S EX PARTE REQUEST FOR EXTENSION OF TIME TO FILE THEIR MOTION FOR SUMMARY JUDGMENT |

I, SCOTT J. FEUDALE declare:

1. I am a Deputy Attorney General in the California Attorney General's Office, counsel of record for Defendant Evans (Defendant) in this matter. I am competent to testify to the matters set forth in this declaration, and if called upon to do so, I would and could so testify.

2. For the following reasons, Defendant respectfully requests a 90-day extension of time up to and including May 26, 2008, to file his motion for summary judgment:

    a. Since the filing of his Amended Complaint, Plaintiff has failed to serve Defendant Mantel with a copy of the summons and Amended Complaint. In his Amended Complaint, Plaintiff alleges that Defendants Evans and Mantel violated his Eighth Amendment right to be

Decl. Feudale Supp. Def's. Ex Parte Req. Ext. Time File Mot. Summ. J.    Padilla v. Evans
C 06-1725 MJJ

1

free from cruel and unusual punishment by failing to provide him with an adequate amount of outdoor exercise during the month of January 2005. (Pl.'s Am. Compl. at 5-7.) In his Amended Complaint, Plaintiff further alleges that Defendants Evans and Mantel violated his right to equal protection in failing to afford inmate's housed in his prison yard the same access to outdoor exercise as other inmates housed within the general population during the month of January 2005.[1] (Id. at 7-9.) To my best knowledge, Defendant Mantel has not been served with a summons in this case. Once Defendant Mantel is properly served and requests representation, I will need to consult with my client regarding Plaintiff's allegations in this case. Because Defendant Mantel has not been served, it would premature and a lack of judicial resources for Defendant to file a motion for summary judgment at this time.

    b. During the time period between the time the Court issued its Order Granting Defendant's Motion to Dismiss and today, I have been managing a busy case load. During the month of December 2007, I prepared for and participated in a settlement conference in the case of *Lira v. Dir. of Corr., et al.*, United States District Court, Northern District of California, Case No. C 00-0905 SI. During this time period, I have also prepared for and deposed one of Plaintiff's expert witnesses in the *Lira* case; prepared a stipulated protective order governing the handling of sensitive documents in the *Lira* case; prepared a motion for summary judgment requesting the dismissal of thirty-four defendants in the *Lira* case; drafted responses to interrogatories propounded in the case of *Alls v. Friedman, et al.*, United States District Court, Northern Distruct of California, Case No. C 05-0901 PJH (PR); and filed an ex parte application to dismiss in the case of *Crayton v. Scheerer, et al.*, Monterey County Superior Court, Case No. M 77472. During the month of January 2008, I prepared and filed 50-page motion for summary judgment requesting the dismissal of thirty-four defendants in the *Lira* case; and have defended

---

1. Plaintiff's Amended Complaint alleged Defendants have continually violated his Eighth Amendment right to outdoor exercise and his Fourteenth Amendment right to equal protection in denying him equal access to prison programs, religious services, recreational activities, therapy programs and education classes from January 1, 2005 until present. (Pl.'s Am. Compl. 5-9.) However, the court dismissed these claims on November 21, 2007, due to Plaintiff's failure to exhaust his administrative remedies with respect to these issues. (*See* Order Grant'g Defs.' Mot. Dismiss in Part; Grt'ng Pl.'s Mots. Add Exs.; Directing Defs.' File Mot. Summ. J. or Not. Such Mot. Not Warranted.)

Decl. Feudale Supp. Defs.' Ex Parte Req. Ext. Time File Mot. Summ. J.    Padilla v. Evans
C 06-1725 MJJ

2

the deposition of an expert witness in the *Lira* case. I was also out of the office on vacation during the week of December 31, 2007 through January 4, 2008. During the month of February 2008, I drafted a reply brief in the case of *Harrison v. Sample*, United States District Court, Northern District of California, Case No. 07-0959 SI (PR); drafted an opposition to and appeared at a hearing regarding the plaintiff's motion to vacate a court order in the *Crayton* case; and prepared and filed a 25-page reply brief in the *Lira* case. Furthermore, during the month of March 2008, I will be preparing for and trying the Lira case. The case, set for trial on March 24, 2008, currently contains fourteen defendants and is expected to last eight days.

    c.    Additionally, during the last three months, I have been actively involved in recruitment for our office's summer intern program. This task has required me to review the applications of numerous summer intern candidates, participate in weekly meetings discussing the qualifications of numerous candidates, as well as conduct interviews.

    d.    Lastly, because Plaintiff's alleges complex Eighth and Fourteenth Amendment claims against Defendant, further discovery will need to be conducted, including taking Plaintiff's deposition.

4.    Because Plaintiff is currently incarcerated, he cannot easily be contacted for an extension of time.

5.    No previous extension of time has been sought regarding the filing of Defendant's motion for summary judgment. This request is not made for the purpose of harassment or undue delay or for any improper reason.

I declare under penalty of perjury that the forgoing is true and correct to the best of my knowledge.

Executed February 25, 2008, at San Francisco, California.

_____
Scott J. Feudale
Deputy Attorney General

40221041.wpd
SF2006200423

Decl. Feudale Supp. Defs.' Ex Parte Req. Ext. Time File Mot. Summ. J.    Padilla v. Evans
C 06-1725 MJJ