EDMUND G. BROWN JR.
Attorney General of the State of California
DAVID S. CHANEY
Chief Assistant Attorney General
FRANCES T. GRUNDER
Senior Assistant Attorney General
JONATHAN L. WOLFF
Supervising Deputy Attorney General
SCOTT J. FEUDALE, State Bar No. 242671
Deputy Attorney General
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA 94102-7004
 Telephone: (415) 703-5871
 Fax: (415) 703-5843
 Email: Scott.Feudale@doj.ca.gov

Attorneys for Defendant M. S. Evans

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LARRY DEAN PADILLA,<br><br>                              Plaintiff,<br><br>    v.<br><br>M. S. EVANS,<br><br>                              Defendants. | CASE NO. C 06-1725 JF<br><br>**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO REINSTATE CAUSE** |

## INTRODUCTION

Plaintiff moves to have all of the unexhausted claims previously dismissed in this lawsuit reinstated on the grounds that he attempted to comply with the mandatory exhaustion requirement set forth in the Prison Litigation Reform Act. However, Plaintiff's motion must be denied because he failed to comply with the procedural requirements necessary before a court may reconsider its interlocutory order and because his recent attempts to exhaust do not constitute proper exhaustion under federal law.

## PROCEDURAL HISTORY

On January 29, 2007, Plaintiff filed his First Amended Complaint raising Eighth

1  Amendment and Fourteenth Amendment claims against Warden Evans (Defendant) beginning on
2  January 1, 2005 and continuing until January 25, 2007. (Ct. Docket # 59.) Specifically, Plaintiff
3  alleged that Defendant violated his Eighth Amendment right to outdoor exercise from January 1,
4  2005 until January 25, 2007 and his Fourteenth Amendment right to equal access to outdoor
5  exercise and other various prison programs for the same time period. (*Id.*)

6      On June 13, 2007, Defendant filed a motion to dismiss arguing that all of Plaintiff's claims,
7  except for those alleging the denial of outdoor exercise from January 1, 2005 through January 26,
8  2005, must be dismissed due to Plaintiff's failure to exhaust his administrative remedies with
9  respect these claims before filing suit. (Ct. Docket ## 78-81.) On November 26, 2007, the Court
10 granted Defendant's motion in part and denied it in part, dismissing all of Plaintiff's Eighth
11 Amendment and equal protection claims arising after January 26, 2005, due to Plaintiff's failure
12 to exhaust his administrative remedies with respect to these claims. (Ct. Docket # 94.)
13 However, the Court held that Plaintiff properly exhausted his Eighth Amendment claim of
14 inadequate outdoor exercise and his Fourteenth Amendment claim of unequal access to outdoor
15 exercise from January 1, 2005 until January 26, 2005, and allowed these claims to go forward.
16 (*Id.*)

17     On May 2, 2008, Defendant filed a motion for summary judgment on the grounds that there
18 are no genuine issues as to any material fact with respect to the remaining claims and Defendant
19 is entitled to qualified immunity. (Ct. Docket ## 102-106.) On May 20, 2008, Plaintiff served
20 Defendant with a copy of his "Motion to Reinstate Cause," wherein he requests the Court to
21 reinstate the previously dismissed unexhausted claims into this lawsuit. Defendant files this
22 opposition to Plaintiff's "Motion to Reinstate Cause."

23                         **ARGUMENT**
24                                I.
25     **PLAINTIFF'S MOTION IS NOT PROPERLY BEFORE THE COURT.**

26     In his motion, Plaintiff cites to no authority authorizing the Court to reinstate formerly
27 dismissed claims into an existing lawsuit. (Pl.'s Mot. Reinstate Cause at 1-2.) However,
28 because Plaintiff is attempting to have the Court reconsider its order dismissing some of his

Def.'s Opp'n Pl.'s Mot. Reinstate Cause                                                         Padilla v. Evans
                                                                                                      C 06-1725 JF

claims on exhaustion grounds, it is best viewed as a motion for reconsideration. Under the Northern District's Civil Local Rules, before seeking relief from an interlocutory order, the party requesting relief must first "make a motion before a Judge requesting that the Judge grant the party leave to file a motion for reconsideration." Civ. L.R. 7-9 (a). Indeed "[n]o party may notice a motion for reconsideration without first obtaining leave of Court to file the motion." *Id.*

Moreover, when filing a motion for leave to file a motion for reconsideration, the moving party must specifically show one of the following: 1) that a material difference of fact or law exists now from that which was presented to the district court before entry of the interlocutory order and that the party did not, in the exercise of reasonable diligence, know of such fact or law at the time of entry of the interlocutory order; or 2) the emergence of new material facts or a change of law occurring after the entry of the interlocutory order; or 3) a manifest failure by the district court to consider certain material facts or dispositive legal arguments which were presented to the court before entry of the interlocutory order. Civ. L. R. 7-9(b).

In his Motion to Reinstate Cause, Plaintiff does not seek leave of Court to file a motion for reconsideration of its order dismissing some of Plaintiff's Eighth Amendment and Fourteenth Amendment claims on exhaustion grounds. (Pl.'s Mot. Reinstate Cause at 1-2.) Plaintiff also fails to specifically show a material difference of law or fact from that which was originally presented to the court in Defendant's motion to dismiss, or the emergence of new material facts or law, or a manifest failure by the Court to consider certain material facts or legal arguments before granting Defendant's motion to dismiss in part. (*Id.*) Rather, Plaintiff merely states that after the Court dismissed all unexhausted claims without prejudice, he attempted to exhaust them by filing an untimely administrative appeal, which was screened out by the prison's Appeals Coordinator, and by filing a writ of mandate in state court in an effort to force the prison to respond to his inmate appeal. (*Id.* at 1-2.) These statements do not demonstrate compliance with the Local Rules for filing a motion for reconsideration. Accordingly, Plaintiff's Motion to Reinstate Cause must be denied.

///

///

## II.

### EVEN IF THE COURT CONSTRUES PLAINTIFF'S REQUEST AS A MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION, THE COURT CANNOT ULTIMATELY GRANT THE RELIEF PLAINTIFF REQUESTS.

Assuming arguendo that the Court finds Plaintiff's motion to be procedurally proper, the Court does not have the authority to grant the relief Plaintiff seeks. This is because under the Prison Litigation Reform Act, a prisoner must exhaust his available administrative remedies before filing suit, not while a case is pending in federal court. *See Vaden v. Summerhill*, 449 F.3d 1047, 1050-51 (9th Cir. 2006) (holding that a prisoner must have entirely exhausted his administrative remedies before submitting any papers to federal court, and may not exhaust while a lawsuit is pending); *accord McKinney v. Carey*, 311 F.3d 1198, 1201 (9th Cir. 2002). Moreover, the Court cannot, as Plaintiff suggests in his moving papers, waive the exhaustion requirement because Plaintiff's failure to submit a timely inmate appeal leaves him with no available administrative remedy. *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006) ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings.").

Because Plaintiff cannot ultimately gain the relief he seeks even if this motion is deemed to be procedurally proper, his motion to reinstate his unexhausted claims must be denied.

### CONCLUSION

Plaintiff's motion to reinstate all previously dismissed unexhausted claims must be denied because Plaintiff failed to comply with the Northern District's Civil Local Rules for filing a motion for reconsideration. Moreover, even if the court finds Plaintiff's motion to be procedurally proper, Plaintiff's motion must still be denied because the Court has no authority to grant the relief Plaintiff seeks. Accordingly, Defendant respectfully requests that Plaintiff's

///
///
///
///

1 | Motion to Reinstate Cause must be denied.

2 | Dated: May 28, 2008

3 | Respectfully submitted,

4 | EDMUND G. BROWN JR.
Attorney General of the State of California

5 | DAVID S. CHANEY
Chief Assistant Attorney General

6 |
7 | FRANCES T. GRUNDER
Senior Assistant Attorney General

8 | JONATHAN L. WOLFF
Supervising Deputy Attorney General

9 |
10 | [signature]
11 |
12 | SCOTT J. FEUDALE
Deputy Attorney General
Attorneys for Defendant M.S. Evans

13 |
14 |
40258289.wpd
15 | SF2006200423

16 |
17 |
18 |
19 |
20 |
21 |
22 |
23 |
24 |
25 |
26 |
27 |
28 |

Def.'s Opp'n Pl.'s Mot. Reinstate Cause

Padilla v. Evans
C 06-1725 JF

5

# DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   **Padilla v. Evans**

No.:   **C 06-1725 JF**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On **May 28, 2008**, I served the attached

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO REINSTATE CAUSE**

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

Larry D. Padilla (P-05966)
Salinas Valley State Prison
P. O. Box 1050
Soledad, CA 93960-1050
In Pro Per

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **May 28, 2008**, at San Francisco, California.

| M. Luna | *M. Luna* (signature) |
|---|---|
| Declarant | Signature |

40259038.wpd