Larry D. Padilla, P-05966
Salinas Valley State Prison
P.O. Box 1050 / A3-202L
Soledad, Ca. 93960-1050

**FILED**

**MAY 2 3 2008**

RICHA╌╌ ╌╌ ╌ ╌╌
CLERK ╌╌ ╌ ╌╌╌╌
╌╌╌ ╌╌ ╌╌╌╌╌FORNIA
SAN JOSE

UNITED STATES DISTRICT COURT NORTHERN D╌╌╌╌

CALIFORNIA NORTHERN DISTRICT (San Jose)

| | |
|---|---|
| Larry D. Padilla, ) | Case No. 5:06-CV-01725-JF |
|      Plaintiff, ) | **MOTION TO REINSTATE CAUSE** |
| Vs. ) | **(Docket No. 94)** |
| M.S. Evans,(Warden), ) | |
|     Defendant. ) | |

    Plaintiff, Larry D. Padilla, requests the Reinstatement of all claims "Dismissed" without prejudice.

    Plaintiff requests all dates after January 26th,2005 be reinstated by this Court.

    Upon the dismissal of said dates plaintiff filed a Inmate/Parolee Appeal Form (CDC-602) dated December 6th,2007, this CDC-602 states all dates that were denied by Judge Martin J. Jenkins. (see Exh."A")

    In Dole V. Chandler, (C.A. 7 (Ill.) 2006) plaintiff argues that he has exhausted his administrative remedies, plaintiff argues that under Strong V. David, 297 F.3d 646, 650 (7th Cir. 2002), he cannot be expected to do more than the state's regulations required of him. Prison officials may not take unfair advantage of the exhaustion requirement, however, and a remedy becomes "unavalable" if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting. Lewis V. Washington, 300 F.3d 829, 833 (7th Cir. 2002); Dale V. Lappin, 376 F.3d 652, 656 (7th Cir. 2004).

    Plaintiffs Appeal Form dated December 6th,2007 was than screened out by an (Inmate/Parolee Appeal Screening Form CDCR-695).

1    Plaintiff, than filed a Petition for Writ of Administrative Writ of Mandate,

2   in Nichols V. Logan, 355 F.Supp. 2d 1155, (S.D.Cal. 2004) the court held that so

3   long as the plaintiff's grievance "present[s] the relevant factual circumstance

4   giving rise to a potential claim" and is "otherwise sufficient to put the prison

5   on notice of the potential claim", the basic purposes of the exhaustion requirement

6   are fulfilled. Irvin, 161 F.Supp. 2d at 1134-35.

7    Plaintiffs Writ of Administrative Writ of Mandate pending in Monterey County

8   Courthouse Case No. M-88537 is to have M.S.Evans, Warden et al. to answer plaintiff

9   Inmate / Parolee Appeal Form CDC-602.

10    Plaintiff can quote hundreds of cases of exhaustion requirements and the

11   defendant(s) would quote Woodford v. Ngo that over ride all of these, so my

12   question for the Court is when does the exhaustion requirement end? and is this

13   Court going to allow M.S. Evans, Warden, et al. to continue to violate plaintiffs

14   constitutional rights, even though plaintiff is a prisoner.

15    Plaintiff prays this court to grant this motion in the interest of justice.

16                                Respectfully Submitted,

17   Date: May 20th, 2008

18                                Larry D. Padilla, P-05966
                                  Salinas valley State Prison
19                                P.O. Box 1050 / A3-202L
                                  Soledad, Ca. 93960-1050

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

Exhibit A

(CONTINUED FROM CDC-602)

Jan. 2005,

May 2005,
1-2. No Pro
3. No-DR
5. No-DR
7-8. No Pro
9. No-DR
11-23. No Pro
26-27. No Pro
29. No-Y
31. No Pro

29. No Pro
31. No-Y

June 2005,
1-5. No Pro
7-9. No Pro
11. No Pro
13-16. No Pro
18-20. No Pro
21. No-Y
22-23. No Pro
25-27. No Pro
29. No Pro

Feb. 2005,
1. No-Y
2. No Pro
3. No-Y
6. No Pro
8. No Pro
9. No-DR
11. No-Y
13-22. No Pro
24-25. No Pro
27-28. No Pro

July 2005,
1. No Pro
2. No-DR
3. No Pro
5. No Pro
7. No Pro
9-31. No Pro

March 2005,
1. No Pro
5. No-Y
6. No Pro
8-9. No Pro
11. No-DR
13. No Pro
15. No Pro
17. No-Y
18-21. No Pro
24. No Pro
25. No-DR
26. No Pro
27. No-DR
28. No Pro
29. No-Y

August 2005,
1-31. No Pro

September 2005
1-19. No Pro
22-30. No Pro

October 2005,
1-12. No Pro
20. No Pro
23. No-DR
24-26. No Pro
31. No Pro

April 2005
3. No-DR
9. No-Y
10. No Pro
12. No Pro
13. No-DR
14-15. No Pro
17-19. No Pro
29-30. No Pro

November 2005,
1-8. No Pro
9. No-DR
10-16. No Pro
17. No-DR
23. No-Y
27-30. No Pro

December 2005,
1-14. No Pro
21. No-Y
23. No-Y
24. No Pro
27. No-DR
29. No Pro

Jan. 2006,
1. No Pro
7. No-Y
9. No-Y
13. No-DR
19-31. No Pro

Feb. 2006,
1-21. No Pro
28. No Pro

March 2006,
3. No-Y
11. No-Y
19. No Pro
21. No-DR
25-31. No Pro

April 2006,
1-11. No Pro
23. No Pro
25-26. No Pro
27. No-DR
29. No Pro

May 2006,
1. No Pro
4. No Pro
10. No Pro
11. No-DR
21. No-Y
24-31. No Pro

June 2006,
1-26. No Pro

July 2006,
1-5. No Pro
19-31. No Pro

August 2006,
31. No-DR

September 2006,
1. No-DR
6. No Pro
9. No-DR
12. No Pro
13. No-DR
15. No-DR
20-21. No Pro
23. No-DR
27. No-DR
29. No-DR

October 2006,
1. No Pro
4. No Pro
6. No Pro
15. No-Y
16. No Pro
23. No-DR
25-31. No Pro

November 2006,
1. No Pro
9. No-Y
15-30. No Pro

December 2006,
1-5.No Pro
8-10.No Pro
13. No-DR
14. No Pro
17. No-Y
20-31. No Pro

Jan. 2007,
1-16. No Pro
19. No-Y
20-25. No Pro

Feb. 2007
1. No-DR
3-5. No Pro
14-28. No Pro

March 2007,
1-6. No Pro
9. No Pro
12. No Pro
15. No-DR
17-18. No Pro
25. No Pro
31. No Pro

---

"No Pro" = No Program
"No-DR" = No Dayroom
"No-Y" = No Yard

Larry Dean Padilla, P-05966
P.O. Box 1050 / A3-202L
Soledad, Ca. 93960-1050

FILED

JAN 1 4 2008

CONNIE MAZZEI
CLERK OF THE SUPERIOR COURT
LISA DALIA      DEPUTY

IN THE SUPERIOR COURT OF CALIFORNIA

FOR THE COUNTY OF MONTEREY

In re: Larry D. PAdilla,    )
                            )    Case No.    M 8 8 5 3 7
V.                          )
                            )    PETITION FOR WRIT OF ADMINISTRATIVE
M.S.Evans,(Warden) et al.,) )    WRIT OF MANDATE
       Respondent(s).       )

Petitioner, Larry D. Padilla, moves this court for an order to the,
California Department of Corrections and Rehabilitations (CDCR), to perform it's
duty by responding to petitioners Administrative Inmate/Parolee Appeals Form
CDC-602 pursuant to the California Code of Regulations Title 15 §3084.1. Right
to Appeal (a)(d).

In the instant case, the Appeals Coordinator violates the Title 15 rule
§3084.1. Right to Appeal by using an Inmate/Parolee Appeal Screening Form (CDCR-
695 stating "Padilla - inmates have 15 days from each event to appeal".

STATEMENT OF FACTS

(1) On Dec. 6th,2007, petitioner filed a CDC-602 Inmate/Parolee Appeals
Form on violations of the Eighth and Fourteenth Amendments for the denial of a
basic human need of "Outside Exercise". (see exh."A")

(2) On December 14th,2007 petitioner received his CDC-602 back stating that
petitioners "Time Constraints Not Met" with a yellow stick'em paper, meaning is
unknown. (see exh."A")

(3) Petitioner sent along with petitioners CDC-602 an order from the court
(Northern District of California) Case No. C-06-1725 MJJ (PR) that it was

(1)

1 | GRANTING defendants' motion to dismiss in part. (see exh."A")

2 |     (4) In the motion attached to the CDC-602, pg.13 lines 1-2 which state "All

3 | such claims are DISMISSED without prejudice to refiling after all administrative

4 | remedies have been exhausted". (see exh."A")

5 |     (5) Out of:               **BLACK'S LAW DICTIONARY:**

6 |                 **without prejudice,** adv. Without loss
  |                 of any right; in a way that does not

7 |                 harm or cancel the legal rights or
  |                 privileges of a party <dismissed

8 |                 without perjudice>.

9 |     As stated in 1-5 petitioner has done what the court requested in the

10 | Northern District, I have refiled to exhaust the administrative remedies that

11 | pertain to the Civil case now pending before the Northern District Court in San

12 | Francisco California.

13 |                        **POINTS AND AUTHORITIES**

14 |     The U.S.C.A. 14th Amendment of the Constitution "Due Process Clause", and

15 | the California Code of Regulations Title 15 §3084.1. Right to Apeal.; Where a

16 | prisoner established a constant pattern to process his/her administrative appeal

17 | in a timely manner, a court ordered prison officials to adhere to the appeal time

18 | lines set forth in the regulations. (see Craig V. Cambra, (Del Norte S.Ct.) Nos.

19 | HCPBOO-5150 and HCPBOO-5151, Writ of Habeas Corpus filed, Feb.27th,2002; Title 15

20 | California Code of Regulations §3084.6; In re:Woodham, (2002) 95 Cal.App. 4th [115

21 | Cal.Rptr. 2d 431]. ("Unacceptable") delay in answering appeals violate the due

22 | process.

23 |     One court has opined that if the CDCR's response to an administrative appeal

24 | is unreasonably delayed, the appropriate procedure is for the prisoner to file a

25 | "Petition for Writ of Mandate" to force the California Department of Rehabilitat-

26 | ions to perform it's duty by, completing the administrative review. Wright V.

27 | California, (2004) 122 Cal.App. 4th 659 [19 Raptr. 3d 92].

28 |     Petitioner has followed the proper procedure as to filing the CDC-602, with

1  the motion from the court there is no reason for Salinas Valley State Prisons

2  administration to screen out the CDC-602.

3      Petitioner prays the court to grant this petition and/or order Salinas

4  Valley State Prison Administration to put in writing that I have exhausted the

5  administrative remedies available so that I may present these issues to the

6  Northern District of California inregards to my Civil Complaint filed with that

7  court.

8      I Larry D. Padilla, declare under the penalty of perjury that the foregoing

9  is true and correct to the best of my knowledge.

10                          Respectfully Submitted,

11  Date: December 17th, 2007.

                                Larry Dean Padilla, P-05966
12                              P.O. Box 1050 / A3-202L
                                Soledad, Ca. 93960-1050

13  ///

14  ///

15  ///

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

To: E. Medina CC-II, Appeals Coordinator                    Dec. 6th, 2007

I spoke to you on Dec. 5th, about a CDC-602 that I have to file per the courts.

I submit this CDC-602 on the requested action of the court to exhaust the administrative remedies, doing so without prejudice from the court.

I'am attaching the order from the court which I must abide by... Please return the court papers attached to this CDC-602 as it pertains to my case that is pending with the court.

REC'D DEC 07 2007

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

**INMATE/PAROLEE
APPEAL FORM**
CDC 602 (12-87)

| | Location | Institution/Parole Region | Log No. | Category |
|---|---|---|---|---|
| | | | | *11* |
| 1. | | _____ | 1. _____ | _____ |
| 2. | | _____ | 2. _____ | |

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.          *modified program*          *2005 — 2007*

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| Padilla, Larry | P-05966 | AM PORTER | A3-202L |

A. Describe Problem: I'am filing this 602 on M.S.Evans (Warden) and D.M.Mantel (Captain) of Salinas Valley State Prison for the denial of "Outside Exercise". Per the court, to exhaust these administrative remedies I must file this 602 on the violations that this prison and its staff has caused me under the Eighth and Fourteenth Amends. Cruel and unusual punishment & Equal Protection Clause of the U.S. Constitution. Since being in this prison I have been denied outside exercise for frivolous excuses, and repeated deliberate practices of lock-downs by the above in question. The following dates are those that I have kept a record of from January 1,2005 to the date of this filing and the dates are as specified herein:

If you need more space, attach one additional sheet.          (SEE ATTACHED Pg.1)

B. Action Requested: I request that these lock-downs be stopped, and that I be compensated for the days that I was lock-down for unjust reasons by the heads of this institution.

REC'D DEC 07 2007

Inmate/Parolee Signature _____          Date Submitted: 12/06/07

REC'D DEC 14 2007

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response _____

_____

_____

_____

Staff Signature _____          Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____

_____

_____

_____

Signature _____          Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim

CDC Appeal Number:

_____

State of California    INMATE / PAROLEE APPEAL SCREENING FORM    Department of Corrections and Rehabilitation
CDCR-695

INMATE: Padilla _____    CDC #: P-05966 _____    CDC HOUSING: A-3-202 _____

THIS IS *NOT* AN APPEAL RESPONSE – THIS APPEAL IS EITHER REJECTED FOR ONE OR MORE REASONS NOTED BELOW OR
RETURNED TO YOU TO ATTACH SUPPORTING DOCUMENTS.

## YOUR APPEAL IS BEING RETURNED TO YOU FOR THE FOLLOWING REASON(S):

[ ] Duplicate Appeal; Same Issue
[ ] Inappropriate Statements
[X] Time Constraints Not Met
[ ] Cannot Submit On Behalf Of another Inmate
[ ] Appealing Action Not Yet/Already Taken
[ ] May Submit One (1) Non-Emergency Appeal Per Week
[ ] Incomplete 602
[ ] Attempting to Change Original Appeal Issue
[ ] Not Authorized to Bypass Any Level
[ ] Numerous and separate issues

[ ] Limit of One Continuation Page May Be Attached
[ ] Action / Decision Not Taken By CDCR
[ ] DRB/BPH Decisions Are Not Appealable
[ ] No Significant Adverse Effect Demonstrated
[ ] Pointless Verbiage/Appeal is vague
[ ] Not A Request Form; Use CDCR-7362 – to access Medical
    Services, submit your request on a CDCR-Form 7362.
    If necessary, sign up for sick call.
[ ] Request for Interview; Not an Appeal
[ ] must attempt to resolve grievance informally
    through the informal appeals process

PLEASE FOLLOW INSTRUCTIONS AND RETURN YOUR CDC 602 WITHIN 15 WORKING DAYS
Comments:  You may write on back of this form to clarify or respond to the above.

_____ Padilla- inmates have 15 days from each event to _____
_____ Appeal. _____

I already exhaust this one in DAPS

RE'D DEC 1 4 2007

Eloy Medina, CC-II
Appeals Coordinator

Date: 12/7/07

This screening action may not be ap[    ]  _ allege the above reason is inaccurate, then attach an explanation
on a separate piece of paper, or use th[    ] _n of this screen out – *do not write any more on the appeal itself.* Please
return this form to the Appeals Coordinator with the necessary information attached. *(4/30/07)*

Exhibit A

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

LARRY DEAN PADILLA,

      Plaintiff,

    v.

M.S. EVANS, et al.

      Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)

No. C 06-1725 MJJ (PR)

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS IN PART; DENYING PLAINTIFF'S MOTION TO COMPEL; GRANTING PLAINTIFF'S MOTIONS TO ADD EXHIBITS; DIRECTING DEFENDANTS TO FILE MOTION FOR SUMMARY JUDGMENT OR NOTICE THAT SUCH MOTION IS NOT WARRANTED**

(Docket Nos. 74, 76, 78, 82, 88, 89, 90)

Plaintiff, an inmate at Salinas Valley State Prison ("SVSP"), filed this pro se civil rights complaint pursuant to 42 U.S.C. § 1983. After reviewing the complaint, the Court found that it stated a cognizable Eighth Amendment claim for the deprivation of outdoor exercise. In the same order, the Court directed defendant, the warden of SVSP, to file a dispositive motion or notice that he is of the opinion that such a motion is not warranted in this case. Plaintiff was granted leave to file an amended complaint, in which he raises an additional claim for the violation of the Equal Protection Clause of the Fourteenth Amendment and includes an additional defendant, the Captain of Facility A at SVSP.[1]

Defendants filed a motion to dismiss the amended complaint pursuant to Rule 12(b) of the Federal Rules of Civil Procedure on the grounds that plaintiff failed to exhaust administrative remedies. Plaintiff has filed an opposition to defendants' motion

---

[1]The amended complaint supercedes the original complaint.

G:\PRO-SE\MJJ\CR.06\padilla.mtd.wpd



1   to dismiss. In addition to the motion to dismiss, the Court addresses plaintiff's motions to

2   compel discovery and add two exhibits.

### BACKGROUND

4   Plaintiff alleges that defendants denied him sufficient outdoor exercise between

5   January 1, 2005, and January 25, 2007, in violation of the Eighth Amendment. (First

6   Amended Complaint ("FAC"), p. 5.) Plaintiff further alleges that during this time period

7   he was denied equal access to religious services, recreational activities, education classes,

8   and therapy programs in violation of the Fourteenth Amendment. (Id. at 7.) Plaintiff

9   contends this allegedly discriminatory treatment was due to his status as a special needs

10  inmate. (Id.)

### DISCUSSION

12  A.    Motion To Dismiss For Failure To Exhaust

13        1.    Standard of Review

14  Nonexhaustion under 42 U.S.C. § 1997e(a) is an affirmative defense; defendants

15  have the burden of raising and proving the absence of exhaustion. Wyatt v. Terhune, 315

16  F.3d 1108, 1119 (9th Cir.), cert. denied, 540 U.S. 810 (2003). A nonexhaustion claim

17  should be raised in an unenumerated Rule 12(b) motion rather than in a motion for

18  summary judgment. Id. In deciding a motion to dismiss for failure to exhaust nonjudicial

19  remedies, the court may look beyond the pleadings and decide disputed issues of fact. Id.

20  at 1119-20.[2] If the court concludes that the prisoner has not exhausted nonjudicial

21  remedies, the proper remedy is dismissal without prejudice. Id. at 1120.

22        2.    Analysis

23  The Prison Litigation Reform Act ("PLRA") of 1995 amended 42 U.S.C. § 1997e

24  to provide that "[n]o action shall be brought with respect to prison conditions under [42

25  U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or

---

27  [2]If the court looks beyond the pleadings in deciding an unenumerated motion to
    dismiss for failure to exhaust -- a procedure closely analogous to summary judgment -- the
28  court must give the prisoner fair notice of his opportunity to develop a record. Wyatt, 315
    F.3d at 1120 n.14. Plaintiff was given such notice in the May 31, 2006 order in this matter.

United States District Court
For the Northern District of California

United States District Court

For the Northern District of California

1    other correctional facility until such administrative remedies as are available are

2    exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory and not left to the discretion

3    of the district court. Woodford v. Ngo, 126 S. Ct. 2378, 2382 (2006) (citing Booth v.

4    Churner, 532 U.S. 731, 739 (2001)). Exhaustion is a prerequisite to all prisoner lawsuits

5    concerning prison life, whether such actions involve general conditions or particular

6    episodes, whether they allege excessive force or some other wrong, and even if they seek

7    relief not available in grievance proceedings, such as money damages. Porter v. Nussle,

8    122 S. Ct. 983, 988, 992 (2002). Additionally, an action must be dismissed unless the

9    prisoner exhausted his available administrative remedies before he or she filed suit, even if

10   the prisoner fully exhausts while the suit is pending. McKinney v. Carey, 311 F.3d 1198,

11   1199 (9th Cir. 2002).

12          The proper treatment of a mixed complaint, one with both exhausted and

13   nonexhausted claims, will depend on the relatedness of the claims contained within. Lira

14   v. Herrera, 427 F.3d 1164, 1175 (9th Cir. 2005). When a prisoner has filed a mixed

15   complaint and wishes to proceed with only the exhausted claims, the district court should

16   simply dismiss the nonexhausted claims when the nonexhausted claims are not intertwined

17   with the properly exhausted claims. Id. On the other hand, when a plaintiff's mixed

18   complaint includes exhausted and nonexhausted claims that are closely related and

19   difficult to untangle, dismissal of the defective complaint with leave to amend to allege

20   only fully exhausted claims is the proper approach. Id. at 1176.

21          The State of California provides its prisoners and parolees the right to appeal

22   administratively "any departmental decision, action, condition or policy perceived by those

23   individuals as adversely affecting their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). In

24   order to exhaust available administrative remedies within this system, a prisoner must

25   proceed through several levels of appeal: (1) informal review, (2) first formal written

26   appeal on a CDC 602 inmate appeal form, (3) second level appeal to the institution head or

27   designee, and (4) third level appeal to the Director of the California Department of

28   Corrections and Rehabilitation ("Director"). See Barry v Ratelle, 985 F. Supp 1235, 1237

1    (S.D. Cal. 1997) (citing Cal. Code Regs. tit. 15, § 3084.5). A final decision from the

2    Director's level of review satisfies the exhaustion requirement under § 1997e(a). See id. at

3    1237-38.

4                    a.    Plaintiff's Administrative Appeals

5        The parties agree and the record indicates that plaintiff exhausted his administrative

6    remedies in regards to inmate appeal number 05-00876. (FAC, p. 4; Mot. Dismiss, p. 7.)

7    On January 27, 2005, Plaintiff submitted appeal number 05-00876 for informal review,

8    contending that he received only nine hours and twenty-five minutes of exercise between

9    January 1, 2005 and January 26, 2005, in violation of the United States Constitution and

10   the California Code of Regulations, title 15, section 3343(h). (FAC, Exh. A.) The appeal

11   was denied at the informal level. (Id.) Plaintiff filed his first formal appeal, which was

12   denied. (Id.) Plaintiff's second level appeal was also denied. (Id.) Plaintiff's appeal for a

13   Director's level of review was denied on August 10, 2005. (Id.) The reviewing officer

14   explained that the institutional logs showed plaintiff received over forty hours of exercise

15   in January, that safety and security were the highest priorities at SVSP, and that exercise

16   time would be provided once SVSP was no longer on a modified program due to staff

17   shortages and security concerns. (Id.) The denial of plaintiff's appeal at the Director's

18   level of review exhausted his administrative remedies with regards to his claim that he was

19   denied adequate exercise in January of 2005.

20       The only other administratively exhausted inmate appeal plaintiff has filed

21   addressing the claim of insufficient exercise is appeal number 07-00832 and is contained

22   in plaintiff's motion to add exhibit C to his complaint. Plaintiff submitted this appeal for

23   informal review on January 16, 2007, contending that SVSP denied plaintiff adequate

24   exercise in January 2007 in violation of the Eighth Amendment. (Pl's Mot. Add Exh. C.)

25   The appeal was denied at the informal level. (Id.) Plaintiff's first and second level

26   appeals were also denied. (Id.) Plaintiff's appeal for Director's level of review, asserting

27   that the amount of exercise he received between January and April 2007 violated his

28   Eighth Amendment rights, was denied on July 13, 2007. (Id.) The reviewing officer

United States District Court
For the Northern District of California

stated that SVSP was on a modified program due to anonymous information that prison safety and security was in jeopardy, and that this was standard practice in the Department of Corrections and Rehabilitation because institutional security is the top priority. (Id.)

Although the July 13, 2007 denial of plaintiff's appeal number 07-00832 at the Director's level of review exhausted his administrative remedies, a claim must be dismissed unless the prisoner exhausted his available administrative remedies before filing suit, even if the prisoner fully exhausts while the suit is pending. McKinney, 311 F.3d at 1199. Plaintiff filed his complaint in this court on March 7, 2006. (Ct. Docket #1.) Consequently, appeal number 07-00832 was not exhausted prior to plaintiff's filing suit.

In sum, the only appeal that plaintiff has timely exhausted alleging deprivation of his Eighth Amendment rights is appeal number 05-00876, in which he contends that he received insufficient exercise between January 1, 2005 and January 26, 2005.

            b.      Eighth Amendment Claims

Plaintiff's first amended complaint asserts that SVSP provided insufficient exercise between January 1, 2005 and January 26, 2007.[3] (FAC, p. 3.) However, as quoted above, Plaintiff's sole exhausted appeal, number 05-00876, pertains only to the deprivation of exercise between January 1, 2005, and January 26, 2005.[4]

In his opposition to defendants' motion to dismiss, plaintiff asserts that his first amended complaint extended the time period in question because he is attempting to prove "a continuing pattern of denial of outdoor exercise." (Pl's Opp., p. 2.) Plaintiff cites Henry v. County of Shasta, 132 F.2d 512 (9th Cir. 1997) for the proposition that he may use "post-event evidence" to demonstrate this policy or custom. (Id. at 2-4.) Henry,

---

[3]The original complaint sought relief based on the alleged deprivation of exercise between January 1, 2005, and September 21, 2005.

[4]Even if plaintiff's second appeal, number 07-00832, had been exhausted prior to filing suit, that appeal only grieved insufficient exercise in 2007. Plaintiff has failed to pursue any administrative grievances for the claimed loss of exercise between January 27, 2005, and December 31, 2006. By doing so, plaintiff has failed to place SVSP officials on notice of constitutional violations for that time period and has precluded potential internal corrective action or the filtering out of frivolous claims. See Porter v. Nussle, 534 U.S. 516, 525 (2002).

United States District Court
For the Northern District of California

1  however, is inapposite because it does not address exhaustion issues nor does it fall under

2  the PLRA.  The issue here is not whether plaintiff may use post-event evidence to

3  demonstrate a policy or custom, but rather whether he has exhausted the claimed

4  constitutional violations for the entire period of time he alleges they took place.

5  Accordingly, plaintiff's reliance on this case is misplaced.

6      Plaintiff also cites <u>Gomez v. Winslow</u>, 177 F.Supp.2d 977 (N.D. Cal. 2001), in

7  support of his assertion that SVSP officials were on notice of the alleged constitutional

8  violations throughout the 2005 to 2007 time period.  (Pl's Opp., p. 4.)  In <u>Gomez</u>, the

9  Court found the plaintiff's allegations that defendants failed to notify him that he testified

10  positive for Hepatitis C, begin treatment for several years, and provide him with adequate

11  medical information were "simply aspects of the inadequate medical treatment he notified

12  corrections officials about in his administrative appeals."  177 F.Supp.2d at 982.  Here, in

13  contrast, plaintiff's claim that SVSP provided him with insufficient exercise from January

14  27, 2005 until January 25, 2007, was not simply an aspect of his initial grievance that he

15  was denied sufficient exercise in January 2005.  During this two-year time period, as

16  indicated by the officers' responses to plaintiffs' administrative appeals,  there could have

17  been many justifications for SVSP denying plaintiff exercise, such as different security

18  breaches or staff shortages leading to modified programs.  As a result, prior to plaintiff's

19  filing the instant action, defendants were not on notice of the alleged constitutional

20  violations occurring after January 2005.

21      Section 1997e(a) requires that plaintiff present his claims to each level of

22  administrative review set forth above, before raising the claims in a § 1983 action in

23  federal court.  Because plaintiff failed to exhaust, prior to the filing date, his administrative

24  remedies as to his Eighth Amendment claim of insufficient exercise after January 26,

25  2005, such claim is dismissed without prejudice.  As his Eighth Amendment claim

26  regarding insufficient exercise between January 1, 2005, and January 26, 2005, was

27  properly exhausted, such claim is not dismissed.

   c.    Fourteenth Amendment Claims

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1    Plaintiff claims that defendants have violated the Equal Protection Clause of the

2 Fourteenth Amendment by denying plaintiff "equal access to prison activities as those

3 enjoyed by inmates in the general prison populations . . . due to plaintiff's status as a

4 Sensitive Needs inmate . . . ." (FAC, p. 7.)    Specifically, plaintiff alleges that he and other

5 sensitive needs inmates have been denied equal access to religious services, outdoor

6 exercise, recreational activities, educational classes, and therapy programs. (Id. at 7-9.)

7    Defendants assert that plaintiff has failed to file inmate appeals regarding a denial

8 of equal access to programs at SVSP due to his sensitive needs status. (Mot. Dismiss, p.

9 8.) Consequently, defendants argue that prison officials have been unable to address

10 plaintiff's grievances internally, and this claim should be dismissed for a failure to

11 exhaust. (Id. at 8-9.)

12    Plaintiff's sole timely exhausted grievance, inmate appeal number 05-00876,

13 addresses only the denial of sufficient exercise and does not mention religious services,

14 recreational activities, educational classes, nor therapy programs. (FAC, Exh. A.)  Even

15 liberally construed, this inmate appeal does not have the same subject as plaintiff's equal

16 protection claim.  Administrative remedies may not be exhausted where the grievance,

17 liberally construed, does not have the same subject and same request for relief.  See

18 O'Guinn v. Lovelock Correctional Center, 502 F.3d 1056, 1062 (9th Cir. 2007).  Thus,

19 plaintiff has only exhausted his claim regarding insufficient exercise and has not properly

20 exhausted his claims regarding religious services, recreational activities, educational

21 classes, and therapy programs.

22    While plaintiff asserted in appeal number 05-00876 that his Eighth Amendment

23 rights were violated by the denial of sufficient outdoor exercise, the appeal never explicitly

24 referenced the Fourteenth Amendment nor the Equal Protection Clause.  (FAC, Exh. A.)

25 In his second level appeal, however, he did suggest that he was being denied equal access

26 to sufficient exercise. (Id. ("Enhanced out Patient program prisoners are allowed program

27 every day, Ad-Seg prisoners are allowed more program than this Sensitive Needs yard.")

28 (errors in source).)  The issue is whether plaintiff has failed to exhaust his administrative

1   remedies as a result of not specifically articulating his Fourteenth Amendment legal claim,

2   despite articulating the facts underlying such a claim.

3       Compliance with prison grievance procedures is all that is required by the PLRA to

4   "properly exhaust." Jones v. Bock, 127 S. Ct. 910, 922-23 (2007). The level of detail

5   necessary in a grievance to comply with the grievance procedures will vary from system to

6   system and claim to claim, but it is the prison's requirements, and not the PLRA, that

7   define the boundaries of proper exhaustion. Id. at 923. For instance, in Jones, the

8   Supreme Court held that because the Michigan Department of Corrections' "procedures

9   made no mention of naming particular officials, the Sixth Circuit's rule imposing such a

10  prerequisite to proper exhaustion [was] unwarranted." Id.

11      The California Department of Corrections and Rehabilitation ("CDCR")

12  Department Rules set forth the applicable grievance procedures. Cal. Code Regs. tit. 15,

13  art. 8. Nothing in these rules suggests that a grievance process is unexhausted because a

14  prisoner fails to identify a particular constitutional amendment or right. Id. Rather, the

15  rules simply state that an "inmate or parolee under the department's jurisdiction may

16  appeal any departmental decision, action, condition, or policy which they can demonstrate

17  as having an adverse effect upon their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). If

18  the issue set forth in an appeal is unclear, the institution's appeals coordinator interviews

19  the appellant for further clarification. Id. at § 3084.3(a)-(b). An appeal may be rejected

20  for a variety of reasons, none of which indicates that failure to state a sufficient legal claim

21  merits rejection. Id. at § 3084.3(c). Furthermore, the prisoner appeal form only requires

22  that the appellant describe the problem and request action; there is no indication that a

23  prisoner must articulate a legal claim. (FAC, Exh. A.) Because the CDCR Department

24  Rules do not require the articulation of a specific constitutional provision, there is no such

25  prerequisite to proper exhaustion of CDCR administrative remedies. Consequently, appeal

26  number 05-00876 exhausted plaintiff's claims that the deprivation of outdoor exercise

27  between January 1, 2005, and January 26, 2005, violated his equal protection rights,

28  notwithstanding the fact that the appeal did not specifically reference the Equal Protection

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1 | Clause or the Fourteenth Amendment.

2 Accordingly, defendants' motion to dismiss plaintiff's equal protection claim is

3 denied with respect to plaintiff's properly exhausted allegations of insufficient exercise

4 between January 1, 2005, and January 26, 2005. Because, as discussed above, plaintiff

5 failed to exhaust claims regarding insufficient exercise following January 26, 2005, all

6 equal protection claims regarding lack of outdoor exercise from January 27, 2005 forward

7 are dismissed without prejudice. Finally, because plaintiff never properly exhausted

8 claims regarding religious services, recreational activities, education classes, and therapy

9 programs, all equal protection claims in reference to these alleged deprivations are

10 dismissed without prejudice.

11 B.    Motion To Compel Discovery

12    1.    Background

13 On March 15, 2007 plaintiff served defendants a second set of requests for

14 production of documents. (Pl.'s Mot. Compel Disc., Ex. A.) Plaintiff sought all SVSP

15 prisoner appeals addressing lockdowns between March 23, 2004 and May 15, 2007, and

16 all screened-out[5] appeals regarding lockdowns of Facility A at SVSP. (Id.) Defendants

17 objected to these requests as unduly burdensome and overly broad, vague and ambiguous,

18 and irrelevant to any party's claim or defense (Id.) Further, defendants objected that

19 production would violate SVSP inmates' and staff members' constitutional right to

20 privacy. (Id.) Finally, defendants noted that they would be unable to produce screened-

21 out appeals because, according to policy, the SVSP appeals office does not retain copies of

22 them; rather, the appeals are returned to the prisoner. (Id.)

23 On April 9, 2007, plaintiff sent a letter to defendants in an effort to meet and

24 confer. (Pl.'s Mot. Compel Disc., Exh. B.) Defendants sent a response letter again

25 expressing the same objections to the discovery request. (Pl.'s Mot. Compel Disc., Exh.

26

27 [5]Appeals coordinators at SVSP are required to screen inmate appeals for procedural compliance with the California Code of Regulations. Cal. Code. Regs. tit. 15, § 3084.3(a).
28 A screened-out appeal is one that has been rejected for failure to comply with any of the various enumerated procedures. See id. at § 3084.3(c).

C.)

On June 29, 2007, plaintiff filed a motion to compel discovery, defendants filed an opposition, and plaintiff filed a reply.

2.    Standard Of Review

Parties may generally obtain discovery for any non-privileged matter "relevant to the claim or defense of any party . . . ." Fed. R. Civ. P. 26(b)(1). The scope of discovery in federal courts is extremely broad, and a relevant matter is deemed to be "any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978).

Upon reasonable notice, a party may apply for an order compelling discovery pursuant to Federal Rule of Civil Procedure 37(a). Timeliness, good cause, utility, and materiality are among the factors a court must consider when deciding a motion to compel. Nat'l Union Fire Insur. Co. of Pittsburgh, PA v. Elec. Trust Inc., 2006 WL 1525809, *2 (N.D. Cal. June 1, 2006). A court may deny a motion to compel if it "would not aid in the exploration of a material issue" or if it "would impose an undue burden on the responding party or its benefits are outweighed by its burdens." Id. Additionally, "[f]ederal courts ordinarily recognize a constitutionally-based right of privacy that can be raised in response to discovery requests." Soto v. City of Concord, 162 F.R.D. 603, 616 (N.D. Cal. 1995). If a party raises a privacy objection, the court must balance "the need for the information sought against the privacy right asserted." Id.

3.    Request For Prisoner Appeals

Plaintiff seeks "all administrative complaint(s) . . . filed by other prisoners at Salinas Valley State Prison with respects [sic] to the lockdowns starting on [his] arrival on March 23rd, 2004 to the present date 2007 . . . ." (Pl.'s Mot. Compel Disc., Ex. A.) Plaintiff requests these appeals so that he may demonstrate that others in SVSP share his concerns about the lockdowns. (Pl.'s Mot. Compel Disc., Ex. A.) Defendants object that this request is unduly burdensome, would not benefit plaintiff in exploration of a material issue, and invades inmates' right to privacy. (Def.'s Opp. Mot. Compel, p. 3-5.)

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1  First, defendants assert that plaintiff's request is unduly burdensome and does not

2  benefit plaintiff in exploration of a material issue. (Id. at 3.) Specifically, defendants

3  contend that SVSP currently houses 4,769 inmates, and many of these inmates file

4  between five and 130 appeals each year, leading to the SVSP Appeals Office processing

5  approximately 160 appeals each day. (Id. at 3.) While appeals are kept for five years in an

6  appeals file, defendants contend that the files are not maintained nor electronically

7  searchable. (Id. at 4.) Defendants assert that searching through these files in response to

8  plaintiff's discovery request would require innumerable hours and would strain CDCR's

9  limited resources. (Id. at 3-4.) Defendants also contend that plaintiff's request is broadly

10  worded such that he is requesting appeals irrelevant to either party's claims or defenses.

11  (Id. at 4.) SVSP may be placed on lockdown or a modified program for a variety of

12  reasons, some of which do not mandate prisoners being confined to their cells. (Id.) As a

13  result, defendants argue, plaintiff would have access to appeals unrelated to his claims.

14  (Id.)

15  Appeals filed by other prisoners at SVSP grieving lockdowns are not relevant to

16  plaintiff's Eighth Amendment claims. Whether or not other SVSP inmates were upset by

17  lockdowns or found their access to outdoor exercise to be insufficient has no bearing on

18  whether plaintiff's own Eighth Amendment rights were violated by a denial of sufficient

19  outdoor exercise. Further, while it is conceivable that these appeals would be relevant to

20  plaintiff's Fourteenth Amendment claims, for instance by demonstrating that only

21  sensitive needs inmates grieved insufficient exercise, the appeals would be duplicative of

22  existing or otherwise easily obtainable evidence. Lockdown orders and plaintiff's

23  affidavits could serve the same function of demonstrating that only specific segments of

24  the inmate population were put under lockdown or deprived of sufficient exercise.

25  To rule otherwise would be unduly burdensome for defendants. Even though

26  plaintiff's claims have been whittled down to a denial of sufficient exercise between

27  January 1, 2005, and January 26, 2005, such that plaintiff would only conceivably need

28  access to SVSP prisoner appeals regarding lockdowns for that period of time, defendants

1   would still need to sift through an inordinate number of appeals to fulfill plaintiff's

2   discovery request. Because the SVSP Appeals Office processes approximately 160

3   appeals every day, defendants would need to search through about 4,160 appeals to fulfill

4   plaintiff's request. SVSP is not to be rewarded for choosing a file maintenance system

5   that is difficult to search when prisoners file civil rights actions; however, the limited

6   benefit that these appeals may have for plaintiff's case is significantly outweighed by the

7   burden on defendant in producing the requested appeals.

8       3.   Request For Screened-Out Appeals

9       Plaintiff next requests all screened-out prisoner appeals regarding lockdowns at

10  SVSP facility A. (Pl.'s Mot. Compel Disc., Ex. A.) Plaintiff requests these appeals so that

11  he may prove his civil rights claims and demonstrate that defendants "have committed

12  other civil rights violations . . . which serve the basis for punitive damages." (Pl.'s Mot.

13  Compel Disc., p. 10.) Defendants object that they do not possess the requested documents.

14  (Def.'s Opp. Mot. Compel, p. 5-6.)

15      Screened-out inmate appeals are returned to inmates with a form notifying the

16  inmate why the appeal was screened out. (Def.'s Opp. Mot. Compel, p. 5-6; Decl. Variz ¶

17  4.) As a result, screened-out appeals are not in defendants' possession. (Id.) SVSP's

18  Inmate Appeals Automated Tracking System maintains a record of the screened-out appeal

19  with a description as to why the appeal was screened-out, but that is the only record of the

20  appeal that defendants have access to. (Id.)

21      Because defendants lack access to screened-out prisoner appeals, plaintiff's motion

22  to compel discovery of these documents is denied.

## CONCLUSION

24      For the foregoing reasons, the Court orders as follows:

25      1.   Defendants' motion to dismiss is GRANTED as to all claims arising after

26  January 26, 2005 for failure to exhaust administrative remedies. Defendants' motion to

27  dismiss is GRANTED as to all claims regarding the denial of equal access to religious

28  services, recreational activities, education classes, and therapy programs for failure to

United States District Court
For the Northern District of California

1  exhaust administrative remedies. All such claims are DISMISSED without prejudice to

2  refiling after all administrative remedies have been exhausted. Defendants' motion to

3  dismiss is DENIED with respect to plaintiff's Eighth Amendment and Equal Protections

4  claims regarding the deprivation of outdoor exercise between January 1, 2005 and January

5  26, 2005.

6          2.    No later than **ninety (90) days** from the date of this order, defendants shall

7  file a motion for summary judgment or a notice that they are of the opinion that this case

8  cannot be resolved by such motion. Any motion for summary judgment shall be

9  supported by adequate factual documentation and shall conform in all respects to Federal

10  Rule of Civil Procedure 56. **Defendants are advised that summary judgment cannot**

11  **be granted, nor qualified immunity found, if material facts are in dispute. If any**

12  **defendant is of the opinion that this case cannot be resolved by summary judgment,**

13  **he shall so inform the Court prior to the date the summary judgment motion is**

14  **due**.

15          3.    Plaintiff's opposition to the dispositive motion shall be filed with the Court

16  and served on defendants no later than **thirty (30) days** from the date defendants'

17  motion is filed. The Ninth Circuit has held that the following notice should be given to

18  plaintiffs:

19          The defendants have made a motion for summary judgment by
        which they seek to have your case dismissed. A motion for summary
20          judgment under Rule 56 of the Federal Rules of Civil Procedure will, if
        granted, end your case.
21          Rule 56 tells you what you must do in order to oppose a motion for
        summary judgment. Generally, summary judgment must be granted when
22          there is no genuine issue of material fact--that is, if there is no real dispute
        about any fact that would affect the result of your case, the party who
23          asked for summary judgment is entitled to judgment as a matter of law,
        which will end your case. When a party you are suing makes a motion for
24          summary judgment that is properly supported by declarations (or other
        sworn testimony), you cannot simply rely on what your complaint says.
25          Instead, you must set out specific facts in declarations, depositions,
        answers to interrogatories, or authenticated documents, as provided in
26          Rule 56(e), that contradict the facts shown in the defendants' declarations
        and documents and show that there is a genuine issue of material fact for
27          trial. If you do not submit your own evidence in opposition, summary
        judgment, if appropriate, may be entered against you. If summary
28          judgment is granted in favor of defendants, your case will be dismissed

United States District Court
For the Northern District of California

1  and there will be no trial.

2  See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  Plaintiff is advised

3  to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett,

4  477 U.S. 317 (1986) (holding party opposing summary judgment must come forward

5  with evidence showing triable issues of material fact on every essential element of his

6  claim).  Plaintiff is cautioned that failure to file an opposition to defendants' motion for

7  summary judgment may be deemed to be a consent by plaintiff to the granting of the

8  motion, and granting of judgment against plaintiff without a trial.  See Ghazali v.

9  Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d

10  651, 653 (9th Cir. 1994).

11       5.    Defendants shall file a reply brief no later than **fifteen (15) days** after

12  plaintiff's opposition is filed.

13       6.    The motion shall be deemed submitted as of the date the reply brief is due.

14  No hearing will be held on the motion unless the Court so orders at a later date.

15      7. Plaintiff's motion to compel discovery is DENIED.

16      8. Plaintiff's motions to add exhibits B and C are GRANTED.

17      This order terminates docket numbers 74, 76, 78, 82, 88, 89, and 90.

18      IT IS SO ORDERED.

19  DATED:  11/21/2007

20  MARTIN J. JENKINS
21  United States District Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA





Larry D. Padilla,    )
     Plaintiff,  )
              )
vs.           )
              )
M.S.Evans,(Warden),  )
     Defendant.  )

Case No.CV-06-1725 MJJ JF

PROOF OF SERVICE

I hereby cerify that on   May 20th        , 2008   I served a copy of the attached:

Motion to Reinstate Cause

by placing a copy in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the United States Mail at Salinas Valley State Prison:

Scott J. Feudale,
Deputy Attorney General
455 Golden Gate Ave., Suite 11000
San Francisco, Ca. 94102-7004

To: Clerk, District Court,
Northern District of California (San Jose)
333 West Santa Clara St.
San JOSE, Ca. 95113-1717

I hereby declare under penalty of perjury that the foregoing is true and correct.

Dated: May 20th,2008        .

Larry D. Padilla P-05966
P.O. Box 1050 / A3-202L
Soledad, Ca. 93960-1050

Salinas Valley State Prison
Larry D. Padilla, P05966
P.O. Box 1050 / A3-202
Soledad, Ca. 93960-1050

STATE PRISON
GENERATED MAIL

To: Clerk, U.S. District Court,
Northern District of California (San Jose)
333 West Santa Clara St.
San Jose, Ca. 95113-1717



UNITED STATES POSTAGE
$0.19

OFFICE OF THE CLERK
COURT OF APPEAL
SIXTH APPELLATE DISTRICT
STATE OF CALIFORNIA
333 W. SANTA CLARA ST.
SAN JOSE, CA 95113

United States District Court
280 South First St.
San Jose CA, 95113

