Salinas Valley State Prison
Larry D. Padilla, P-05966
P.O. Box 1050 / A3-202L
Sloedad, Ca. 93960-1050

**FILED**

JUN 2 6 2008

*D*

RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

(SAN JOSE)

Larry D. Padilla,        )        Case No. 5:06-CV-01725-JF
          Plaintiff,   )        **PLAINTIFF'S OPPOSITION TO DEFENDANT'S**
                )        **SUMMARY JUDGMENT**
Vs.                      )
M.S.Evans,(Warden),      )
et.al.  Defendant.       )

Plaintiff Larry D. Padilla, P-05966, submits this Opposition to defendant(s)

Motion for Summary Judgment to dismiss.

Plaintiff's submits this Opposition as fact in the matter pending before this

Court, with plaintiff's recorded record of plaintiff's release times from his cell,

as well as exhibits that show the blatant disregard for not only plaintiff's

constitutional rights but the constitutional rights of all other prisoners on this

"Sensitive Needs Yard" here at Salinas Valley State Prison.

### INTRODUCTION

In defendant(s) Summary Judgment; Memorandum of Points and Authorities the

Introduction, defendant(s) state "Plaintiff's Eighth Amendment right was not

violated as he was afforded the opportunity to exercise for approximately forty -

five hours during the month of January 2005".

Plaintiff has kept a record of the time's he stepped out of his cell(top tier)

and stepped back in his cell (see exh. A) also (see exh. B) declarations of the

inmates housed in plaintiff's cell since January 2005, therefore it is apparent

that not only are the log books forged, but officer's cover their tracks by writing

in the times ahead of time knowing that they are false in order to save time by not

1  writing the correct times as they actually do occur.

2      Exercise is one of the Basic Human necessities protected by the Eighth

3  Amendment. Lemaire V. Maass, 12 F.3d 1444,1457 (9th Cir. 1993). Prisoners may not

4  be deprived of all exercise. Toussaint V. McMarthy, 597 F.Supp. 1388,1393 (N.D.

5  Cal. 1984). Moreover, the deprivation of outdoor exercise may constitute cruel and

6  unusual punishment; "Some form of regular outdoor exercise is extremely important

7  to the psychological and physical well-being of the inmate". Spain V. Procunier,

8  600 F.2d 189.199 (9th Cir. 1979). The long term denial of outdoor exercise is

9  therefore unconstitutional. See, Spain, Supra, at p.200; See also, Toussaint V.

10 Yockey, 722 F.2d 1490,1493 (9th Cir. 1984). Denial of outdoor exercise to inmate

11 raised "substantial constitutional question". The existence of logistical problems

12 which make it difficult to provide adequate outdoor exercise is not an acceptable

13 excuse. Allen V. Sakai, 48 F.3d 1082 (9th Cir. 1994), cert.denied, 115 S.Ct. 1695

14 (1995). Nor may an inmate be forced to choose between his clearly established

15 constitutional right to outdoor exercise and other constitutionally protected

16 rights. Allen V. City Of Honolulu, 39 F.3d 936, 940 (9th Cir. 1994).

17     Dr. Rundle is a psychiatrist, specializing in institutional psychiatry. He

18 has practiced at public health hospitals, private community hospitals, drug

19 addiction treatment programs, and correctional institutions. He has advised a State

20 Legislature, held administrative positions in corrections programs, and served as

21 as a court - appointed advisor and monitor in (2) two Federal Prison Litigation

22 action. The psychological impact of lack of adequate exercise (outdoor) in prisons

23 is a significant part of his work for the plaintiffs in Lemaire V. Maass, Supra, on

24 the psychological effects of DSU exercise conditions. He testified that inmates

25 can suffer serious psychological harm from the lack of adequate exercise opportun-

26 ities. Dr. rundle believes the harmful effects of lack of exercise begin to

27 deteriorate within a few days after being deprived of sunlight, fresh air, and

28 exercise. After three to four weeks in such conditions, most people will suffer

1   physical and psychological harm which may be irreversible or slow to remit.

2   Dr. Rundle also observed that confinement under such conditions leads to a build-

3   up of tensions that often result in painful contractions of large muscles, which

4   would in most cases be relieved by regular, vigorous exercise. Dr. Rundle

5   testified that when the normal means of discharging accumulated tension through

6   exercise is not available in prison, inmates often express this tension with

7   physical violence and aimless destruction of property. The lack of exercise is

8   also a potent factor in developing and exacerbating depression. This effect is

9   enhanced by the lack of time out of cell and lack of interaction with others.

10  Dr. Rundle characterizes the importance of outdoor exercise to prison populations

11  as "Universally Accepted" by health care and correctional experts.

12      Dr. Rundle noted that standards developed by the American Correctional

13  Association and the American Medical Assciation for prisoners include regular

14  outdoor exercise. In Martino V. Carey, 563 F.Supp. 984,1001 (D.OR 1983) Judge

15  Redden held that it was unconstitutional to deprive jail outdoor exercise. He

16  described cases holding that the denial of exercise violate the Eighth Amendment

17  as "Legion". After Martino, a California District Court said, "It is settled that

18  prisoners may not be deprived of all exercise, because some form of regular

19  outdoor exercise is extremely important to the psychological and physical well-

20  being of the inmate. Toussaint V. McCarthy, at 1393. The court held in Lemaire,

21  Supra, that "Plaintiff is deprived of outdoor exercise opportunties to prevent

22  phyical and mental deterioration. This is unconstitutional". Underlying the Eighth

23  Amendment is a fundamental premise that prisoners are not to be treated as less

24  than human beings Furman V. Georgia, 408 U.S. 238,271-73, 92 S.Ct. 2726 33 L.Ed

25  2d 346 (1972)(Brennan, J. concurring).

26      The defendant(s) also State that "Plaintiff's Equal Protection claim fails

27  because he has not shown that he was treated differently from other similarly

28  situated inmates".

                                        (3)

1   Plaintiff is on a "Sensitive Needs Yard" in which his self as well as the
2   other inmates on this yard are treated differently, due to their "Sensitive Needs"
3   status.

4   B-Yard is another "Sensitive Needs Yard", C-Yard is a general population yard
5   and are not subjected to the denial of outdoor exercise or they would riot, D-Yard
6   is an Extreme Out Patient Program and a ¼ (Ad Seg) Administrative Segregation yard,
7   therefore defendant(s) claim fails to prove that there was not an Equal Protection
8   violation. Williams V. Lane, 851 F.2d 867 (7th Cir. 1988) In this case Williams
9   has Meeks V. Lane, in which the A.R. 808 was revised in 1982 to allow for the
10  implementation of the consent decree entered in Meeks V. Lane, 75 C 96 (three-judge
11  district court, N.D.Ill. 1981). and reproduced in the plaintiffs' Appendix. This
12  decree required, inter alia, that defendants provide inmates in protective custody
13  "with the same opportunities as other inmates in other housing areas of the
14  general population for... Job assignments, vocational and educational assignments,
15  recreation, access to prison libraries, acess to religious services and to all
16  institutional programs".

17  Contray to what the defendant(s) in this matter state in there Summary
18  Judgment, they have and still continue to violate plaintiff's constitutional rights
19  under the law inwhich plaintiff has shown in his complaint and writen record of a
20  true log.

21  In defendant(s) statement of the issues (1) the defendant(s) state:
22  "Plaintiff was afforded approximately 45 hours of out-of-cell exercise, including
23  17 hours of outdoor exercise during this time period." This period was from
24  January 1, 2005 through January 26, 2005 as stated by the defense.

25  Per plaintiffs records (see exh.A) from January 1, 2005 through January 26,
26  2005, plaintiff was acrually afforded a total of "outdoor exercise" of 9 hours and
27  25 minutes, and 16 hours 12 minutes of dayroom activities... this is a far cry of
28  the defendant(s) 45 hour claim and therefore plaintiff opposes that statement.

(4)

1   In defendant(s) Equal Protection, (2) the defense state:
2   "all similarly people be treated alike" this is a false statement, this sensitive
3   needs yard here at Salinas Valley State Prison (S.V.S.P.) has NOT been treated the
4   same as similarly people nor will they ever be. The reason for this is because
5   there are rapists, child molesters and gang drop out on these type of yards, and
6   due to these offenses my self and others are treated as if I was a rapist or child
7   molester, it is clear that the defendant(s) have NO clue as to the operations of
8   this yard, and again offer aother false statement, therefore plaintiff opposes
9   that statement as well.

10   The defense wants the court to believe that Government Officials are entitled
11   to immunity? stating:"In January 2005, it was constitutional to temporarily deny
12   inmate outdoor exercise to ensure institutional security." then then the defense
13   goes on to state: " In January 2005, defendant(s) placed S.V.S.P. on a rotational
14   exercise schedule due to prison overcrowding and staff shortages" Well then this
15   would mean the defense did know of the denial of "Outdoor Exercise". Using
16   shortages of staff, see Hamilton V. Love, 328 F.Supp. 1182 at 1194, E.D.Ark. (1971)
17   "inadequate resources can never be an adequate justification for depriving any
18   person of his constitutional rights." does not give the defense immunity knowing
19   that shortages of staff wasn't the only excuse defendant(s) used also, isolated
20   incidents, writen "Kites" with false information among other excuses to lockdown
21   this yard and deny plaintiff of "Outdoor Exercise". The Civil Rights Act, 42 U.S.C.
22   §1983, creates a cause of action for deprivations, by persons acting under color of
23   state law, or rights secured by the Constitution. see Monroe V. Pape, 365 U.S. 167,
24   81 S.Ct. 473, 5 LEd. 2d 492 (1961). Persons confined in state prisons are within
25   the protection of 42 U.S.C. §1983. see Cooper V. Pape, 378 U.S. 546, 84 S.Ct. 1733,
26   12 L.Ed. 2d 1030 (1964); Weller V. Dickson, 314 (9th Cir. 1963).
27   Jordan V. Fitzharris, 257 F.Supp. 674, 679 (N.D. Cal. 1966).
28   Prison officials who engage in depriving prisoners of their constitutional

(5)

1  rights will be allotted no deference from the Federal Courts. Palmigiano V.

2  Garrahy, (O.R.I. 1977) 443 F.Supp. 956, 979, aff'd, (1st Cir. 1980) 616 F.2d 598,

3  cert. denied, 449 U.S. 839, 101 S.Ct. 115, 66 L.Ed. 2d 45.

4  Toussaint V. Rushen, 563 F.Supp. 1365, 1378 (N.D. Cal. 1983). and defendant(s) are

5  not entitled to immunity and therefore plaintiff opposes that statement.

6

7  **STATEMENT OF FACTS**

8  Plaintiff filed a Civil Complaint, per Docket text on March 7, 2006, #1 on

9  violating plaintiffs Eighth Amend. and Fourteenth Amend. Equal Protection claim,

10 by denying plaintiff of "Outdoor Exercise" in which the court found cognizable

11 claim by plaintiff.

12 Plaintiff then filed a First Amended Complaint against M.S.Evans, and D.M.

13 Mantel on or about January 29, 2007 Docket #59.

14 Plaintiff kept a record of the times released for yard and dayroom since

15 January 2005 to the present day and continues to do so.(see exh.A)

16 Although plaintiff has filed a Motion to reinstate part of plaintiffs denied

17 claim, plaintiff has kept filing grievances (see copies of filed CDC-602 Inmate/

18 Parolee Appeal Forms) dated January 27, 2007, May 13, 2007 in which the appeals

19 coordinator responded by denying the May 13,2007 CDC-602 by stating: "You have

20 submitted an appeal that duplicates a previous appeal upon which a decision has

21 been rendered or is pending (CCR §3084.3 (c)(2)0." but plaintiff continued in the

22 hopes that the Appeal System would work, and that never happened, the next

23 grievances were dated August 28, 2007, November 6, 2007, January 28,2008,

24 February 7, 2008 and March 9,2008... The March 9,2008  CDC-602 was sent to M.S.

25 Evans through Legal Mail per the California Code of Regulations Title 15 §3141

26 Confidential Correspondence, where Sgt. Metcalfe stated to Officer Barclay that I

27 could not send a Inmate/Parolee appeal Form (CDC-602) to M.S.Evans, this violated

28 my right to correspond with M.S.Evans at the Informal Level of that CDC-602,

1  plaintiff responded by filing a staff complaint which of course was denied by this
2  administration. (see exh.E)

3      Plaintiff is not a lawyer but hopes the court can see through the lies and
4  falsification of documents presented by the defendant(s).

5      Per California Penal Code §115 (a) Every person who knowingly procures of
6  or offers any false of forged instrument to be filed, registered, or recorded in
7  any public office within this state, which instrument, if genuine, might be filed,
8  registered, or recorded under any law of this state or of the United States, is
9  guilty of a felony.

10     Per California Penal Code §134 Preparing False Documentary Evidence. Every
11  person guilty of preparing any false or ante-dated book, paper, record, instrument
12  in writing, or other matter or thing, with intent to produce it or allow it to be
13  produced for any fraudulent or deceitful purpose, as genuine or true, upon any
14  trial, proceeding; or inquiry whatever, authorized by law, is guilty of a felony.

15     Also defendant(s) declaration of T.Selby in support of defendant(s) Motion for
16  Summary Judgment is irrelevant due to the fact that plaintiff has never personally
17  seen said Lieutenant in this building, therefore her declaration is heresay since
18  she has never personally taken part of logging in the log book that she has
19  presented as evidence nor was she even working at this prison on any of these
20  dates, seeing as she states in her declaration she has only worked at S.V.S.P. for
21  one and half years (see line 23 page 1 of T.selbys declaration dated April 30,2008,
22  plaintiff first seen this Lieutenant a few months ago when she denied plaintiffs
23  CDC-602 again on the denial of outdoor exercise. This is just one of the defenses
24  declarations, the officers (Floor and Control Tower Officers) give NO such
25  declarations, why?... because they know they would be also sumitting false
26  documentation.

27     In April 18,2005, a Memorandum was sent to the floor staff in Facility A-Yard
28  building #3, stating a State of Emergency, (see exh.C) this is just one of many

1    such Memorandums - plaintiff obtained this Memorandum from the staff's office,none

2    of the other Memorandums were obtainable because they were never past out to the

3    inmate population as they should have been.

4         Also (see exh.D) Prison Legal News, August 2002, where a Monterey County Grand

5    Jury Report Blasts Two California Prison, (see also SACBEE) where Inmate Wins

6    Federal Case, Gregory Lynn Norwood was awarded $11 nominal compensatory damages

7    and $39,000 in punitive damages November 11,2007, Mr. Norwood was denied outdoor

8    exercise during four extended lockdowns. None of the lockdowns plaintiff has gone

9    through never came close to the seriousness MR. Norwood went through and yet

10   plaintiff was treated the same or worse. (see exh.F)

11        Plaintiff continued to file grievances and kept a writen log of his releases,

12   under Silvester Gomez V. W.D. Winslow, 177 F.Supp. 2d 977: U.S. Dist. LEXIS 23029,

13   "Not require filling separate internal grievances". M.S.Evans and D.M. Mantel knew

14   of these violation and failed to do any thing about the violations.

15        Plaintiff requests that the court go over plaintffs writen log, it is my

16   belief that any court looking at plaintiffs log will deny any Summary Judgment by

17   the defendant(s) in this matter.

18

19                              **COMPENSATORY DAMAGES**

20        The basic purpose of 42 U.S.C. §1983 damages award is to compensate person

21   for injuries caused by deprivation of constitutional rights. Carey V. Piphus, 435

22   U.S. 247, 98 S.Ct. 1042, 55 L.Ed. 2d (1978). Damages can be awarded under 42 U.S.C.

23   §1983 for emotional and mental distress caused by intentional tort. Flores V.

24   Pierce, 617 F.2d 1386 (9th Cir. 1980). Damages of $1,000 and 9,000 respectively

25   awarded to two prisoners was reasonable for confinement in segregation, measure of

26   such damages being difference between harsher conditions suffered in segregation

27   and conditions that prevailed in general population. Furtado V. Bishop, 604 F.2d

28   80 (1st Cir. 1979).

1

**PUNITIVE DAMAGES**

2    Punitive damages are permissible where defendants acted wilfully or in gross

3  disregard of rights of parties, where defendants acted maliciously or in bad faith

4  or for an improper motive or where an award is necessary to prevent future

5  occurrences. <u>Keker V. Procunier</u>, 398 F.Supp. 756 (E.D. Cal. 1975).

6    Plaintiff, requests under Fed.R.Civ.P. 38 (b) and the 7th Amendment of the

7  Constitution that a demand for jury trial be granted by this court when plaintiff

8  asks for punitive damages. Punitive or Exemplary damages are intended to punish the

9  defendant(s) for their conduct and deter them and others from committing similar

10  acts in the future. <u>Smith V. Wade</u>, 461 U.S. 30, 49-51, 103 S.Ct. 1625 (1983);

11  <u>Wright V. Sheppard</u>, 919 F.2d 665,671 (11th Cir. 1990).

12    It is well documented and established that S.V.S.P. is and has been under

13  investigation as to plaintiffs allegations as well as others such as Medical, and

14  the so called "Green Wall", and still violation keep occurring at S.V.S.P..

15

16

**CONCLUSION**

17    Plaintiff prays this court to grant this Opposition and to deny defendant(s)

18  Summary Judgment.

19    Plaintiff respectfully requests to be compensated for the blatant disregard

20  for plaintiffs rights under the laws of the United States.

21    I Larry D. Padilla, declare under penalty of perjury that: I am the plaintiff

22  in this entitled action; I have read the foregoing documents and know the contents

23  thereof and the same is true of my own knowledge, except as to matters stated

24  therein upon information, and belief, and as to those matters, I believe they are

25  true.

26  Date: June 24th, 2008

Respectfully submitted,

27
Larry D. Padilla, P-05966

28
In Pro Per

(9)

Exhibit A

January 2005

1. No Pro, Reason Unknown

2. No Pro, "            "

3. Y-2hrs. 20mins.  
   DR-1hr. 20mins.

4. No Pro, "            "

5. Y-1hr. 35mins. DR-No Pro.

6. DR-50mins.

7. Y-2hrs. DR-No Pro.

8. DR-1hr. 30mins.

9. No Pro, "            "

10. DR-40mins.

11. No Pro, "            "

12. No Pro, "            "

13. No Pro, "            "

14. DR-1hr. 42mins.

15. Y-2hrs.  
    DR-1hr. 40mins.

16. No Pro, "            "

17. DR-1hr. 2mins.  
    Y-1hr. 30mins.

18. No Pro, "            "

19. No Pro,(Schedule Changed)

20. DR-1hr. 48mins.

21. DR-1hr. 40mins. Y-No Pro.

22. DR-1hr. 30mins.

23. No Pro, Reason Unknown

24. DR-55mins.

25. No Pro, "            "

26. DR-1hr. 45mins.

27. Y-1hr. 37mins.  
    DR-1hr. 55mins.

28. DR-1hr. 15mins.

29. No Pro, "            "

30. DR-1hr. 45mins.

31. DR-1hr. 30mins. Y-No Pro.

February 2005

1. DR-9:20-10:09= 49mins. Y-No Pro.

2. No Pro, Reason Unknown

3. DR-1:20-3:15= 1hr. 55mins. Y-No Pro.  
   Memo took from office #SVP-FAY-05-02-0074

4. DR-1:30-3:15= 1hr. 45mins.

5. DR-10:15-11:15= 1hr.  
   Y-1:20-3:10= 1hr. 50mins.

6. No Pro," "            "

7. Y-9:20-11:25= 2hr. 5mins.  
   DR-1:30-3:10= 1hr. 40mins.

8. No Pro," "            "

9. Y-1:35-3:15= 1hr. 40mins. DR-No Pro.

10. DR-9:40-11:05= 1hr. 25mins.

11. DR-1:25-3:15= 1hr. 15mins. Y-No Pro.

12. DR-9:35-11:15= 1hr. 40mins.

13. No Pro," "            "

14. No Pro," "            "

15. No Pro," "            "

16. No Pro," "            "

17. No Pro," "            "

18. No Pro," "            "

19. No Pro," "            "

20. NO Pro," "            "

21. No Pro," "            "

22. No Pro," "            "

23. Y-9:36-11:35= 1hr. 59mins.  
    DR-1:30-3:15= 1hr. 45mins.

24. No Pro," "            "

25. No Pro,(Staff Funeral)

26. DR-9:10-11:07= 1hr. 57mins.

27. No Pro, Reason Unknown

28. No Pro," "            "

"Y"= Yard.

"DR"= Dayroom

"No Pro"= No Program

(1)

March 2005

1. No Pro, Reason Unknown

2. DR-1hr. 40mins.

3. Y-2hrs. 26mins.
   DR-1hr. 57mins.

4. DR-1hr. 54mins.

5. DR-2hrs. Y-No Pro

6. No Pro,"                    "

7. Y-1hr. 44mins.
   DR-36mins.

8. No Pro,"                    "

9. No Pro,"                    "

10. DR-1hr. 55mins.

11. Y-2hrs. 20mins. DR-No Pro

12. DR-1hr. 45mins.

13. No Pro,"                    "

14. DR-1hr. 40mins.

15. No Pro,"                    "

16. DR-1hr. 17mins.

17. DR-1hr. 30mins. Y-No Pro

18. No Pro,"                    "

19. No Pro,"
    Memo received by C/O Gallaway Log# N/A

20. No Pro, See the 19th above.

21. No Pro,"                    "

22. DR-1hr. 42mins.

23. DR-2hrs.
    Y-2hrs. 20mins.

24. No Pro, Reason Unknown

25. Y-1hr. 52mins. DR-No Pro

26. No Pro,"                    "

27. Y-2hrs. 25mins. DR-No Pro

28. No Pro,"                    "

29. DR-1hr. 42mins. Y-No Pro

30. DR-1hr. 28mins.

31. Y-2hrs. 22mins.
    DR-1hr. 37mins.

"Y"=Yard

"DR"= Dayroom

"No Pro"= No Program

April 2005

1. Y-2hrs. 35mins.
   DR-1hr. 38mins.

2. DR-1hr. 36mins.

3. Y-2hrs. 1min. DR-No Pro

4. DR-1hr. 50mins.

5. Y-2hrs. 18mins.
   DR-1hr. 45mins.

6. DR-1hr. 51mins.

7. DR-1hr. 34mins.
   Y-2hrs. 7mins.

8. DR-1hr. 28mins.

9. DR-1hr. 44mins. Y-No Pro

10. No Pro, Reason Unknown

11. DR-2hrs. 5mins.
    Y-2hrs. 14mins.

12. No Pro,"                    "

13. Y-1hr. 45mins. DR-No Pro

14. No Pro,"                    "

15. No Pro,"                    "

16. DR-1hr. 40mins.

17. No Pro,"                    "

18. No Pro, Lack Of Staff see Memo

19. No Pro,"                    "

20. DR-1hr. 24mins.

21. Y-2hrs. 5mins.
    DR-1hr. 22mins.

22. DR-1hr. 40mins.

23. DR-1hr. 48mins.
    Y-2hrs. 17mins.

24. DR-1hr. 23mins.

25. Y-1hr. 55mins.
    DR-1hr 56mins.

26. DR-1hr. 41mins.

27. DR-1hr. 37mins.
    Y-2hrs. 2mins.

28. DR-1hr. 31mins.

29. No Pro, T.B. Testing

30. No Pro,"                    "

(2)

May 2005

1. No Pro, T.B. Testing
2. No Pro,"     "
3. Y-1hr. 2mins. DR-No Pro
4. DR-1hr. 51mins.
5. Y-2hrs. 15mins. DR-No Pro
6. DR-1hr. 42mins.
7. No Pro, Reason Unknown
8. No Pro,"     "
9. Y-2hrs. 6mins. DR-No Pro
10. DR-1hr.
11. No Pro,"     "
12. No Pro,"     "
13. No Pro,"     "
14. No Pro,"     "
15. No Pro,"     "
16. No Pro,"     "
17. No Pro,"     "
18. No Pro,"     "
19. No Pro,"     "
20. No Pro,"     "
21. No Pro,"     "
22. No Pro,"     "
23. No Pro,"     "
24. DR-1hr. 30mins.
25. DR-1hr 30mins.
    Y-2hrs. 21mins.
26. No Pro,(Potluck for Staff)
27. No Pro, Reason Unknown
28. DR-2hrs. 17mins.
29. DR-1hr. 45mins. Y-No Pro
30. DR-1hr. 35mins.
31. No Pro, (Baton Training for Staff)

June 2005

1. No Pro,(Baton Training for Staff)
2. No Pro,"     "
3. No Pro,(Video Memo, State of
   Emergency, Due to lack of staff)
4. No Pro,"     "
5. No Pro,"     "
6. DR-1hr. 20mins.
   Y-2hrs. 21mins.
7. No Pro,"     "
8. No Pro,"     "
9. No Pro,"     "
10. DR-1hr. 27mins.
11. No Pro,"     "
12. DR-1hr. 7mins.
13. No Pro,"     "
14. No Pro,"     "
15. No Pro,"     "
16. No Pro,"     "
17. DR-1hr. 35mins.
    Y-45mins.
18. No Pro,"     "
19. No Pro,"     "
20. No Pro,"     "
21. DR-1hr. 15mins. Y-No Pro
22. No Pro,"     "
23. No Pro,"     "
24. Y-2hrs. 12mins.
    DR-1hr. 57mins.
25. No Pro,"     "
26. No Pro,"     "
27. No Pro,"     "
28. Y-2hrs. 5mins.
    DR-1hr. 2mins.
29. No Pro,"     "
30. DR-1hr. 10mins.

"Y"= Yard

"DR"= Dayroom

"No Pro"= No Program

(3)

July 2005

1. No Pro, Reason Unknown

2. Y-1hr. 51mins. DR-No Pro

3. No Pro,"            "

4. DR-1hr. 9mins.

5. No Pro,"            "

6. DR-1hr. 10mins.

7. No Pro,"            "

8. DR-1hr. 57mins.

9. No Pro,"            "

10. No Pro,"            "

11. No Pro,"            "

12. No Pro,"            "

13. No Pro,"            "

14. No Pro,"            "

15. No Pro,
    Memo took from office #SVP-FC8-05-07-0458

16. "No Pro,                "

17. "No Pro,                "

18. "No Pro,                "

19. "No Pro,                "

20. "No Pro,                "

21. "No Pro,                "

22. "No Pro,                "

23. "No Pro,                "

24. "No Pro,                "

25. "No Pro,                "

26. "No Pro,                "

27. "No Pro,                "

28. No Pro,
    Memo took from office #SVP-FC8-05-07-0458

29. "No Pro,                "

30. "No Pro,                "

31. "No Pro,                "

August 2005

1. No Pro,"SVP-FC8-05-07-0458"
   Memo took from office

2. "No Pro,                "

3. "No Pro,                "

4. No Pro, #SVP-FC8-05-07-0458,
   Took Memo from office.

5. "No Pro,                "

6. "No Pro,                "

7. "No Pro,                "

8. "No Pro,                "

9. "No Pro,                "

10. "No Pro,                "

11. "No Pro,                "

12. "No Pro,                "

13. "No Pro,                "

14. "No Pro,                "

15. "No Pro,                "

16. No Pro, #SVP-FC8-05-07-0458"
    Took Memo from office.

17. "No Pro,                "

18. "No Pro,                "

19. "No Pro,                "

20. "No Pro,                "

21. "No Pro,                "

22. "No Pro,                "

23. "No Pro,                "

24. "No Pro,                "

25. "No Pro,                "

26. "No Pro,                "

27. "No Pro,                "

28. "No Pro,                "

29. "No Pro,                "

30. "No Pro,                "

31. "No Pro,                "

"Y"= Yard

"DR"= Dayroom

"No Pro"= No Program

September 2005

1. No Pro, Reason Unknown
2. No Pro," "
3. No Pro," "
4. No Pro," "
5. No Pro," "
6. No Pro," "
7. No Pro," "
8. No Pro," "
9. No Pro," "
10. No Pro," "
11. No Pro," "
12. No Pro," "
13. No Pro," "
14. No Pro," "
15. No Pro," "
16. No Pro," "
17. No Pro," "
18. No Pro," "
19. No Pro," "
20. DR-1:40-3:16= 1hr. 36mins.
21. Y-9:16-11:30= 2hrs. 14mins.
    DR-1:28-3:16= 1hr. 48mins.
22. No Pro, Reason Unknown
23. No Pro," "
24. No Pro," "
25. No Pro," "
26. No Pro," "
27. No Pro," "
28. No Pro," "
29. No Pro," "
30. No Pro," "

"Y"= Yard

"DR"= Dayroom

"No Pro"= No Program

October 2005

1. No Pro, Reason Unknown
2. No Pro," "
3. No Pro," "
4. No Pro," "
5. No Pro," "
6. No Pro," "
7. No Pro," "
8. No Pro," "
9. No Pro," "
10. No Pro," "
11. No Pro," "
12. No Pro," "
13. DR-9:20-11:22= 2hrs. 2mins.
    Y-1:35-3:28= 1hr. 53mins.
14. DR-1:50-3:10= 1hr. 20mins.
15. DR-9:12-11:11= 1hr. 59mins.
    Y-1:00-3:34= 2hrs. 34mins.
16. DR- 9:30-11:20= 1hr. 50mins.
17. Y-9:50-11:25= 1hr. 25mins.
    DR-1:22-3:22= 2hrs.
18. DR-1:50-3:13= 1hr. 23mins.
19. DR-10:00-11:15= 1hr. 15mins.
    Y-1:35-3:25= 1hr. 50mins.
20. No Pro," "
21. Y-9:20-11:34= 2hrs. 14mins.
    DR-1:15-3:09= 1hr. 54mins.
22. DR-1:40-3:13= 1hr. 33mins.
23. Y-1:10-3:27= 2hrs. 17mins. DR-No Pro
24. No Pro," "
25. No Pro," "
26. No Pro," "
27. DR-9:20-11:04= 1hr. 44mins.
    Y-1:14-3:23= 2hrs. 9mins.
28. DR-9:20-11:08= 1hr. 48mins.
29. Y-9:25-11:30= 2hrs. 5mins.
    DR-1:30-3:12= 1hr. 42mins.
30. DR-1:45-3:11= 1hr. 26mins.
31. No Pro," "

(5)

November 2005

1. No Pro, Reason Unknown
2. No Pro," "
3. No Pro," "
4. No Pro," "
5. No Pro," "
6. No Pro," "
7. No Pro," "
8. No Pro," . "
9. Y-1:12-1:17= 5mins. DR-No Pro
10. No Pro," "
11. No Pro," "
12. No Pro," "
13. No Pro," "
14. No Pro," "
15. No Pro," "
16. No Pro," "
17. Y-1:35-3:35= 2hrs. DR-No Pro
18. DR-9:45-11:15= 1hr. 30mins.
19. Y-9:25-11:15= 2hrs. 5mins.
    DR-2:25-3:10= 45mins.
20. DR-1:20-3:05= 1hr. 45mins.
21. DR-9:20-11:15= 1hr. 55mins.
    Y-1:35-3:25= 1hr. 50mins.
22. DR-9:35-11:20= 1hr. 45mins.
23. DR-1:35-3:14= 1hr. 39mins. Y-No Pro
24. DR-1:20-2:45= 1hr. 25mins.
25. DR-9:40-11:05= 1hr. 25mins.
    Y-1:03-3:30= 2hrs. 27mins.
26. DR-9:30-11:30= 2hrs.
27. No Pro," "
28. No Pro," "
29. No Pro," "
30. No Pro," "

"Y"= Yard

"DR"= Dayroom

"No Pro"= No Program

December 2005

1. No Pro, Reason Unknown
2. No Pro," "
3. NO Pro," "
4. No Pro," "
5. No Pro," "
6. No Pro," "
7. No Pro," "
8. No Pro," "
9. No Pro," "
10. No Pro," "
11. No Pro," "
12. No Pro," "
13. No Pro," "
14. No Pro," "
15. Y-9:42-11:30= 1hr. 48mins.
    DR-2:00-3:16= 1hr. 16mins.
16. DR-2:10-3:17= 1hr. 7mins.
17. DR-10:15-11:20= 1hr. 5mins.
    Y-1:10-3:27= 2hrs. 17mins.
18. DR-9:30-10:54= 1hr. 24mins.
19. Y-9:15-10:05= 50mins.
    DR-1:10-3:00= 1hr. 50mins.
20. Church Services
21. DR-9:33-11:03= 1hr. 30mins. Y-No Pro
22. DR-9:20-11:00= 1hr. 40mins.
23. DR-2:10-3:16= 1hr. 6mins. Y-No Pro
24. No Pro," "
25. DR-9:30-11:00= 1hr. 30mins.
    Y-1:30-3:00= 1hr. 30mins.
26. DR-9:20-11:06= 1hr. 46mins.
27. Y-9:20-11:15= 1hr. 55mins. DR-No Pro
28. DR-1:25-3:00= 1hr. 35mins.
29. No Pro," "
30. DR-9:30-11:00= 1hr. 30mins.
31. Y-9:17-11:13= 1hr. 56mins.
    DR-1:30-3:00= 1hr. 30mins.

January 2006

1. No Pro, <u>Reason Unknown</u>
2. DR-10:10-11:20= 1hr. 10mins.
3. No Pro, Cell Fight (Inmate Death)
4. DR-2:30-3:15= 45mins.
5. DR-9:30-11:08= 1hr. 38mins.
   Y-1:25-3:32= 2hrs. 7mins.
6. DR-9:30-11:00= 1hr. 30mins.
7. DR-1:19-3:15= 1hr. 56mins. <u>Y-No Pro</u>,
   Due to lost/Stolden Calculators from Education.
8. DR-1:25-3:15=  1hr. 50mins.
9. DR-9:40-11:10= 1hr. 30mins. <u>Y-No Pro</u>
10. DR-9:35-11:05= 1hr. 30mins.
11. Y-9:09-11:27= 2hrs. 18mins.
    DR-1:40-3:17= 1hr. 37mins.
12. DR-2:00-2:30= 30mins.
13. Y-1:15-3:20= 2hrs. 5mins. <u>DR-No Pro</u>
14. DR-9:35-11:18= 1hr. 43mins.
15. Y-9:25-11:25= 2hrs.
    DR-1:10-3:20= 2hrs. 10mins.
16. DR-1:25-3:15= 1hr. 50mins.
17. DR-9:45-11:10= 1hr. 25mins.
    Y-1:22-3:22= 2hrs.
18. DR-9:30-11:00= 1hr. 30mins.
19. No Pro, Fight (Isolated Incident)
20. No Pro, Cell Fight (Isolated Incident)
    Memo took from office #SVP-FA2-06-01-0049
21. "No Pro,                                    "
22. "No Pro,                                    "
23. No Pro, Cell Fight (Isolated Incident)
24. "No Pro,                                    "
25. "No Pro,                                    "
26. "No Pro,                                    "
27. "No Pro, Treat Assessment Signed           "
28. "No Pro,                                    "
29. "No Pro,                                    "
30. "No Pro,                                    "
31. "No Pro,                                    "

"Y"= Yard
"DR"= Dayroom
"No Pro"= No Program

February 2006

1. No Pro, <u>Reason Unknown</u>
2. No Pro,"                 "
3. No Pro,"                 "
4. No Pro,"                 "
5. No Pro,"                 "
6. No Pro,"                 "
7. No Pro,"                 "
8. No Pro,"                 "
9. No Pro,"                 "
10. No Pro,"                 "
11. No Pro,"                 "
12. No Pro,"                 "
13. No Pro,"                 "
14. No Pro,"                 "
15. No Pro,"                 "
16. No Pro,"                 "
17. No Pro,"                 "
18. No Pro,"                 "
19. No Pro,"                 "
20. No Pro,"                 "
21. No Pro,"                 "
22. DR-9:32-11:20= 1hr. 48mins.
23. Y-9:15-11:30= 2hrs. 15mins.
    DR-1:12-3:15= 2hrs. 3mins.
24. DR-1:40-3:12= 1hr. 32mins.
25. Y-9:00-11:30= 2hrs. 30mins.
    DR-1:25-3:15= 1hr. 50mins.
26. DR-10:03-11:03= 1hr.
27. DR-9:04-11:10= 2hrs. 6mins.
    Y-1:16-3:20= 2hrs. 4mins.
28. No Pro, <u>Reason Unknown</u>

March 2006

1. Y-9:20-11:30= 2hrs. 10mins.
   DR-2:36-3:00= 24mins.

2. DR-2:15-3:05= 50mins.

3. DR-9:26-11:00= 1hr. 34mins. Y-No Pro

4. DR-9:35-11:00= 1hr. 25mins.

5. Y-9:05-11:25= 2hrs.20mins.
   DR-1:32-3:00= 1hr. 28mins.

6. DR-1:17-3:15= 1hr. 58mins.

7. DR-9:18-11:00= 1hr. 42mins.
   Y-1:10-3:25= 2hrs. 15mins.

8. DR-9:55-11:00= 1hr. 5mins.

9. Y-9:10-11:30= 2hrs. 20mins.
   DR-1:20-3:15= 1hr. 55mins.

10. DR-1:22-3:10= 1hr. 48mins.

11. DR-9:30-11:00= 1hr. 30mins. Y-No Pro

12. DR-9:30-11:00= 1hr. 30mins.

13. Y-9:07-11:30= 2hrs. 23mins.
    DR-1:12-3:15= 2hrs. 3mins.

14. DR-1:30-3:10= 1hr. 40mins.

15. DR-9:15-10:40= 1hr. 25mins.
    Y-1:20-3:30= 2hrs. 10mins.

16. DR-9:30-11:00= 1hr. 30mins.

17. Y-9:15-11:30= 2hrs. 15mins.
    DR-1:30-3:10= 1hr. 40mins.

18. DR-1:30-3:10= 1hr. 40mins.

19. No Pro, Reason Unknown

20. DR-9:20-11:10= 1hr. 50mins.

21. Y-9:10-11:30= 2hrs. 20mins. DR-No Pro

22. DR-1:35-3:17= 1hr. 42mins.

23. DR-9:25-11:00= 1hr. 35mins.
    Y-1:05-3:20= 2hrs. 15mins.

24. DR-9:20-11:10= 1hr. 50mins.

25. No Pro, Pan Lid Missing
    Memo took from Office Log# N/A

26. "No Pro,                    "

27. "No Pro,                    "

28. "No Pro,                    "

29. "No Pro,                    "

30. "No Pro,                    "

31. "No Pro,                    "

April 2006

1. No Pro, Reason Unknown

2. "No Pro,                    "

3. "No Pro,                    "

4. "No Pro,                    "

5. "No Pro,                    "

6. "No Pro,                    "

7. "No Pro, Signed Threat Assessment"

8. "No Pro,                    "

9. "No Pro,                    "

10. "No Pro,                    "

11. "No Pro,                    "

12. DR-9:25-11:05= 1hr. 40mins.

13. Y-9:08-11:30= 2hrs. 22mins.
    DR-1:30-3:15= 1hr. 45mins.

14. DR-1:35-2:45= 1hr. 10mins.

15. DR-9:35-11:00= 1hr. 25mins.
    Y-1:06-3:10= 2hrs. 4mins.

16. DR-9:35-11:05= 1hr. 30mins.

17. Y-9:12-11:27= 2hrs. 15mins.
    DR-1:55-3:05= 1hr. 10mins.

18. DR-1:25-3:10= 1hr. 45mins.

19. DR-9:28-11:00= 1hr. 32mins.
    Y-1:10-3:30= 2hrs. 20mins.

20. DR-9:25-11:00= 1hr. 35mins.

21. Y-9:25-11:05= 1hr. 40mins.
    DR-1:35-3:10= 1hr. 35mins.

22. DR-1:27-3:07= 1hr. 40mins.

23. No Pro, Reason Unknown

24. DR-9:28-10:51= 1hr. 23mins.

25. No Pro,"                    "

26. No Pro, Signed Threat Assessment

27. Y-1:10-3:30= 2hrs. 20mins. DR-No Pro

28. DR-9:40-10:48= 1hr. 8mins.

29. No Pro, T.B. Testing

30. DR-10:23-11:20= 57mins.


"Y"= Yard

"DR"= Dayroom

"No Pro"= No Program

(8)

May 2006

1. No Pro, Reason Unknown

2. DR-9:23-10:48= 1hr. 25mins.

3. Y-9:06-11:04= 1hr. 58mins.
   DR-1:26-3:13= 1hr. 47mins.

4. No Pro, Reason Unknown

5. DR-9:37-10:44= 1hr. 7mins.
   Y-1:17-3:26= 2hrs. 9mins.

6. DR-9:45-10:45= 1hr.

7. Y-9:15-10:59= 1hr. 44mins.
   DR-1:26-3:11= 1hr. 45mins.

8. DR-1:40-3:13= 1hr. 33mins.

9. DR-9:45-10:50= 1hr. 5mins.
   Y-1:06-3:26= 2hrs. 20mins.

10. No Pro, Reason Unknown

11. Y-9:00-11:00= 2hrs. DR-No Pro

12. DR-1:27-3:00= 1hr. 33mins.

13. DR-9:40-10:50= 1hr. 10mins.
    Y-1:02-3:20= 2hrs. 18mins.

14. DR-9:55-10:50= 55mins.

15. Y-9:37-11:00= 1hr. 23mins.
    DR-1:22-3:00= 1hr. 38mins.

16. DR-1:20-2:30= 1hr. 10mins.

17. DR-10:25-11:14= 49mins.
    Y-1:10-3:20= 2hrs. 10mins.

18. DR-9:58-11:15= 1hr. 17mins.

19. Y-9:09-11:00= 1hr. 51mins.
    DR-1:18-3:17= 1hr. 59mins.

20. DR-1:27-3:14= 1hr. 47mins.

21. DR-9:00-11:00= 2hrs. Y-No Pro

22. DR-9:26-11:08= 1hr. 42mins.

23. Y-9:03-11:20= 2hrs. 17mins.
    DR-1:28-3:14= 1hr. 46mins.

24. No Pro, Reason Unknown

25. No Pro," "

26. No Pro,*(Isolated Incidents)

27. No Pro,"*SVP-FAY-06-05-0317 "

28. No Pro," "

29. No Pro," "

30. No Pro," "

31. No Pro," "

June 2006

1. No Pro, Reason Unknown

2. No Pro," "

3. No Pro,Signed Threat Assessment

4. No Pro," "

5. No Pro," "

6. No Pro," "

7. No Pro," "

8. No Pro," "

9. No Pro," "

10. No Pro," "

11. No Pro," "

12. No Pro," "

13. No Pro," "

14. No Pro," "

15. No Pro," "

16. No Pro," "

17. No Pro," "

18. No Pro," "

19. No Pro," "

20. No Pro, Searched

21. No Pro," "

22. No Pro," "

23. No Pro," "

24. No Pro," "

25. No Pro," "

26. No Pro," "

27. DR-9:25-11:08= 1hr. 43mins.
    Y-1:06-3:29= 2hrs. 23mins.

28. DR-9:36-11:05= 1hr. 29mins.

29. Y-9:10-11:25= 2hrs. 15mins.
    DR-1:45-3:06= 1hr 21mins.

30. DR-1:26-3:12= 1hr. 46mins.

"Y"= Yard

"DR"= Dayroom

"No Pro"= No Program

July 2006

1. No Pro, Threat on Staff
2. No Pro," "
3. No Pro," "
4. No Pro,
   Signed Treat Assessment
5. No Pro," "
6. DR-1:32-3:10= 1hr. 38mins.
7. Y-10:00-11:25= 1hr. 25mins
   DR-2:25-3:10= 45mins.
8. DR-1:22-2:42= 1hr. 20mins.
9. DR-10:25-11:10= 45mins.
   Y-1:05-3:25= 2hrs. 20mins.
10. DR-9:40-11:00= 1hr. 20mins
11. Y-9:17-11:27= 2hrs. 10mins.
    DR-2:10-2:58= 48mins.
12. DR-1:40-1:57= 17mins.
13. DR-10:22-11:02= 40mins.
    Y-1:05-3:25= 2hrs. 20mins.
14. DR-10:08-11:11= 1hr. 3mins.
15. Y-9:15-11:29= 2hrs. 14mins.
    DR-1:22-3:02= 1hr. 40mins.
16. DR-1:40-3:10= 1hr. 30mins.
17. DR-9:27-11:08= 1hr. 41mins.
    Y-1:18-3:25= 2hrs. 7mins.
18. DR-9:32-11:10= 1hr. 38mins.
19. No Pro, Lost Spoon Main Kitchen,
    Memo received by inmate. Log# N/A
20. "No Pro, "
21. "No Pro, "
22. "No Pro, "
23. "No Pro, "
24. "No Pro, "
25. "No Pro, "
26. "No Pro, "

27. No Pro
28. No Pro
29. No Pro
30. No Pro
31. No Pro

"Y"= Yard

"DR"= Dayroom

"No Pro"= No Program

August 2006

1. DR-9:15-11:15= 2hrs.
   Y-1:13-3:26= 2hrs. 13mins.

3. Y-1:07-3:24= 2hrs. 17mins.

4. DR-9:30-11:12= 1hr. 42mins.

5. Y-9:15-11:30= 2hrs. 15mins.
   DR-1:43-3:09= 1hr. 26mins.

6. DR-1:25-3:20= 1hr. 55mins.

7. DR-9:20-11:13= 1hr. 53mins.
   Y-1:04-3:25= 2hrs. 21mins.

8. DR-9:10-11:10= 2hrs.

9. Y-9:04-11:28= 2hrs. 24mins.
   DR-1:15-3:15= 2hrs.

10. DR-1:23-3:12= 1hr. 49mins.

11. Y-1:04-3:27= 2hrs. 23mins.

12. DR-9:38-11:13= 1hr. 35mins.

14. DR-1:24-3:16= 1hr. 52mins.

15. DR-9:11-11:11= 2hrs.
    Y-1:03-1:11= 8mins. Code 2 "C" yard.
    Y-2:13-3:23= 1hr. 10mins.

16. DR-9:14-11:14= 2hrs.

17. Y-9:05-11:30= 2hrs. 25mins.
    DR-1:18-1:40= 22mins.

18. DR-1:22-2:19= 58mins.

19. DR-9:20-11:15= 1hr. 55mins.
    Y-1:22-3:18= 1hr. 56mins.

20. DR-9:19-11:14= 1hr. 55mins.

21. Y-9:05-11:25= 2hrs. 20mins.
    DR-2:19-3:12= 53mins.

22. DR-2:15-3:05= 50mins.

23. DR-9:37-11:12= 1hr. 35mins.
    Y-1:12-3:25= 2hrs. 13mins.

24. No Pro, Law Library

25. Y-9:15-11:25= 2hrs. 10mins.
    No Pro, Law Library

26. DR-1:20-3:11= 1hr. 51mins.

27. DR-9:15-11:07= 1hr. 52mins.
    Y-1:15-3:25= 2hrs. 10mins.

28. DR-10:04-11:13 51mins.

29. Y-9:35-11:30= 1hr. 55mins.
    DR-1:10-3:10= 2hrs.

30. DR-1:25-3:16= 1hr. 51mins.

31. Y-1:38-3:25= 1hr. 47mins.
    DR-No Pro

No Pro= No Program.

Y=Yard Time

DR=Day Room

(11)

September 2006

1. Y-9:10-11:25= 2hrs. 15mins.
   DR-No Pro

2. DR-1:15-3:15= 2hrs.

3. Y-9:12-11:25= 2hrs. 13mins.
   DR-1:22-3:10= 1hr. 48mins.

4. DR-9:20-11:12= 1hr. 52mins

5. DR-9:46-11:05= 1hr. 19mins.
   Y-1:00-3:25= 2hrs. 25mins.

6. No Pro, told lack of staff.

7. Y-9:00-11:25= 2hrs. 25mins.
   DR-1:21-3:08= 1hr. 47mins.

8. DR-9:56-11:12= 1hr. 16mins.

9. Y-1:00-3:25= 2hrs. 25mins.
   DR-No Pro

10. DR-1:25-3:12= 1hr. 47mins.

11. Y-9:15-11:25= 2hrs. 10mins.
    DR-1:10-3:10= 2hrs.

12. No Pro, Reason Unknown.

13. DR-No Pro
    Y-1:06-3:25= 2hrs. 19mins.

14. DR-1:03-3:15= 2hrs. 12mins.

15. Y-9:20-11:25= 2hrs. 5mins.
    DR-No Pro

16. DR-9:40-11:13= 1hr. 33mins.

17. DR-9:20-11:13= 1hr. 53mins.
    Y-1:13-3:25= 2hrs. 12mins.

18. DR-1:11-3:11= 2hrs.

19. Y9:12-11:29= 2hrs. 17mins.
    DR-1:13-2:17= 1hr. 4mins.
                  "Lack Of Staff"

20. No Pro, Law Library

21. No Pro, Reason Unknown.

22. DR-1:41-3:11= 1hr. 30mins.
    No Pro, Morning due to camera
    crew in cell A3-222, was told
    for a documentary film for
    National Geographic.

23. Y-10:47-11:25= 38mins. told that
    film crew needed shot of prisoners on the yard,(helicopter fly over).

24. DR-1:17-3:11= 1hr. 54mins.

25 DR-9:45-11:12= 1hr. 27mins.
   Y-1:05-3:25= 2hrs. 20mins.

26. DR-9:26-11:09= 1hr. 43mins.

27. Y-9:26-11:26= 2hrs.
    DR-No Pro

28. DR-1:25-3:10= 1hr. 45mins.

29. DR-No Pro
    Y-1:13-3:25= 2hrs. 12mins.

30. DR-9:16-11:12= 1hr. 56mins.

No Pro= No Program.

Y= Yard Time.

DR= Dayroom Time.

October 2006

1. Y-9:40-11:10= 1hr. 30mins.
   DR-No Pro, Past out Pizza's

2. DR-9:30-11:15= 1hr. 45mins.
   Y-1:37-3:20= 1hr. 43mins.

3. DR-1:13-3:16= 2hrs. 3mins.

4. No Pro, Some thing happened
   in the GYM housing level III
   inmates.

5. Y-9:15-11:24= 2hrs. 9mins.
   DR-1:25-3:15= 1hr. 55mins.

6. No Pro, Reason Unknown.

7. DR-9:16-11:16= 2hrs.
   Y-1:16-3:26= 2hrs. 10mins.

8. DR-9:10-11:10= 2hrs.

9. Y-9:08-11:28= 2hrs. 20mins.
   DR-1:28-3:13= 1hr. 45mins.

10. DR-1:13-3:13= 2hrs.

11. DR-9:28-11:10= 1hr. 42mins.
    Y-1:15-3:24= 2hrs. 9mins.

12. DR-9:13-11:13= 2hrs.

13. Y-10:00-11:26= 1hr. 26mins.
    DR-1:32-3:10= 1hr. 38mins.

14. Law Library

15. DR-9:30-11:00= 1hr. 30mins.
    Y-No Pro

16. No Pro, Reason Unknown.

17. Y-9:25-11:25= 2hrs.
    DR-1:25-3:13= 1hr. 48mins.

18. DR-1:12-3:10= 1hr. 58mins.

19. DR-9:20-11:15= 1hr 55mins.
    Y-1:23-3:25= 2hrs. 1min.

20. DR-9:30-11:05= 1hr. 35mins.

21. Y-9:10-11:20= 2hrs. 10mins.
    DR-2:34-3:15= 41mins.

22. DR-1:30-3:10= 1hr. 40mins.

23. DR-No Pro, Reason Unknown.
    Y-1:00-3:25= 2hrs. 25mins.

24. Law Library

25. No Pro, Possible Staff Treat

26. No Pro

27. No Pro, Signed treat assessment

28. No Pro

29. No Pro

30. No Pro

31. No Pro

No Pro= No Program.

Y= Yard Time.

DR= Dayroom.

November 2006

1. No Pro

2. DR-1:30-3:15= 1hr. 45mins.

3. Y-915-11:25= 2hrs. 10mins.
   DR-1:56-3:10= 1hr. 14mins.

4. DR-9:35-11:05= 1hr. 30mins.

5. DR-9:25-11:05= 1hr. 17mins.
   Y-1:05-3:25= 2hrs. 20mins.

6. DR-1:25-2:42= 1hr. 17mins.

7. Y-10:00-11:25= 1hr. 25mins.
   DR-1:25=3:00= 1hr. 35mins.

8. DR-9:25-11:10= 1hr. 45mins.

9. DR-9:20-11:18= 1hr. 58mins.
   Y-No Pro

10. DR-1:34-3:00= 1hr. 26mins.

11. Y-9:15-11:25= 2hrs. 10mins.
    DR-1:27-3:10= 1hr. 43mins.

12. DR-9:14-11:00= 1hr. 41mins.

13. DR-9:15-11:10= 1hr. 55mins.
    Y-1:15-3:25= 2hrs. 10mins.

14. DR-1:28-3:10= 1hr. 42mins.

15. No Pro

16. No Pro

17. No Pro

18. No Pro

19. No Pro

20. No Pro

21. No Pro

22. No Pro

23. No Pro

24. No Pro

25. No Pro

26. No Pro

27. No Pro

28. No Pro

29. No Pro

30. No Pro

"Y" = Yard

"DR" = Dayroom

"No Pro" = No Program

December 2006

1. No Pro

2. No Pro

3. No Pro

4. No Pro

5. No Pro

6. DR-9:40-11:10= 1hr. 30mins.

7. DR-9:43-11:15= 1hr. 32mins.
   Y-1:40-3:06= 1hr. 26mins.

8. No Pro

9. No Pro, Told lack of staff.

10. No Pro, "              "

11. DR-10:32-11:30= 58mins.
    Y-1:26-3:25= 1hr. 59mins.

12. Law Library

13. Y-9:11-11:29= 2hrs. 18mins.
    No-DR

14. No Pro

15. DR-9:40-11:15= 1hr. 35mins.
    Y-1:20-3:25= 2hrs. 5mins.

16. DR-1:16-3:15= 1hr. 59mins.

17. DR-1:47-3:07= 1hr. 34mins.
    No-Yard

18. DR-9:30-11:14= 1hr. 44mins.

19. DR-9:20-11:10= 1hr. 50mins.
    Y-1:22-3:25= 2hrs. 3mins.

20. No Pro

21. No Pro

22. No Pro

23. No Pro

24. No Pro

25. No Pro

26. No Pro

27. No Pro

28. No Pro

29. No Pro

30. No Pro

31. No Pro

January 2007

1. No Pro

2. No Pro

3. No Pro, Searched.

4. No Pro

5. No Pro

6. No Pro

7. No Pro

8. No Pro

9. No Pro

10. No Pro, Interviews

11. No Pro

12. No Pro

13. No Pro

14. No Pro

15. No Pro, Filed another CDC 602 on "Outside Exercise".

16. No Pro

17. Y-9:25-11:25= 2hrs.
    DR-1:40-3:19= 1hr. 30mins.

18. DR-9:32-11:10= 1hr. 38mins.

19. DR-9:20-10:48= 1hr. 28mins.
    Y-No Pro, Kite stating 22 bullets on yard.

20. No Pro

21. No Pro

22. No Pro

23. Interviews, No Pro

24. No Pro

25. No-Yard
    DR-1:10-3:10= 2grs.

26. DR-9:30-11:10= 1hr. 40mins.

27. DR-9:40-11:15= 1hr. 35mins.
    Y-1:25-3:25= 2hrs.

28. DR-1:50-3:10= 1hr. 20mins.

29. Y-9:10-11:25= 2hrs. 15mins.
    DR-1:32-3:20= 1hr. 48mins.

30. DR-9:36-11:10= 1hr. 34mins.
    Lock down for lost spoon in main kitchen.

31. DR-9:55-11:10= 1hr. 15mins.
    Y-1:15-3:25= 2hrs. 10mins.

"Y" =Yard

"DR" = Dayroom

"No Pro" = No Program

(15)

February 2007

1. Y-9:20-11:25= 2hrs. 5mins.
   No-DR

2. DR-1:20-3:10=1hr. 50mins.

3. No Pro, Lack of staff on
   Super bowl weekend.

4. No Pro

5. No Pro

6. DR-1:16-3:10= 1hr. 54mins.

7. DR-9:17-11:10= 1hr. 53mins.
   Y-1:04-1:52= 48mins.

8. DR-9:35-11:10= 1hr. 35mins.

9. Law Library, No-Yard
   DR-1:25-3:00= 1hr. 35mins.

10. DR-1:20-3:12= 1hr. 52mins.

11. DR-9:20-11:10= 1hr. 50mins.
    Y-1:20-3:20= 2hrs.

12. DR-9:09-10:41= 1hr. 32mins.

13. Y-9:06-11:25= 2hrs. 19mins.
    DR-1:05-3:10= 2hrs. 5mins.

14. No Pro, A kite again said to be
    found as a threat on staff.
    (See attached) Plan OP's

15. No Pro

16. No Pro

17. No Pro, Interviews

18. No Pro

19. No Pro

20. No Pro

21. no Pro

22. No Pro

23. No Pro

24. No Pro

25. No Pro

26. No Pro

27. No Pro, Searched

28. No Pro

"Y" = Yard

"DR" = Dayroom

"No Pro" = No Program

March 2007

1. No Pro

2. No Pro

3. No Pro

4. No Pro

5. No Pro

6. No Pro, Lack Of Staff?

7. DR-9:30-11:10= 1hr. 40mins.
   Y-1:35-3:24= 1hr. 49mins.

8. DR-9:40-11:10= 1hr. 30mins.

9. No Pro, T.B. testing

10. DR-1:30-3:15= 1hr. 45mins.

11. DR-9:15-11:15= 2hrs.
    Y-1:06-3:25= 2hrs. 19mins.

12. No Pro, T.B. testing

13. Y-10:06-11:25= 1hr. 19mins.
    DR-1:13-3:00= 1hr. 47mins.

14. DR-2:06-3:10= 1hr. 4mins.

15. NO-DR
    Y-1:15-3:25= 2hrs. 10mins.

16. DR-9:30-11:05= 1hr. 35mins.

17. No Pro

18. No Pro

19. DR-10:30-11:25= 55mins.
    Y-1:05-3:25=2hrs. 20mins.

20. DR-9:30-11:15= 1hr. 45mins.

21. Y-9:10-11:25= 2hrs. 15mins.
    DR-1:13-3:09= 1hr. 56mins.

22. DR-1:16-3:10= 1hr. 54mins.

23. DR-9:20-11:05= 1hr. 45mins.
    Y-1:30-3:23= 1hr. 53mins.

24. DR-9:30-11:09= 1hr. 39mins.

25. No Pro

26. DR-1:13-3:10= 1hr. 57mins.

27. DR-9:22-11:12= 1hr. 50mins.
    Law Library, No-Yard

28. DR-9:17-11:05= 1hr. 48mins.

29. Y-9:05-11:25= 2hrs. 20mins.
    DR-1:10-3:14= 2hrs. 4mins.

30. DR-1:26-3:06= 1hr. 40mins.

31. No Pro

April 2007

1. No Pro

2. No Pro

3. Y-9:15-11:25= 2hrs. 10mins.
   DR-1:15-3:05= 1hr. 50mins.

4. No Pro

5. DR-9:17-11:04= 1hr. 47mins.

6. No Pro

7. Law Library, No-Yard
   DR-1:20-3:00= 1hr. 40mins.

8. No Pro

9. DR-2:45-3:10= 25mins.
   No-Yard

10. DR-1:15-3:10= 1hr. 55mins.

11. Law Library, No-Yard
    DR-1:40-3:15- 1hr. 35mins.

12. DR-9:30-10:31= 1hr. 1min.

13. No Pro

14. Y-9:15-11:25= 2hrs. 10mins.
    DR-1:37-2:30= 53mins.

15. No Pro

16. DR-9:18-11:15= 1hr. 57mins.
    Y-1:20-3:20= 2hrs.

17. DR-9:30-11:05= 1hr. 35mins.

18. Law Library, No-Yard
    Medical, No-Dayroom

19. DR-1:30-3:20= 1hr. 50mins.

20. DR-9:12-11:12= 2hrs.
    Y-1:10-3:25= 2hrs. 15mins.

21. No Pro

22. DR-1:20-3:13= 1hr. 53mins.
    No-Yard

23. DR-1:15-3:13= 1hr. 57mins

24. Y-9:17-11:25= 2hrs. 8mins.
    DR-1:20-3:10= 1hr. 50mins.

25. DR-9:23-11:10= 1hr. 47mins.

26. Y-9:25-11:25= 2hrs.
    DR-1:25-3:10= 1hr. 45mins.

27. No Pro

28. DR-9:12-11:10- 1hr. 58mins.
    Y-1:10-3:20= 2hrs. 10mins.

29. No Pro

30. DR-1:23-3:13= 1hr. 50mins.
    No-Yard

"Y" = Yard

"DR" = Dayroom

"No Pro" = No Program

(17)

May 2007

1. No Pro, Isolated incident.
2. No Pro
3. No Pro
4. No Pro
5. No Pro
6. No Pro
7. No Pro
8. No Pro
9. No Pro
10. No Pro
11. No pro
12. No Pro
13. No Pro
14. No Pro
15. No Pro
16. No Pro
17. No Pro
18. No Pro
19. No Pro
20. No Pro
21. No Pro
22. No pro
23. No Pro
24. No Pro
25. No Pro
26. No Pro
27. No Pro
28. No Pro
29. No Pro
30. DR-9:19-11:30= 2hrs 11mins
31. Law Library, No-DR
    Y-1:11-3:25= 2hrs. 14mins.

"Y" = Yard
"DR" = Dayroom
"No Pro" = No Program

June 2007

1. Y-9:10-11:25= 2hrs. 15mins.
   No-DR
2. No Pro
3. No Pro
4. No Pro
5. No Pro,Slashing in 4 Blk.
6. No Pro
7. No-Y, Medical
   DR-2:10=3:10= 1hr.
8. No-DR, Law Library
9. DR-10:00-11:00= 1hr.
   Y-1:15-3:25= 2hrs. 10mins.
10. No Pro
11. DR-9:30-11:15= 1hr. 45min.
    No-Y
12. DR-1:20-3:10= 1hr. 50mins.
13. No Pro
14. DR-9:30-11:30= 2hrs.
15. DR-9:55-11:11= 1hr. 16mins.
    Y-1:39-3:24= 1hr. 45mins.
16. No Pro
17. No Pro
18. No Pro
19. No-DR
    Y-1:15-3:25= 2hrs. 10mins.
20. No Pro
21. No-Y
    DR-1:45-3:10= 1hr. 25mins.
22. No Pro
23. No Pro
24. No Pro
25. DR-1:17-3:17= 2hrs.
26. DR-9:28-11:14= 1hr. 46mins
27. DR-9:20-11:15= 1hr. 55mins.
28. DR-1:04-3:10= 2hrs. 6mins.
29 Y-9:20-11:25= 2hrs. 5mins
   DR-1:23-3:15= 1hr. 52mins.
30. DR-9:11-10:59= 1hr. 48mins.

July 2007

1. DR-9:18-11:06= 1hr. 48mins.
   Y-1:19-2:40= 1hr. 21mins.

2. No Pro

3. Y-9:15-11:25= 2hrs. 10mins.
   DR-1:24-3:14= 1hr. 50mins.

4. DR-9:21-11:10= 1hr. 49mins.

5. DR-9:08-11:20= 2hrs. 12mins.
   No-Y

6. DR-1:09-3:18- 2hrs. 9mins.

7. Y-9:06-11:24= 2hrs. 18mins.
   DR-1:10-3:11= 2hrs. 1min.

8. No Pro

9. DR-9:41-11:12= 1hr. 31mins.
   Y-2:03-3:29= 1hr. 26mins.

10. DR-1:01-3:11= 2hrs. 10mins.

11. No-Y
    DR-1:20-3:14= 1hr. 54mins.

12. Y-1:10-3:25= 2hrs. 15mins.

13. DR-9:33-11:13= 1hr. 40mins.
    No-Y

14. Y-10:13-11:26= 1hr. 13mins.
    DR-1:35-2:27= 52mins.

15. DR-1:30-3:12= 1hr. 42mins.

16. DR-10:26-11:14= 48mins.
    Y-1:11-3:25= 2hrs. 14mins.

17. DR-9:11-11:08= 1hr. 57mins

18. DR-1:42-2:11= 29mins.

19. Y-9:15-11:28= 2hrs. 13mins.
    DR-1:15-3:14= 1hr. 59mins.

20. DR-9:18-11:12= 1hr. 54mins.

21. DR-9:35-11:10= 1hr. 35mins.
    Y-2:30-3:25= 55mins.

22. DR-2:10-3:19= 1hr. 9mins.

23. Y-10:05-11:23= 1hr. 27mins.
    DR-1:21-3:11= 1hr. 50mins.

24. DR-9:20-11:10= 1hr. 50mins

25. DR-9:30-11:11= 1hr. 41mins.
    Y-1:05-3:24= 2hrs. 19mins.

26. DR-1:24-3:10= 1hr. 46mins.

27. Y-9:18-11;29= 2hrs. 11mins.
    DR-1:20-1:51= 31mins.

28. No Pro

29. No Pro

30. No Pro

31. Y-9:20-11:25= 2hrs. 5mins.
    No-DR

"Y" = Yard
"DR" = Dayroom
"No Pro" = No Program

August 2007

1. No Pro

2. DR-9:10-11:10= 2hrs.

3. No Pro

4. DR-1:12-3:02= 1hr. 50mins.

5. No Pro

6. No Pro

7. DR-1:07-3:18= 2hrs. 11mins.
   No-Y

8. No Pro

9. No Pro

10. DR-9:55-11:11= 1hr 16mins.
    Y-1:10-3:10= 2hrs.

11. No Pro

12. DR-9:36-11:11= 1hr. 35mins.

13. No Pro

14. DR-9:27-11:12= 1hr. 45mins.

15. Y-9:20-11:20= 2hrs.
    DR-1:32-3:12= 1hr. 40mins.

16. DR-1:19-3:14= 1hr. 55mins.

17. No Pro

18. DR-9:26-11:11= 1hr. 45mins.

19. No Pro

20. No Pro

21. No Pro

22. No Pro

23. No Pro

24. No Pro

25. No Pro

26. No Pro

27. No Pro

28. No Pro

29. No Pro

30. No Pro

31. Y-9:08-11-28= 2hrs. 20mins.
    No-DR

"Y" = Yard
"DR" = Dayroom
"No Pro" = No Program

(20)

September 2007

1. DR-9:26-11:11= 1hr. 45mins.
   No-Y

2. DR-1:29-3:12= 1hr. 43mins.

3. DR-9:13-11:18= 2hrs. 5mins.
   No-Y

4. DR-1:10-3:10= 2hrs.

5. Y-9:17-11:28= 2hrs. 11mins.
   DR-1:20-3:12= 1hr. 52mins.

6. DR-9:16-11:09= 1hr. 53mins.

7. DR-9:45-11:25= 1hr. 40mins.
   Y-1:10-3:21= 2hrs. 11mins.

8. Staff funeral, No Pro.

9. Y-9:24-11:25= 2hrs. 1min.
   DR-1:15-3:10= 1hr. 55mins.

10. DR-9:35-11:15= 1hr. 40mins.

11. DR-10:12-11:15= 1hr. 3mins.
    Y-1:09-3:20= 2hrs. 11mins.

12. DR-1:27-3:10= 1hr. 43mins.

13. Y-9:10-11:28= 2hrs. 18mins.
    DR-1:17-2:28= 1hr. 1mins.

14. DR-9:10-11:10= 2hrs.

15. DR-10:00-11:18= 1hr. 18mins.
    Y-1:03-3:23= 2hrs. 20mins.

16. DR-1:10-3:10= 2hrs.

17. Y9:05-11:25= 2hrs. 20mins.
    DR-1:18-3:09= 1hr. 51mins.

18. DR-9:10-11:11= 2hrs. 1min.

19. DR-9:13-11:09= 1hr. 56mins.
    Y-1:10-3:18= 2hrs. 8mins.

20. DR-1:16-3:12= 1hr. 56mins.

21. Y-9:35-11:31= 1hr. 56mins.
    DR-1:20-3:09= 1hr. 49mins.

22. DR-9:26-11:06= 1hr. 40mins.

23. DR-9:18-11:10= 1hr. 52mins.
    Y-1:15-3:29= 2hrs. 14mins.

24. DR-1:20-3:10= 1hr. 50mins.

25. Y-9:10-11:24= 2hrs. 14mins.
    DR-1:16-3:10= 1hr. 54mins.

26. DR-9:15-11:15= 2hrs.

27. DR-9:35-11:15= 1hr. 40mins.
    Y-1:50-3:20= 1hr. 30mins.

28. DR-9:15-11:07= 1hr. 52mins.

29. Y-9:25-11:25= 2hrs.
    DR-1:25-3:10= 1hr. 45mins.

30. DR-10:00-11:30= 1hr. 30mins

Y= Yard

DR= Dayroom

No Pro= No Program

October 2007

1. DR- 9:35-11:19=1hr 45min
   Y- 1:15-3:27= 2hr-12min

2. DR-1:20-3:15=1hr-55min

3. No Yard (noexplaination)
   DR-1:12-3:10=1hr-58min

4. DR-9:55-11:10=1hr-55min

5. DR-9:20-11:08=1hr-48min
   Y-1:12-3:25=2hr-13min

6. DR-2:12-3:12=2hr-00min

7. y-9:15-11:20=2hr-05min
   No DR. (no explaination)

8. NO PRO (no explaination)

9. DR-9:55-11:10=1hr-15min
   y-1:26-3:26=2hr-00min

10. No-PRO (staff assault 2 block)

11. y-9:07-11:25=2hr-22min
    No DR (no explaination)

12. DR-9:11-11:09=1hr-54min

13. DR-9:11-11:09=1hr-54min
    y-1:09-3:22=2hr-13min

14. DR-12:58-3:06=2hr-08min
    y-NO YARD (lack of staff)

15. y-9:01-11:19=2hr-18min
    DR-1:20-3:07=1hr-43min

16. DR-9:11-11:11=2hr-00min

17. DR-9:10-11:10=2hr-00min
    y-1:53-3:23=1hr-30min

18. FLU-SHOTS NO-PRO

19. y-9:18-11:20=2hr-02min
    DR-1:20-3:08=1hr48min

20. DR-9:21-11:12=1hr51min

21. DR-9:24-11:15=1hr49min
    y-1:10-3:25=2hr15min

22. NO-PRO (squad in building)

23. y-9:05-11:25=2hr20min
    DR-1:10-3:10=2hr00min

24. No-Pro (searching level 3's in gym)

25. NO-Pro-"          "

26. No-Pro-"          "

27. No-Pro-"          "

28. No-Pro-(searched this building)

29. No-Pro-"          "

30. No-Pro-"          "

31. No-Pro-"          "

"Y"=YARD

"DR"=Dayroom

"NO-PRO"=No Program

NOVEMBER 2007

1.No-Pro"                  "
2.No-Pro"                  "
3.No-Pro"                  "
4.No-Pro"                  "
5.No-Pro"                  "
6.No-Pro"                  "
7.No-Pro"                  "
8.Dr-1:44-2:16=0hrs32min
9.Dr-10:34-11:12=0hrs38min
   Y-1:22-3:22=2hr 00min
10.Dr-9:20-11:11=1hr51min
11.Dr-9:20-11:11=1hr51min
   y-1:10-3:20=2hr10min
12.Dr-1:11-3:11=2hr00min
13.Y-9:04-11:25=2hr21min
   Dr-1:40-3:15=1hr35min
14.Dr-9:15-11:10=1hr55min
15. No-DR (no explaination)
   y-1:10-3:20=2hr10min
16.NO-PRO (staff training)
17.No-Pro (transpacking lv#3 in the gym)
   Dr-2:28-3:28=2hr00min
18.No-Pro (inmate death/lack of staff)
19.No-Pro
20.Dr.1:10-3:10=2hr00min
21.y-9:05-11:30=2hr25min
   Dr-1:20-3:20=2hr00min
22.Dr-9:15-11:10=1hr55min
23.Dr-9:30-11:10=1hr40min
   Y-1:15-3:25=2hr10min
24. DR-1:30-3:10= 1hr. 40mins.
25. Y-9:10-11:25= 2hrs. 15mins.
   DR-1:15-3:10= 1hr. 55mins.
26. DR-9:15-11:15= 2hrs.

27. DR-9:15-11:10= 1hr. 55mins.
   Y-1:15-3:15= 2hrs.
28. DR-1:10-3:10= 2hrs.
29. Y-9:10-11:25= 2hrs. 15mins.
   DR-1:20-3:10= 1hr. 50mins.
30. DR-9:10-11:15= 2hrs. 5mins.

"Y"= Yard
"DR"- Dayroom
"No Pro"= No Program

(23)

**December 2007**

1. DR-9:12-11:12= 2hrs.
   Y1:10-3:22= 2hrs. 12mins.

2. DR-1:10-3:15= 2hrs. 5mins.

3. Y-9:05-11:20= 2hrs. 15mins.
   DR-1:12-3:12= 2hrs.

4. DR-9:02-11:02= 2hrs.

5. DR-9:42-11:11= 1hr. 29mins.
   No-Y

6. DR-1:15-3:10= 1hr. 55mins.

7. Y-9:10-11:20= 2hrs. 10mins.
   DR-1:25-3:10= 1hr. 45mins.

8. DR-9:25-11:10= 1hr. 45mins.

9. No-DR
   Y-1:05-3:20= 2hrs. 15mins.

10. DR-1:05-3:10= 2hrs. 5mins.

11. Y-9:10-11:25= 2hrs. 15mins.
    No-DR

12. No-Pro

13. DR-9:20-11:15= 1hr. 55mins.
    Y-1:13-3:20= 2hrs. 7mins.

14. DR-1:45-3:10= 1hr. 25mins.

15. No-Y
    DR-1:30-3:15= 1hr. 45mins.

16. DR-10:10-11:15= 1hr. 5mins.

17. DR-9:15-11:10= 1hr. 55mins.
    Y-1:10-3:20= 2hrs. 10mins.

18. DR-1:10-3:15= 2hrs. 5mins.

19. Y-9:15-11:25= 2hrs. 10mins.
    DR-1:20-3:10= 1hr. 50mins.

20. DR-9:45-11:10= 1hr. 25mins.

21. DR-9:10-11:10= 2hrs.
    Y-1:05-3:20= 2hrs. 15mins.

22. DR-1:40-3:10= 1hr. 30mins.

23. No-Pro

24. DR-9:20-10:46= 1hr. 26mins.

25. DR-9:00-11:15= 2hrs. 15mins.
    No-Yard

26. DR-1:30-3:10= 1hr. 40mins.

27. No-Yard
    DR-1:20-3:10= 1hr. 50mins.

28. DR-9:15-11:10= 1hr. 55mins.

29. DR-9:20-11:15= 1hr. 55mins.
    No-Yard

30. DR-1:15-3:10= 1hr. 55mins.

31. Y-10:25-11:25= 1hr.
    DR-1:20-3:10= 1hr. 50mins.

"Y"= Yard

"DR"= Dayroom

"No Pro"= No Program

(24)

January 2008

1. DR-9:20-11:10= 1hr. 50mins.
   Y-1:05-2:05= 1hr.

2. DR-9:14-11:10= 1hr. 56mins.

3. Y-9:10-11:20= 2hrs. 10mins.
   DR- 1:23-3:10= 1hr. 47mins.

4. No-Pro, (Attempted Murder of inmate 1/3/08 @ dinner)

5. No-Pro

6. No-Pro

7. No-Pro

8. DR-1:20-3:10= 1hr. 50mins.

9. DR-10:30-11:25= 55mins.
   Y-1:10-3:25= 2hrs. 15mins.

10. DR-9:45-11:15= 1hr. 30mins.

11. No-Yard
    DR-2:10-3:10= 1hr.

12. No-Pro

13. DR-9:20-11.10= 1hr. 50mins.
    Y-1:30-2:15= 45mins.

14. DR-9:15-11:15= 2hrs.

15. Y-9:05-11:25= 2hrs. 20mins.
    DR-1:25-3:10= 1hr. 45mins.

16. DR-1:15-3:10= 1hr. 55mins.

17. DR-9:15-11:10= 1hr. 55mins.
    Y-1:40-3:25= 1hr. 45mins.

18. DR-9:08-11:08= 2hrs.

19. Y-10:05-11:20= 1hr. 25mins.
    DR-1:20-3:10= 1hr. 50mins.

20. DR-1:20-3:10= 1hr. 50mins.

21. DR-9:30-11:21= 1hr. 42mins.
    Y-1:07-3:25= 2hrs. 18mins.

22. DR-9:08-11:08= 2hrs.

23. No-Pro

24. DR-1:30-3:15= 1hr. 45mins.

25. DR-9:15-11:10= 1hr. 55mins.
    No-Yard

26. No-Pro

27. No Pro

28. No-Pro

29. No-Pro

30. No-Pro

31. No-Pro

"Y"= Yard

"DR"= Dayroom

"No-Pro"= No Program

February 2008

1. No-Pro

2. No-Pro

3. No-Pro

4. No-Pro

5. No-Pro

6. No-Pro

7. No-Pro

8. No-Pro

9. No-Pro

10. No-Pro

11. No-Pro

12. NO-Pro

13. No-Pro

14. DR-9:10-11:15= 2hrs. 5mins.

15. Y-9:15-11:25= 2hrs. 10mins.
    DR-2:17-3:10= 53mins.

16. DR-1:25-3:15= 1hr. 50mins.

17. DR-9:25-11:10= 1hr. 45mins.
    Y-1:10-3:25= 2hrs. 15mins.

18. No-Pro

19. Y-9:15-11:25= 2hrs. 10mins.
    DR-1:20-3:10= 1hr. 50mins.

20. DR-1:15-3:10= 1hr. 55mins.

21. DR-9:15-11:13= 1hr. 58mins.
    Y-1:05-3:25= 2hrs. 20mins.

22. DR-9:06-11:05= 1hr. 59mins.

23. Y-9:11-11:25= 2hrs. 14mins.
    DR-1:20-3:11= 1hr. 51mins.

24. DR-1:17-3:10= 1hr. 53mins.

25. DR-9:25-11:10= 1hr. 45mins.
    Y-1:15-3:25= 2hrs. 10mins.

26. DR-9:25-1:15= 1hr. 50mins.

27. No-Yard
    DR-1:25-3:10= 1hr. 45mins.

28. DR-1:15-3:10= 1hr. 55mins.

29. No-DR
    Y-1:05-3:25= 2hrs, 20mins.

"Y"= Yard
"DR"= Dayroom
"No-Pro"= No Program

March 2008

1. Y-9:58-11:25= 1hr. 23mins.
   DR-1:12-3:12= 2hrs.

2. DR-1:14-3:10= 1hr. 56mins.

3. No-Pro

4. No-Pro

5. No-Pro

6. DR-1:40-3:11= 1hr. 31mins.

7. Y-9:10-11:25= 2hrs. 15mins.
   DR-1:30-3:10= 1hr. 40mins.

8. DR-9:25-11:15= 1hr. 50mins.

9. No-Pro

10. DR-1:20-3:15= 1hr. 55mins.

11. Y-9:10-11:25= 2hrs. 15mins.
    DR-2:15-3:05= 50mins.

12. DR-10:25-11:15= 50mins.

13. DR-9:10-11:10= 2hrs.
    Y-1:10-3:25= 2hrs. 15mins.

14. DR-1:20-3:10= 1hr. 50mins.

15. Y-9:15-11:20= 2hrs. 5mins.
    No-DR

16. DR-9:20-11:10= 1hr. 50mins.

17. DR-9:15-10:00= 45mins.
    Y-1:05-3:25= 2hrs. 20mins.

18. DR-1:10-3:10= 2hrs.

19. Y-9:15-11:25= 2hrs. 10mins.
    No-DR

20. DR-9:20-11:10= 1hr. 50mins.

21. DR-9:25-11:15= 1hr. 50mins.
    Y-1:10-2:50= 1hr. 40mins.

22. No-Pro

23. No-Yard
    DR-2:30-3:10= 40mins.

24. DR-10:10-11:15= 1hr. 5mins.

25. DR-10:22-11:20= 58mins.
    Y-1:07-3:15= 2hrs. 8mins.

26. DR-1:20-3:10= 1hr. 50mins.

27. Y-9:10-11:25= 2hrs. 15mins.
    DR-1:15-3:10= 1hr. 55mins.

28. DR-9:15-11:15= 2hrs.

29. DR-9:40-11:15= 1hr. 35mins.
    Y-1:20-3:25= 2hrs. 5mins.

30. DR-1:10-3:10= 2hrs.

31. No-Pro

"Y"-Yard
"DR"-Dayroom
"No-Pro"= No Program

(27)

April 2008

1. DR-9:20-11:10= 1hr. 50mins.
   Y-1:10-3:25= 2hrs. 15mins.

2. DR-9:15-11:10= 1hr. 55mins.

3. Y-9:05-11:05= 2hrs.
   DR-1:52-2:32= 40mins.

4. No-Pro

5. No-DR
   Y-1:04-3:25= 2hrs. 21mins.

6. No-Pro

7. Y-9:30-11:23= 1hr. 52mins.
   No-DR

8. No-Pro

9. DR-9:20-11:10= 1hr. 50mins.
   Y-1:10-3:25= 2hrs. 15mins.

10. DR-9:15-11:15= 2hrs.

11. Y-9:05-11:25= 2hrs. 20mins.
    DR-2:20-3:10= 50mins.

12. DR-1:00-3:10= 2hrs. 10mins.

13. DR-9:35-11:15= 1hr. 40mins.
    Y-1:30-3:20= 1hr. 50mins.

14. No-Pro

15. No-Pro

16. DR-1:20-2:45= 1hr. 25mins.

17. DR-9:20-11:15= 1hr. 55mins.
    No-Yard

18. No-Pro

19. Y-9:10-11:25= 2hrs. 15mins.
    DR-1:12-3:12= 2hrs.

20. No-DR

21. DR-9:20-11:15= 1hr. 55mins.
    Y-1:12-3:25= 2hrs. 13mins.

22. DR-9:20-11:10= 1hr. 50mins.

23. Y-9:25-11:25= 2hrs.
    DR-1:20-3:10= 1hrs. 50mins.

24. DR-1:25-3:10= 1hr. 45mins.

25. No-DR
    Y-1:05-3:25= 2hrs. 20mins.

26. DR-9:20-11:10= 1hr. 50mins.

27. Y-9:20-11:20= 2hrs.
    DR-2:20-3:10= 50mins.

28. DR-2:15-3:15= 1hr.

29. DR-9:15-11:10= 1hr. 55mins.
    Y-1:05-3:20= 2hrs. 15mins.

30. DR-9:35-11:10= 1hr. 35mins.

"Y"= Yard
"DR"= Dayroom
"No-Pro"= No Program

(28)

May 2008

1. Y-9:05-11:25= 2hrs. 20mins.
   DR-1:20-3:10= 1hr. 50mins.

2. No-DR

3. DR-9:30-11:10= 1hr. 40mins.
   Y-1:05-3:20= 2hrs. 15mins.

4. DR-9:35-11:10= 1hr. 35mins.

5. Y-9:15-11:25= 2hrs. 10mins.
   DR-1:40-3:10= 1hr. 30mins.

6. DR-1:25-3:10= 1hr. 45mins.

7. DR-9:30-11:15= 1hr. 45mins.
   Y-1:20-3:25= 2hrs. 5mins.

8. No-DR

9. Y-9:05-11:25= 2hrs. 20mins.
   DR-2:22-3:10= 48mins.

10. DR-1:15-3:10= 1hr. 55mins.

11. DR-9:25-11:15= 1hr. 50mins.
    Y-1:15-3:25= 2hrs. 10mins.

12. DR-9:25-11:15= 1hr. 50mins.

13. Y-9:05-11:05= 2h--
    DR-1:22-3:10= 1hr. 48mins.

14. DR-1:15-3:10= 1hr. 55mins.

15. No-Pro, (Laundry Sweep)

16. DR-10:30-11:00= 30mins.

17. Y-9:10-11:25= 2hrs. 15mins.
    DR-1:15-3:10= 1hr. 55mins.

18. No-DR

19. No-DR
    Y-1:05-3:25= 2hrs. 20mins.

20. DR-9:45-11:15= 1hr. 30mins.

21. Y-9:10-11:25= 2hrs. 15mins.
    DR-1:15-3:10= 1hr. 55mins.

22. DR-1:11-3:10= 1hr. 59mins.

23. DR-9:15-11:10= 1hr. 55mins.
    Y-1:10-3:25= 2hrs. 15mins.

24. DR-9:20-11:10= 1hr. 50mins.

25. Y-9:05-11:25= 2hrs. 20mins.
    DR-1:15-3:10= 1hr. 55mins.

26. DR-1:25-3:10= 1hr. 45mins.

27. DR-9:20-11:10= 1hr. 50mins.
    Y-1:10-3:20= 2hrs. 10mins.

28. DR-9:46-11:10= 1hr. 24mins.

29. Y-9:05-11:20= 2hrs. 15mins.
    DR-1:20-3:10= 1hr. 50mins.

30. DR-1:15-3:10= 1hr. 55mins.

31. DR-9:20-11:10= 1hr. 50mins.
    Y-1:10-3:20= 2hrs. 10mins.

"Y"= Yard

"DR"= Dayroom

"No-Pro"= No Program

(29)

June 2008

1. Y-9:10-11:20= 2hrs. 10mins.
   DR-1:15-3:10= 1hr. 55mins.

2. DR-2:12-3:10= 58mins.

3. Y-9:12-11:20= 2hrs. 8mins.
   DR-1:30-3:10= 1hr. 40mins.

4. DR-9:30-11:10= 1hr. 40mins.

5. DR-9:20-11:10= 1hr. 50mins.
   Y-1:10-3:25= 2hrs. 15mins.

6. DR-1:15-2:40= 1hr. 25mins.

7. Y-9:20-11:25= 2hrs. 5mins.
   DR-1:15-3:10= 1hr. 55mins.

8. DR-9:20-11:10= 1hr. 50mins.

9. DR-9:15-11:10= 1hr. 55mins.
   Y-1:10-3-10= 2hrs.

10. DR-1:15-3:10= 1hr. 55mins.

11. Y-10:15-11:20= 1hr. 5mins.
    DR-1:15-3:10= 1hr. 55mins.

12. DR-9:10-11:10= 2hrs.

13. DR-9:30-11:10= 1hr. 40mins.
    Y-1:35-3:25= 1hr. 50mins.

14. DR-1:15-3:10= 1hr. 55mins.

15. Y-9:15-11:25= 2hrs. 10mins.
    DR-1:20-3:10= 1hr. 50mins.

16. DR-9:15-11:10= 1hr. 55mins.

17. DR-9:15-11:15= 2hrs.
    Y-1:15-3:25= 2hrs. 10mins.

"Y"= Yard
"DR"= Dayroom
No-Pro"= No Program

Exhibit B

1      DECLARATION OF _____

2      I, JASON MICHAEL CRIPPEN _____, hereby declare:

3      THAT I ARRIVED AT SALINAS VALLEY STATE PRISON

4      ON MAY 5th 2003. AND I HAVE BEEN CONTINUOUSLY

5      HOUSED IN A3 SINCE APPROXIMATELY JULY OF THAT

6      SAME YEAR.

7           DURING THE TIME IN QUESTION WE WERE

8      BEING DENIED REGULAR PROGRAM IN A PURPOSEFUL,

9      DELIBERATE MANNER.

10          FOR YARD THE EXCUSES WERE: LACK OF STAFF, LACK

11     OF SGT/LT., AND NUMEROUS "INVESTIGATIONS."

12          FOR DAYROOM THE EXCUSES WERE: LACK OF STAFF,

13     STAFF THAT WERE WORKING WORST IN THE BUILDING,

14     ROLLING UP PROPERTY, AND MANY TIMES JUST BLATANT

15     REFUSAL TO RUN PROGRAM ON TIME, IF AT ALL.

16          I HAVE READ MR. PADILLAS COMPLAINT AND AM

17     IN AGREEMENT WITH THE TIMES + DATES FOR HOW PROGRAM

18     WAS BEING ADMINISTERED.

19                    VERIFICATION

20     I am the declarant in the above cause of action, have read the statements herein,

21     and declare under penalty of perjury that upon information and belief these statements are

22     true and correct.

23

24     DATED: 6/21/08              RESPECTFULLY SUBMITTED,

25

26

27     _____

28

1 **DECLARATION OF** _____

2 I, <u>ANDREW BRIENO</u> _____, hereby declare:

3 I have been on "A" Yard at Salinas valley

4 State prison for 2 yrs, and for those 2 yrs

5 I have been Larry D. Padilla's cell mate. Since

6 being his cell mate I know all about his Case

7 and have seen him keep logs that are 100%

8 accurate on the way that program is run on

9 this yard. I have also read the logs that

10 the prison has tried to say were accurate

11 and true and used as evidence against Mr.

12 PADILLA. After reading said logs I can and

13 will testify to the fact that they are totally

14 false and inaccurate and are made to sound

15 correct only to help them get out of this

16 law suit. Here at S.U.S.P. we are constantly

17 locked down for nothing. we are on an S.N.Y.

18 yard and that means we have given up all

19 affiliation's and have no tie's to any groups

20 gangs or any other such thing's. we just want

21 to program, yet this prison doesn't let that

22 happen. we are locked down all the time

23 for, Staff Shortages, "kite's, isolated incidents,

24 and any other thing they can use to keep

25 us locked in our cell's and not have to do

26 their jobs. There's also the fact that some

27 people on this yard are child molesters, and

28 Rapists, and the staff use's that against

all of us, by discriminating against us all
because they don't know who's a child molester
or rapist and who's not. I believe that this
is a big reason this yard is treated the way
it is by this staff, they believe that we
are all garbage and should be treated as
such.

## VERIFICATION

I have read the above declaration and swear under penalty of perjury that the statements made herein are true and correct, except as to those matters alleged upon information and belief, and as to those matters I do believe them to be true.

DATED: 6·19·08                    **RESPECTFULLY SUBMITTED,**

DECLARATION OF DAVID R. WILLIAMS.

I, DAVID R. WILLIAMS _____, hereby declare:

That I have Known Mr Larry Padilla Since April of 2004. I have read what he has filed in the Courts along with written record of the times and dates that we have been released to yard and dayroom program at this prison (SVSP). It is very apperant that building Floor Staff and Control tower in the units log their books falsely.

They Claim to have had program and in fact have not. Their defence Shows the Courts a false representation of the true program here at S.V.S.P. (Specifically A-Yard)

Mr Padilla has Kept a true and accurate record of all times and dates from January 1, 2005 to the present date, and thus I will gladly testify too.

## VERIFICATION

I am the declarant in the above cause of action, have read the statements herein, and declare under penalty of perjury that upon information and belief these statements are true and correct.

DATED: June 16, 2008            RESPECTFULLY SUBMITTED,


_David Williams_ K-12411

DECLARATION OF _____

I, _CHRISTOPHER ROY_ _____, hereby declare:

THAT I HAVE KNOWN MR. PADILLA, FOR SEVERAL YEARS AND
HAVE FIRST HAND KNOWLEDGE OF MR. PADILLAS RECORD
KEEPING OF ALL TIMES HE LEAVES AND ENTERS HIS CELL
AND WHEATHER THERE IS PROGRAM OR NOT, MR. PADILLAS,
RECORD IS TRUE AND CORRECT AND THIS I CAN TESTIFY
TO,

## VERIFICATION

I am the declarant in the above cause of action, have read the statements herein,
and declare under penalty of perjury that upon information and belief these statements are
true and correct.

DATED: _June 16, 2008_        RESPECTFULLY SUBMITTED,


_Christoph Roy    P. 21588_

Exhibit  C

California Department of Corrections and Rehabilitation

*M E M O R A N D U M*

California Valley State Prison

Date: 2/8/2007

To: Facility 'A' Population

Subject: Minutes From Meeting With Facility 'A' Lieutenant
S. Hatton


On February 7, 2007 a meeting was held with Facility 'A' Lieutenant S. Hatton beginning at 10:00am.The following Executive Body Members were present: Rose K-09663 Chairman, Valencia K-07026 Vice Chairman, Vasquez P-50104 Secretary, Olivencia H-83969 Parlimentarian, Scrivans T-11507 Treasurer, and Duran C-70078 Sergeant at Arms. The Following issues were presented and answered as follows:

1.  The current status of the MAC By-Laws being signed off. As of this date have been sent up the chain of command and are awaiting signatures of the administration.

2. The issue of the Lockdowns (Modified Program) due to Kites was addressed and the following answer was given; Depending upon the circumstances and content of the "Kite" not all "Kites received are reacted to as valid and necessitate a Lockdown (Modified Program). It was asked that a Plan Of Operations be distributed to the population to inform them as to why we are on the status of Lockdown and we were informed that they would be passed out during the future Lockdowns Lieutenant S. Hatton informed the M.A.C. that the medical box that is located in front of the clinic is going to be removed and medical boxes are going to be placed in the housing units in front of the C/O office.
3.  The population has asked about the Critical Workers being given the first opportunity to get canteen when we resume normal program and the Lieutenant informed the M.A.C. that in the event that we go on an extended Lockdown they would be allowed this opportunity. However if the Lockdown is only for a short duration then the canteen will be ran as it is during normal program. The canteen structure has been addressed and it will be ran as it was previously by building only.

4.  The M.A.C. addressed the issue of the condition of the mattresses and the possibility of replacing them. The mattresses are going to be replaced five at a time each month by order of the C/O. The issue of cleaning supplies for the cells and the building was addressed and it was requested that the necessary supplies be distributed. The amount and what kind of cleaner to be given for purpose of cleaning the cells is being checked into and the M.A.C. will be given a response in the near future.

5.  During the open floor discussion it was proposed that a Bag And Drag program be implemented. The answer given was "NO". This was proposed for both regular program as well as during extended LockDowns. It was proposed that we have more tournaments and we

State of California

*Department of Corrections*

# Memorandum

Date   : April 18, 2005

To     : Facility 'A' General Population

Subject : Facility "A" Meeting With Lt. R. Binkele.

On 04-18-05 at approximately 1045 hours a meeting was held with Facility "A" Lieutenant R. Binkele in regards to the Program on Facility "A" Yard. Present at the meeting were, R. Pimentel M.A.C. Chairman, J. Price, M.A.C. Vice-Chairman T. Duran, M.A.C. Secretary

The Facility Lieutenant advised the M.A.C. Executive body that due to shortage of Staff a State of Emergency has been Declared here at S.V.S.P. However the Lieutenant's objective is to run as much program as possible as Staff are available. The inmate Population should be advised that the current program that is in place will be followed, that redirection of Staff will still occur and the program, subject to Staff availability, will be ran as it has been. The Lieutenant has advised the M.A.C. that Staffing here at S.V.S.P will be short for the next two months, but that there is the possibility that new Staff will be arriving at S.V.S.P. It is the intention of the M.A.C. to put the inmate population on notice that the Lieutenant is willing to run as much program as is possible, but due to the current STATE OF EMERGENCY there may be, at times, a change in program as Staff are not available. All Facility priority Ducats will be honored, as well as visiting. Canteen will be ran per availability of Staff, as well as packages. The M.A.C. is requesting that the inmate population be patient, and that it is our belief that the program will improve in the near future. Please keep in mind that the State of Emergency is effecting the entire Institution and not just Facility "A" Yard.

R. Pimentel, M.A.C Chairman

J Price, M.A.C. Vice-Chairman

T. Duran, M.A.C. Secretary

R. Binkele,
Facility "A" Lieutenant

DC 1617 3 89

Exhibit  D

# Monterey County Grand Jury Report Blasts Two California Prisons

## by Marvin Mentor

In its 2006 report on Monterey County's two state prisons (Salinas Valley State Prison (SVSP) and the Correctional Training Facility (CTF)), the Monterey County Grand Jury made 23 findings and 13 recommendations for SVSP plus 5 findings and 4 recommendations for CTF. In general, it found counterproductive conditions of overcrowding, lack of programs and poor "vertical" staff communication. In addition, it found too many unfilled guard positions at SVSP, which it laid to unaffordable housing in the county. But this did not explain why neighboring CTF had almost full employment.

SVSP is a new style ("180 degree") prison, designed in 1996 to hold 2,234 prisoners on its 300 acres. However, as of March 2006, it housed 4,267 Level I through Level IV prisoners in what were intended to be single-occupied prison cells, as well as in gymnasiums and day rooms. SVSP has had twelve wardens in the past ten years (five since 2004), suffering a record of constant violence, "Green Wall" Code of Silence incidents, lockdowns, and demoralization of both staff and prisoners. SVSP has terminated all of its vocational programs, cut its Prison Industry Authority programs to one (a minimum security dairy), and reduced its educational staff from 60 to 6. The report notes, not surprisingly, that during protracted lockdowns from gang violence, rehabilitation stops and prisoners only learn how to be better at prison violence.

To deal with staff shortages and the resultant huge overtime burden, SVSP has put into place a one-year moratorium on guard transfers to other prisons. This has perhaps aggravated the already-broken-down "vertical" communications between line staff and upper management. While medical care is under federal receivership, there is still an acute shortage of medical and mental health beds, for which proposals have been made to quadruple the latter. The report notes that "the average prisoner's physical age is 20 years higher than his chronological age, requiring additional medical care."

Recommendations include "continuing efforts to reduce overcrowding." Of course, all of California's state prisons are overcrowded, so there is little one prison's management can realistically do. The jury recommends cost-of-living adjustments. But this writer finds a flaw in the analysis here. Neighboring CTF, the jury noted, has a very low job-vacancy rate, suggesting that housing costs are not the driving force in SVSP's vacancy rate. To countermand the problem, the jury recommends increasing the minimum SVSP duty assignment (before transfer) to two years. (This is reminiscent of President Bush's solution for maintaining unpopular Iraq troop levels.) One solution offered was to have the state build affordable housing on grounds for staff. Additionally, the report addressed non-custody staff retention problems by recommending salaries competitive with private industry in the region. Finally, the jury recommended reinstating all of the vocational and Prison Industry programs that had been cut, so as to foster some path for growth out of the debilitating gloom and doom of lockdown status.

The jury was more charitable in its review of adjoining 1950's-era CTF. While finding CTF's overcrowding worse than SVSP's (7,038 prisoners vs. a design capacity of 3,325), the report noted a veritable wealth of vocational and educational programs as well as a large number of Prison Industry jobs. Unlike at SVSP, staff morale was high and guard job-vacancy was one-fourth that of SVSP. Prisoners are being used to construct short-term staff housing (studio and one-bedroom units) on grounds. Recommendations regarding CTF were to continue to follow its "well-run" programs, add staff housing and reduce prisoner population. See: *2006 Monterey County Grand Jury Final Report* (Section 13). The report is available on the PLN website. [PLN]

# Connecticut: Victims' Privacy Protection Saves Some Sex Offenders From Public Registration

## by John E. Dannenberg

In Connecticut, some convicted sex offenders' names will not show up on the state's public online registry. Under penal statute Section 54-255, courts may place certain sex offenders instead on a secret registry available only to law enforcement officials.

The name of James Baily Jones, 27, convicted in March 2007 of molesting a preschool girl, is not available to the public when inquiring online of sex offenders who might be living in their neighborhoods. Jones took a plea for a five-year suspended sentence plus five years' probation for touching a girl inappropriately. His entered an "Alford Plea," meaning he maintained his innocence while admitting the state might succeed if they took the case to trial. His sentence further banned him from unsupervised contact with any child under 17, ordered him to take counseling, and required him to register as a sex offender for ten years. However, Jones was shielded from *public* registry by a rare Section 54-255 court order, the purpose of which is supposedly to protect the identity of the victim. (Additionally, in any such case, the court must find that public dissemination is not necessary for public safety.)

Bolton, Connecticut state Representative Pamela Sawyer confessed she was unaware of and shocked by this statute, calling it "chilling." Bolton's prosecutor Elizabeth Leaming defended the statute as providing for plea-based convictions where, as here, the victim wanted nothing to do with a public trial. Thus, without Section 54-255, some sex offenders might get off scott-free when the prosecution's case could not proceed without painful victim testimony and cross-examination. In another case, Leaming noted, a daughter raped by her father did not want to hurt him further, and the combination of an Alford Plea plus non-public registry was the best the state could do.

Section 54-255 was adopted by the Connecticut Legislature in 1999 to protect victims' constitutional privacy rights. It has only been applied in 30 of sex offender cases since. Yet, public outcry is now changing things. Connecticut's Judicial Department will soon put all criminal conviction records on line. The posted dispositions and narratives there will give the public insight into virtually all crimes. However, courts sometimes "seal" case records. Sawyer opined that the hidden registry "pales in comparison to that." Ultimately, hiding the identity of a sex offender might well relate to how good a lawyer one can afford. [PLN]

Source: *Connecticut Journal Inquirer.*

Exhibit E

Original: Appeals Coordinator
Copy: Padilla,L. P-05966
Case 4:06-cv-01725-JP    Document 112-2    Filed 06/26/2008    Page 4 of 40

STATE OF CALIFORNIA
GA-22 (9/92)

# INMATE REQUEST FOR INTERVIEW

DEPARTMENT OF CORRECTIONS

| DATE | TO | FROM (LAST NAME) | CDC NUMBER |
|---|---|---|---|
| 2/14/07 | Appeals Coordinator (Eloy Medina) CC-II | Padilla | P-05966 |

| HOUSING | BED NUMBER | WORK ASSIGNMENT | JOB NUMBER FROM | TO |
|---|---|---|---|---|
| A3 | 202L | | | |

OTHER ASSIGNMENT (SCHOOL, THERAPY, ETC.)

ASSIGNMENT HOURS FROM   TO

## Clearly state your reason for requesting this interview.

You will be called in for interview in the near future if the matter cannot be handled by correspondence.

I'am resubmitting with the blacked out section regarding others. As to your response to a Normal Program, this prison hasn't had a Normal Program since Aug.2006 which only lasted 31 days. Please keep attached to CDC-602 as I will be presenting this to the U.S. District Court as evidence... Padilla Vs. M.S.Evans  CV-06-1725 MMJ [PR]

INTERVIEWED BY

DISPOSITION

DATE

---

Original: Appeals Coordinator
Copy: Padilla,L. P-05966

STATE OF CALIFORNIA
GA-22 (9/92)

# INMATE REQUEST FOR INTERVIEW

DEPARTMENT OF CORRECTIONS

| DATE | TO | FROM (LAST NAME) | CDC NUMBER |
|---|---|---|---|
| 1/27/07 | Appeals Coordinator | Padilla | P-05966 |

| HOUSING | BED NUMBER | WORK ASSIGNMENT | JOB NUMBER FROM | TO |
|---|---|---|---|---|
| A3 | 202L | N/A | | |

OTHER ASSIGNMENT (SCHOOL, THERAPY, ETC.)

ASSIGNMENT HOURS FROM   TO

## Clearly state your reason for requesting this interview.

You will be called in for interview in the near future if the matter cannot be handled by correspondence.

Requesting that this CDC 602 be bypassed to the highest level, also that I be given a log number for this CDC 602.

Thank You.

INTERVIEWED BY

DISPOSITION

DATE

STATE OF CALIFORNIA

Copy: Padilla, L. P-05966

DEPARTMENT OF CORRECTIONS

# INMATE/PAROLEE
# APPEAL FORM
CDC 602 (12/87)

Location: Institution/Parole Region          Log No.          Category

1. _____    7-00832    _____

2. _____  A.D.  2. _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|------|--------|------------|------------------|
| Padilla, Larry | P-05966 | N/A | A3-202L |

A. Describe Problem: I'am filing this CDC 602 on M.S.Evans (Warden) and his Administration Staff; Captain, Lieutenant, Sergeant on Salinas Valley State Prisons Sensitive Needs Yard, Facility "A". For the last 27 days I have been denied a basic human need "Outside Exercise" a violation of the Eighth Amendment and Delierate Indifference towards this prisoner. The Administration has used every excuse and tactic to lock my self down as well as others on this yard for incidents that only in the minds of this administration seem to be a safety or Security concern as well as Isolated incidents that happen on A-Facility Yard, then to delay the program more the Administration uses a Interview signing form, which delays the program

If you need more space, attach one additional sheet.          (Continued on page 1 )

B. Action Requested: Request that the blatant use of lock-downs be stopped for Isolated Incidents that don't involve my self ████████████████████████ on Facility A-Yard.

That the signing of Interview Forms be discontinued.

Inmate/Parolee Signature: _Larry D. Padilla P-05966_          Date Submitted: 1/27/07

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

_____

_____

_____

_____

Staff Signature: _____          Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

I'am dissatisfied with the Informal Level - Staffs' response of a Safety and Security concern are false, there can be No safety or security concern when this facility releases 50 to 100 prisoners for work and keep me locked-down. The Administratives' "Modified Program" is a total lock down for this prisoner and is in violation of a basic human need of "Outside-Exercise" and "Deliberate Indifference".

Signature: _____          Date Submitted: 1/30/07

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim          CDC Appeal Number:

First Level    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: _____ Due Date: _____

Interviewed by: _____

_____

_____

_____

_____

_____

_____

Staff Signature: _____ Title: _____ Date Completed: _____

Division Head Approved: _____ Returned

Signature: _____ Title: _____ Date to Inmate: _____

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

**It is apparent that this administration will continue to violate my constitutional rights unless the court puts a stop to their unjustifiable lockdowns... This administration has continued to deny myself of outside exercise any time they choose regardless whether its justifiable or not.**

Signature: *Larry Padilla* _____ Date Submitted: **3/20/07**

Second Level ☐ Granted ☐ P. Granted ☐ Denied ☐ Other ▬▬▬▬▬

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: _____ Due Date: _____
☐ See Attached Letter

Signature: _____ Date Completed: _____

Warden/Superintendent Signature: _____ Date Returned to Inmate: _____

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

**I'am dissatisfied with G.Neotti, Chief Deputy Warden(A) as quoting §3001.§3270 do not apply to this prison denying me "Outside Exercise", than to use Prevention of Disorders §3300. This administration does not prevent disorder, they create it by locking me down for an unconfirmed "Kite" from either a disgruntled prisoner or staff looking for Hazard pay at the cost of violating my constitutional rights. No disorder has occured after coming off a lockdown, due to the fact that the "Kites" are meaningless - These blatant lockdowns are**

Signature: *Larry O. Padilla* **-continued on page "H"-** Date Submitted: **4/15/07**

-continued on page "H"-

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION: ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____
☐ See Attached Letter

CDC 602 (12/87)                                    Date: _____

(Continued from CDC 602 A. Describe Problem)

even more, if an inmate refuses to sign the Interview Form he is threatened with AD-SEG,
or the program will not continue until the Interview Form is signed regardless whether
I was involved or not.

This is a continuing trend here at Salinas Valley State Prison of denying this prisoner
of "Outside"Exercise"".

Respectfully Submitted,

Larry D. Padilla P-05966

Larry D. Padilla P-05966

unnecessary, Eloy Medina,CCII states in a Screening form CDCR-695 on 1/31/07 that "Facility A is on normal program" In January 2007 I had 8hrs. 25mins. of yard out of 31 days; February 2007 I had 7hrs, 12mins. of yard out of 28days; March 2007 I had 16hrs. 25mins. of yard out of 31 days; April 2007 I had 4hrs. 20mins out of 15 days.

This is not a normal program as stated by the CCII, the CDCR Inmate Appeals system has serious flaws when the California Department of Corrections and Rehabilitation can not cure the issues in this prison nor can it be ran correctly. The administration uses lack of staff, if the California Department of Corrections and Rehabilitation can't run this prison than close it down problem solved. By violating my right to outside exercise you violate the Eighth Amendment of the Constitution, and this happens almost on a daily basis.

Respectfully Submitted,

Date: April 15th,2007.

Larry D. Padilla P-05966
P.O. Box 1050 / A3-202L
Soledad, Ca. 93960-1050

On 2/14/07 I received a CDC 602 that I filed on 1-17-07
Nothing was pertained to others in the action requested,
So I blacked it out and resumitted— since the filing of
this CDC-602 the program has not been normal (see celender
year Jan-Feb.)

State of California
CDC FORM 695
Screening For:
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

RE: Screening at the FIRST Level

*May 21, 2007*

*PADILLA, P05966*
*A3 202*

Log Number: SVSP-A-
(Note: Log numbers are not assigned to screen out appeals or informal level appeals)

The enclosed documents are being returned to you for the following reasons:

*You have submitted an appeal that duplicates a previous appeal upon which a decision has been rendered or is pending (CCR 3084.3(c)(2)).*

*The appellant has failed to comply with the original screening form dated 05/08/07 which instructs/orders him to provide supporting documents for his appeal issue. The appellant refuses to cooperate and instead attempts to submit a new 602 on the same issue and attempts to introduce "staff complaint" against the Appeals Coordinator. The appellant's dissatisfaction with the screening of his original appeal does not rise to the level of staff misconduct. It is not staff misconduct when staff are performing their duties within the scope fo their assigment. If the appellant desires to submit an appeal regarding staff misconduct by a specific staff member, he may do so. The appellant has failed to provide any specific information to provide substantive proof that any staff acted in an inappropriate manner, or that the Appeals Coordinator failed to properly evaluate his original appeal.*

Appeals Coordinator

**NOTE:** Failure to follow instruction(s) will be viewed as non-cooperation and your appeal will be automatically dismissed pursuant to CCR 3084.4(d). This screening decision may not be appealed. If you believe this screen out is in error, please return this form to the Appeals Coordinator with an explanation of why you believe it to be in error, and supporting documents. You have only 15 days to comply with the above directives.

---

## PERMANENT APPEAL ATTACHMENT – DO NOT REMOVE

# INMATE/PAROLEE APPEAL FORM
CDC 602 (12/87)

| Location: Institution/Parole Region | Log No. | Category |
|---|---|---|
| 1. _____ | 1. _____ | $10$ |
| 2. _____ | 2. _____ | |

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly. *Processing – Appeals*

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| Padilla, Larry | P-05966 | N/A | A3-202L |

**A. Describe Problem:** This CDC-602 and CDC-1858 is on T.Variz CCII and this administration for failing to supply the Plan of OPs to this prisoner – and therefore violating this prisoners Right to Appeal per Title 15 §3084.1.(a)(b) (See Exh."A")... Upon receiving T.Varizs' CDCR-695 form, I requested the Plan of OPs from C/O Zorn my 3/W floor officer who stated and I quote "I (he) has yet to receive any Plan of OPs", I also asked C/O Roach my 2/W floor officer who also said "He has yet to receive the Plan of OPs". I have now been denied "Out-Side-Exercise" in excess of 20 days. Due to T.Variz CCII negligence in getting the Plan of OPs his/her self, due to the fact I have been locked in my cell 24 hours aday and –

If you need more space, attach one additional sheet.                    RECEIVED MAY 21 2007

**B. Action Requested:** That the Appeals Coordinator T.Variz CCII find another position other than Appeals Coordinator; That due to the negligence of T.Variz that exhibit "A" be processed and logged, along with this CDC-602.

Inmate/Parolee Signature: *Larry Padilla*          Date Submitted: 5/20/07

**C. INFORMAL LEVEL** (Date Received: _____ )          DELIVERED MAY 22 2007

Staff Response: _____

_____

_____

_____

Staff Signature: _____          Date Returned to Inmate: _____

**D. FORMAL LEVEL**
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____

_____

_____

Signature: _____          Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number:

DUPLICATE

Continued from CDC-602 A.Describe Problem

have <u>NO</u> way to gey this form, nor has any been passed out... Due to this fact you T.Variz have violated the Title 15 and the due process clause.

Respectfully Submitted,

Date: <u>May 20th,2007.</u>

RECEIVED MAY 21 2007    Larry D. Padilla P-05966, A3-202L

(1)

Exhibit A

STATE OF CALIFORNIA                                    DEPARTMENT OF CORRECTIONS

CDC 1858 (2/97)

# RIGHTS AND RESPONSIBILITY STATEMENT

*The California Department of Corrections has added departmental language (shown inside brackets, in non-boldface type) for clarification purposes.*

**Pursuant to Penal Code 148.6, anyone wishing to file an allegation of misconduct by a departmental peace officer must read, sign and submit the following statement:**

**YOU HAVE THE RIGHT TO MAKE A COMPLAINT AGAINST A POLICE OFFICER** [this includes a departmental peace officer] **FOR ANY IMPROPER POLICE** [or peace] **OFFICER CONDUCT. CALIFORNIA LAW REQUIRES THIS AGENCY TO HAVE A PROCEDURE TO INVESTIGATE CITIZENS'** [or inmates'/parolees'] **COMPLAINTS. YOU HAVE A RIGHT TO A WRITTEN DESCRIPTION OF THIS PROCEDURE. THIS AGENCY MAY FIND AFTER INVESTIGATION THAT THERE IS NOT ENOUGH EVIDENCE TO WARRANT ACTION ON YOUR COMPLAINT; EVEN IF THAT IS THE CASE, YOU HAVE THE RIGHT TO MAKE THE COMPLAINT AND HAVE IT INVESTIGATED IF YOU BELIEVE AN OFFICER BEHAVED IMPROPERLY. CITIZEN** [or inmate/parolee] **COMPLAINTS AND ANY REPORTS OR FINDINGS RELATING TO COMPLAINTS MUST BE RETAINED BY THIS AGENCY FOR AT LEAST FIVE YEARS.**

**IT IS AGAINST THE LAW TO MAKE A COMPLAINT THAT YOU KNOW TO BE FALSE. IF YOU MAKE A COMPLAINT AGAINST AN OFFICER KNOWING IT IS FALSE, YOU CAN BE PROSECUTED ON A MISDEMEANOR CHARGE.** [An inmate/parolee who makes a complaint against a departmental peace officer, knowing it is false, may be issued a serious disiplinary rule violation, in addition to being prosecuted on a misdemeanor charge.]

| COMPLAINANT'S PRINTED NAME | COMPLAINANT'S SIGNATURE | DATE SIGNED | |
|---|---|---|---|
| Larry D. Padilla | | 5/20/07 | |
| INMATE/PAROLEE PRINTED NAME | INMATE/PAROLEE'S SIGNATURE | CDC NUMBER | DATE SIGNED |
| Larry D. Padilla | | P-05966 | 5/20/07 |
| RECEIVING STAFF'S PRINTED NAME | RECEIVING STAFF'S SIGNATURE | DATE SIGNED | |
| CCII,T.Variz | | | |

DISTRIBUTION:
ORIGINAL -
Public - Institution Head/Parole Administrator
Inmate/Parolee - Attach to CDC form 602
Employee - Institution Head/Parole Administrator
COPY - Complainant

INMATE / PAROLEE APPEAL SCREENING FORM

CDCR-695

INMATE: _Padilla_    CDC #: _P05966_    CDC HOUSING: _A 3-202_

THIS IS *NOT* AN APPEAL RESPONSE – THIS APPEAL IS EITHER REJECTED FOR REASONS NOTED BELOW OR RETURNED TO MORE INFORMATION OR FOR YOU TO ATTACH SUPPORTING DOCUMENTS.

PLEASE FOLLOW INSTRUCTIONS AND RETURN YOUR CDC 602 WITHIN 15 WORKING DAYS

[ ] Requested Action Already Taken
[ ] Duplicate Appeal; Same Issue
[ ] Appealing Action Not Yet Taken
[✓] Incomplete Appeal – Documents Not Attached
[ ] Time Constraints Not Met
[ ] Cannot Submit On Behalf Of another Inmate
[ ] Appeal Process Abuse – Inappropriate Statements
[ ] No Significant Adverse Effect Demonstrated
[ ] Action / Decision Not Taken By CDCR
[ ] Action Sought Is Under Sentencing Court Jurisdiction
[ ] Submit Issue to Assigned Parole Office
[ ] Appeal Matter to VCGCB
[ ] DRB Decisions Are Not Appealable
[ ] Request for interview; Not an Appeal
[ ] More than one issue –one issue per appeal

[ ] Requested Appeal Withdrawn
[ ] Appeal Previously Received and Processed
[ ] Incomplete 602 – Complete Next Appropriate Section
[ ] Incomplete 602 – Sign and Date Appropriate Section
[ ] Limit of One Continuation Page May Be Attached
[ ] Incomplete Disciplinary Appeal – Missing Documents*
[ ] Incomplete Property Appeal – Missing Documents*
[ ] Failed to Provide Necessary Copies of Chrono(s)*
[ ] Appeal Process Abuse – Pointless Verbiage
[ ] May Submit One (1) Non-Emergency Appeal Per Week
[ ] Attempting to Change Original Appeal Issue
[ ] Not Authorized to Bypass Any Level
[ ] Appeal Issue & Reasonable Accommodation Not 1824
[ ] Do Not Combine Staff Complaints with Other Issues
[ ] Emergency Not Warranted-CCR 3084.7

[ ] Not a Request Form; Use CDCR-7362 – to access Medical Services, submit your request on a CDCR-Form 7362, Health Care Services Form, and send it to the Medical Department for an appointment. *If necessary, sign up for sick call.*

## PLEASE ATTACH AS NOTED BELOW:

[ ] CDC 115/Hearing Officer's Results
[ ] CDC 115 with IE/DA information
[ ] Supplemental Reports to CDC 115
[ ] CDC 1030 Confidential Disclosure
[ ] CDC 114D Lockup Order
[ ] CDC 128G ICC/UCC
[ ] CDC 128G CSR Endorsement Chrono
[ ] CDC 839/840 Class/Reclass Score Sheet
[ ] CDC 7219 Medical Report
[ ] Other: SEE COMMENTS BELOW

[ ] CDC 128C Medical Chrono
[ ] CDC 1819 Denied Publications
[ ] CDC 128 A
[ ] CDC 128 B
[ ] CDC 143 Property Transfer Receipt
[ ] Cell Search Slip
[ ] Receipts
[ ] Qtr. Pkg. Inventory Slip
[ ] Trust Account Statement
[ ] Property Inventory Receipt

Comments: **You may write on back of this form to clarify or respond to the above.**

_Attach the Plan of OPS_

T. Variz, Correctional Counselor-II
Appeals Coordinator
Salinas Valley State Prison

_Received 5/14/07_

Date: _5-14-07_

This screening action may not be appealed. If you allege the above reason is inaccurate, then attach an explanation on a separate piece of paper, or use the back of this screen out – *do not write any more on the appeal itself.* Please return this form to the Appeals Coordinator with the necessary information attached.

## PERMANENT APPEAL ATTACHMENT - DO NOT REMOVE

**INMATE/PAROLEE**
**APPEAL FORM**
CDC 602 (12/87)

| Location: Institution/Parole Region | Log No. | Category |
|---|---|---|
| 1. _____ | 1. _____ | _____ _ll_ |
| 2. _____ | 2. _____ | |

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.    *Mod. Lvl    Program*

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| Padilla, Larry | P-05966 | N/A | A3-202L |

A. Describe Problem: I'am again writing this CDC-602 on the Warden and his staff for denying this prisoner of "Out-Side Exercise" a violation of the Eighth Amendment. Since May 1,2007 to the present date, I have been locked in my cell for 24hours a day for an incident (isolated) assult in which the weapon,victim and the assulter were contain... This incident involved two Hispanic prisoners - yet I'am paying the ultimate price for it by being denied any type of program at all. This trend of violations date back to my arrival here at Salinas Valley State Prison inwhich "Out-Side Exercise" has been a main factor of a Constitutional violatic of the Eighth Amendment.    Padilla Vs. Evans, CV-06-1725 pending.

RECEIVED MAY 1 4 2007

If you need more space, attach one additional sheet.

B. Action Requested: That this Administration be held accountable for violations of the Eighth Amendment for the blatant unjustifiable lock-downs at $100.00 per day for isolated incidents that deal with races other than my own. (2) That these violations be stopped so that I may be allowed my program & out-side exercise. (3) No lock-downs should occur for isolated incident, unless it involves a riot or 3 or more combatants.

Inmate/Parolee Signature: _Larry Padilla_    Date Submitted: 5/13/07

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

_____

_____

_____

Staff Signature: _____ Date Returned to Inmate: _____

DELIVERED MAY 2...

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____

_____

_____

_____

Signature: _____    Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed    CDC Appeal Number:
Board of Control form BC-1E, Inmate Claim

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS AND REHABILITATION

## PROGRAM STATUS REPORT
## PART B – PLAN OF OPERATION / STAFF & INMATE NOTIFICATION

| INSTITUTION | EFFECTIVE DATE OF PLAN | PRECIPITATING INCIDENT LOG NUMBER |
|---|---|---|
| Salinas Valley State Prison | May 2, 2007 | SVSP-FAP-07-05-0310 |

| ☐ NORMAL PROGRAM | ☒ MODIFIED PROGRAM | ☐ LOCKDOWN | ☐ STATE OF EMERGENCY |
|---|---|---|---|
| ☒ INITIAL | ☐ UPDATE | | ☐ CLOSURE |

### RELATED INFORMATION (CHECK ALL THAT APPLY)

| AREA AFFECTED | INMATES AFFECTED | REASON |
|---|---|---|
| ☐ INSTITUTION | ☒ ALL | ☒ BATTERY W/WEAPON SBI |
| ☒ FACILITY: A | ☐ BLACK | ☐ DEATH |
| ☐ HOUSING UNIT: | ☐ WHITE | ☐ RIOT / DISTURBANCE |
| ☐ VOCATION: | ☐ HISPANIC | ☐ GROUPING |
| ☐ EDUCATION: | ☐ OTHER | ☐ OTHER: |
| ☐ OTHER: | | |

| MOVEMENT | WORKERS | DAYROOM |
|---|---|---|
| ☐ NORMAL | ☒ CRITICAL WORKERS ONLY: Black, Other and White Inmates only with Captain approval. | ☐ NORMAL |
| ☒ ESCORT ALL MOVEMENT All Hispanics are to be escorted in handcuffs. | ☒ CULINARY : Black, Other and White Inmates only with Captain approval. | ☒ NO DAYROOM ACTIVITIES |
| ☒ UNCLOTHED BODY SEARCH PRIOR TO ESCORT | ☐ CLERKS | ☐ MODIFIED: |
| ☐ CONTROLLED MOVEMENT | ☐ VOCATION/EDUCATION | |
| ☐ OTHER: | ☐ CANTEEN | RECREATION |
| | ☐ CLOTHING ROOM | ☐ NORMAL |
| FEEDING | ☐ RESTRICTED WORK PROGRAM | ☒ NO RECREATIONAL ACTIVITIES |
| ☐ NORMAL | ☐ PORTERS | ☐ MODIFIED: |
| ☒ CELL FEEDING | ☐ NO INMATE WORKERS | |
| ☐ CONTROLLED FEEDING IN DINING ROOM | SHOWERS | CANTEEN |
| ☐ HOUSING UNIT/DORM AT A TIME | ☐ NORMAL | ☐ NORMAL |
| ☐ DORM POD AT A TIME | ☐ ESCORTED | ☒ NO CANTEEN |
| ☐ TIER AT A TIME | ☒ ONE INMATE PER SHOWER HEAD | ☐ MODIFIED: |
| ☐ HOUSING UNIT SECTION AT A TIME | ☐ CELL PARTNERS TOGETHER – OWN TIER | |
| ☐ SACK MEAL BREAKFAST | ☐ DORM SHOWERING BY GROUP | PACKAGES |
| ☒ SACK MEAL LUNCH | ☐ CRITICAL WORKERS ONLY | ☐ NORMAL |
| ☐ SACK MEAL DINNER | ☐ NO SHOWERS | ☒ NO PACKAGES |
| DUCATS | MEDICAL | ☐ MODIFIED: |
| ☐ ALL DUCATS HONORED | ☐ NORMAL MEDICAL PROGRAM | |
| ☐ MEDICAL DUCATS ONLY | ☐ PRIORITY DUCATS ONLY | PHONE CALLS |
| ☐ CLASSIFICATION DUCATS | ☐ MTA CONDUCT ROUNDS IN UNITS | ☐ NORMAL |
| ☒ PRIORITY DUCATS ONLY | ☒ INMATES ESCORTED TO SICK CALL | ☒ NO PHONE CALLS |
| VISITING | ☐ EMERGENCY MEDICAL ONLY | ☐ MODIFIED: |
| ☒ NORMAL VISITING | ☐ OTHER: | |
| ☐ NON-CONTACT ONLY | | RELIGIOUS SERVICES |
| ☐ NO VISITING | LEGAL LIBRARY | ☐ NORMAL |
| ☒ OTHER: UNDER ESCORT | ☐ NORMAL | ☐ NO RELIGIOUS SERVICES |
| | ☒ APPROVED COURT DEADLINES: PLU inmates will receive priority and be scheduled first to progress to GLU inmates | ☒ MODIFIED: In Cell Worship Only. |

REMARKS On May 1, 2007 at approximately 0908 hours staff observed Inmate Chavez (P-38635) assaulting Inmate Solano (T-66753) on the Facility "A" Patio with an inmate manufactured slashing type of weapon. Inmate Solano was found to have sustained numerous injuries constant with the use of a weapon.

| PREPARED BY: | DATE | NAME / SIGNATURE (WARDEN) | DATE |
|---|---|---|---|
| S. Hatton, Facility "A" Captain (A) | 05/02/07 | M.S. Evans, Warden | 05/02/07 |
| | | NAME / SIGNATURE (WARDEN) | 5/2/07 |

ORIGINAL: Appeals Coordinator SVSP
COPY: Padilla, L. P-05966

STATE OF CALIFORNIA                                                                          DEPARTMENT OF CORRECTIONS

**INMATE/PAROLEE**
**APPEAL FORM**
CDC 602 (12-87)

| Location: | Institution/Parole Region | Log No. | | Category |
|---|---|---|---|---|
| 1. | _____ | 1. | _____ | _____ |
| 2. | _____ | 2. | _____ | |

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| Padilla, L. | P-05966 | AM Porter | A3-202L |

A. Describe Problem: I'm filing this CDC-602 on N.S.Evans and D.R.Mantel for violating the Eighth Amendment by denying me "Outside Exercise" by using any means possible to delay the program in order to deny "Outside Exercise" to my self. In doing so this Administration is getting paid for doing nothing but sitting or standing around. I have been denied "Outside Exercise" since 6/16/07, and for the month of Aug.2007 I have had a total of 4 hours of outside – exercise. This is in violation of the Eighth Amendments cruel punishment. This lock down was on staff but to my knowledge all participants were dealt with days ago, this also states DELIBERATE INDIFFERENCE by this Administration.

If you need more space, attach one additional sheet.

B. Action Requested: That a full investigation be done by an outside entity due to the fact that this prison is in a state corruption.

Inmate/Parolee Signature: _L. Padilla P-05966_    Date Submitted: 8/28/07

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

_____

_____

_____

Staff Signature: _____    Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____

_____

_____

Signature: _____    Date Submitted _____
Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim

CDC Appeal Number:

_____

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

# DIRECTOR'S LEVEL APPEAL DECISION

Date:   APR 2 2 2008

In re:   Larry Padilla, P05966
Salinas Valley State Prison
P.O. Box 1020
Soledad, CA 93960-1020

IAB Case No.: 0721294         Local Log No.: SVSP-07-05013

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner K. J. Allen. All submitted documentation and supporting arguments of the parties have been considered.

**I   APPELLANT'S ARGUMENT:** It is the appellant's position that he has been unfairly denied outside exercise time by administration staff at Salinas Valley State Prison (SVSP). The appellant states that he was unfairly included in the modified program on Facility "A" at the institution that involved Level III inmates. The appellant states that he is a Level IV inmate and was not involved in the incident that was in the facility gymnasium. The appellant requests on appeal that the lockdown and modified program only pertain to those inmates involved in the incident that lived in the gymnasium. He also requests that Facility "A" staff stop violating his constitutional rights by denying him outside exercise.

**II   SECOND LEVEL'S DECISION:** The reviewer found that it is the responsibility of the institution's management to create and maintain as safe an environment for the staff and inmates as possible. The reviewer indicated that the institution takes this responsibility very seriously and that safety is the number one priority. The appellant was reminded of several incidents that have occurred on Facility "A." The reviewer notes that although the most recent incident occurred in the gymnasium, the incident may also pertain to those inmates who are housed in the facility buildings and that both Level III and Level IV inmates share the facility programs and recreational areas. Since the date of this incident, the SVSP administration has acted in a responsible fashion to attempt to return Facility "A" to normal program. However, the assessment of available information gathered and the continuing violent acts committed and/or attempted by the inmate population indicates that staff cannot safely return the entire inmate population to normal program at this time. The use of classification committees, file reviews, the Investigative Services Unit, the Institutional Gang Investigators, and searches are all critical components to return Facility "A" into a full programming facility. All departmental policies on the prevention of disorders were appropriately followed by staff. The reviewer notes that the appellant failed to provide any evidence to substantiate his claims that his constitutional rights were violated. The appeal was denied at the Second Level of Review.

**III   DIRECTOR'S LEVEL DECISION:** Appeal is denied.

   **A. FINDINGS:** It is standard practice in the Department to place a facility on modified program after major disturbances. It is also appropriate for staff to question the inmate population to ascertain the current safety of staff and other inmates on the facility. Pursuant to departmental regulations, institutional security takes precedence over all other program operations. Individual wardens are required to establish operating procedures to ensure the safety and security of the institution, staff, and inmates. The appellant has failed to supply sufficient evidence that he has been unfairly punished or that staff have violated departmental rules or regulations in their application of the modified program on Facility "A."

   The appellant's claim that his constitutional rights have been violated is not supported by the information contained within this appeal. Additionally, it would be irresponsible and unsafe for facility management staff to allow inmates in one of the facility's housing units to program normally during an emergency situation just because the incident occurred in another living area on the facility. The appellant has failed to provide any new or compelling information to warrant a modification to the decision reached by the institution. Relief in this matter at the Director's Level of Review is unwarranted.

LARRY PADILLA, P05966
CASE NO. 0721294
PAGE 2

**B.  BASIS FOR THE DECISION:**
California Code of Regulations, Title 15, Section: 3001, 3004, 3005, 3270, 3271, 3300, 3380, 3391

**C.  ORDER:**  No changes or modifications are required by the institution.

This decision exhausts the administrative remedy available to the appellant within CDCR.

N. GRANNIS, Chief
Inmate Appeals Branch

cc:     Warden, SVSP
        Appeals Coordinator, SVSP

State of California                                              California Department of Corrections and Rehabilitation

# A P P E A L   -   F I R S T   L E V E L   R E V I E W
## S A L I N A S   V A L L E Y   S T A T E   P R I S O N

**DATE: December 02, 2007**

**NAME:**   Inmate Padilla      **CDC #P-05966**

**APPEAL #:  SVSP-A-07-05013**

**APPEAL DECISION:  Partially Granted**

**SUMMARY OF APPEAL:**   Appellant states that he was denied outside exercise a basic human need, because of the actions of the Level III inmates housed in the Facility 'A' Gym.

Appellant is requesting on appeal that lockdowns pertaining to the gym be contained inside of the gym.  Also that staff on 'A' Facility stop violating the Eighth Amendment by denying him outside exercise.

**SUMMARY OF INVESTIGATION:**

The appellant was interviewed on 12-02-07 by Sergeant D. Galloway.   During this interview, the appellant stated that he was informed by the Attorney General to 602 every lockdown in order for his case about being on lockdown has a paper trail that shows all the lockdowns. The appellant has nothing else to add to his appeal.

The appellant was informed that once a lockdown or modified program has been investigated and no further issues are present on the yard, program will return to normal, soon as possible. This is per OP 11 (A)

**APPEAL RESPONSE:**  Based on the above, this appeal is Partially Granted.

If you are dissatisfied with this decision, you may appeal to the First Level by following the instructions on your appeal form.


D. Galloway,
Facility 'A' Sergeant 2w
Salinas Valley State Prison


D.M. Mantel
Facility 'A' Captain
Salinas Valley State Prison

State of California                                    Department of Corrections and Rehabilitation

# Memorandum

Date:    January 4, 2008

To:      Inmate Padilla, P-05966
         Salinas Valley State Prison

Subject: SECOND LEVEL APPEAL RESPONSE LOG NUMBER-SVSP-A-07-05013

### ISSUE:

Appellant states he was denied outside exercise a basic human need, because
of the actions of the Level III Inmates housed in the Facility A Gym.

Appellant requests on appeal that lockdowns pertaining to the gym be contained
inside of the gym. Also that staff stop violating the Eighth Amendment by denying
him outside exercise.

### REGULATIONS:

PC 5054 Control of penal institutions and inmates
CCR 3005 (b) Conduct
DOM 55015 Unlock Protocol Guidelines CONFIDENTIAL

### SUMMARY OF INVESTIGATION:

The First Level of Review (FLR) was completed on December 2, 2007.  R.
Mojica, Correctional Lieutenant, was assigned to investigate this appeal at the
Second Level of Review. All submitted documentation and supporting arguments
have been considered. Additionally, a thorough examination has been conducted
regarding the claim presented by the appellant and evaluated in accordance with
Salinas Valley State Prison Operational Procedures (OP); the CCR; and the
Departmental Operations Manual (DOM).

In accordance with the California Penal Code §5054 Control of penal institutions
and inmates; the supervision, management and control of the state prisons is
vested with the Director.  Through the Policies and Regulation Branch, the
Director for the California Department of Corrections and Rehabilitation has
established the unlock protocol process as a meaningful and necessary means
of assessing incidents.   Those departmental regulations are outlined in
Confidential Department Operations Manual (DOM) §55015 Unlock Protocol
Guidelines.

DOM §55015 is confidential, therefore the specifics of the regulation cannot be
discussed with the appellant.  But the intent of the protocols is to ensure the
safety and security of the institution.  Procedures such as the interview process

**Inmate Padilla, P05966**
**Case No. SVSP-A-07-05013**
**Page 2**

and incremental releases as well as other tools are policies put in place to assist the managers in maintaining, to the best of our ability, all of our safety.

The various measures taken on Facility A have been necessary due to the numerous incidents that have occurred. Although the incident may have occurred in the gym, the issues may also pertain to those inmates who are housed in the facility buildings as the both Level III, and Level IV inmates share the facility programs, and recreational areas.

There was no evidence provided or discovered to substantiate the appellants claims that his Constitutional Rights were violated, therefore his request for compensation have no merit.

**DECISION**:  The appeal is denied.

The appellant is advised that this issue may be submitted for a Director's Level of Review if desired.

G. A. NEOTTI
Chief Deputy Warden
Salinas Valley State Prison

of 07-4251

duplicate of 07-4251

STATE OF CALIFORNIA                                                    DEPARTMENT OF CORRECTIONS

**INMATE/PAROLEE**          Location    Institution/Parole Region    Log No.        Category
**APPEAL FORM**             1.  5/5P A          07.05013                   11
CDC 602 (12/87)          A3   2. _____        2. _____    CA1

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.                    Mod program

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|------|--------|------------|------------------|
| Padilla, Larry | P-05966 | AM Porter | A3-202L |

A. Describe Problem: I'am writing this 602 on M.S.Evans (Warden) and D.M.Mantel (Captain) for
denying this prisoner "Outside Exercise" a basic human need. On or about Oct.24th,2007 I
was placed on lock down for the actions of Level 3 inmates housed in the GYM on this Level
4 SNY-Yard. Then to prolong this issue even longer, Interviews started on Nov.5th,2007 for
something pertaining to Level 3 inmates. Note: No Plan of Operation/Inmate Notification have
been passed out on this incident.
_____
_____

If you need more space, attach one additional sheet.

RECEIVED  JAN 28 2008  INMATE APPEALS BRANCH

B. Action Requested: That lock downs pertaining to Level 3 inmates housed in the GYM be contained
to those inmates, as I'am a Level 4 inmate.
            And that this Facility "A" Sny-Yard staff stop violating the Eighth Amendment
by denying me "Outside Exercise"

Inmate/Parolee Signature: _Larry Padilla_                        Date Submitted: 11/06/07

C. INFORMAL LEVEL (Date Received: 11-17-07 )

Staff Response: DEINED: DUE TO O.P. 11 AND SAFTY AND SECURITY
OF INSTITUTION.
_____
_____

Staff Signature: _DASeward C/o_                   Date Returned to Inmate: 11-17-07

RECD NOV 1 8 2007

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

I'm dissatisfied with the response of the Informal Level, as it explains nothing of why I
was being locked down for level three inmate's housed in the GYM, and again NO Inmate
Notification slips have been past out.
_____

Signature: _Larry Padilla_                              Date Submitted: 11/17/07
Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim                CDC Appeal Number:

_____

First Level    ☐ Granted    ☑ P. Granted    ☐ Denied    ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: 11-20-07    Due Date: 1-4-08

Interviewed by: _____

RECEIVED/COMPLETED RESPONSE ON

_____

_____

Staff Signature: D. Barreras    Title: Sgt    Date Completed: 12-2-07

Division Head Approved:

Signature: Jim Mantel    Title: Capt    Return DEC 12 2007

Date to Inmate:

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals coordinator within 15 days of receipt of response.    RECD DEC 14 2007

I'm "Dissatisfied" although the First Level response states "Partially Granted" ? in what since, nothing is stated. therefore I request that I be compensated for these abuses, and blatant disregard of my constitutional rights for every day I have been lockdown for some one elses actions.

Signature: Larry J. Padilla    Date Submitted: 12/16/07

Second Level    ☐ Granted    ☐ P. Granted    ☑ Denied    ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: 12-17-07    Due Date: 1-16-08

☐ See Attached Letter

Signature: Q Mijares

Warden/Superintendent Signature: R. Moenke (CSWPS)    Date Completed: 1/3/07

Date Returned to Inmate: RETD JAN 2 2 2008

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

"Dissatisfied" In every response, the administration finds an excuse for their actions, violations of constitutional rights occur every day – Compensation for these violations are appropriate and the issues do have merit when M.S.Evans,(Warden) and D.M.Mantel, (Captain), continue to violate the Eighth Amendments "Cruel and Unusual Punsishments" by denying me a "basic human need of Outside Exercise" for this incident.

Signature: Larry J. Padilla    Date Submitted: 1/23/08

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION: ☐ Granted    ☐ P. Granted    ☑ Denied    ☐ Other _____
☑ See Attached Letter

CDC 602 (12/87)    APR 2 9 2008    Date: _____

# INMATE APPEAL ROUTE SLIP

## To: CA1

Date: November 20, 2007

From:  INMATE APPEALS OFFICE

Re: Appeal Log Number **SVSP-A-07-05013**  By Inmate **PADILLA, P05966**

Please assign this appeal to appropriate staff for **FIRST** level response.

Appeal Issue:  PROGRAM

Special Needs:

Due Date: **01/04/2008**

12·28·07

STAFF INSTRUCTIONS: **Per Director's Rule 3084.5(f) (2) first level appeal review requires a personal interview with the inmate unless the appeal is granted**.  This policy is not within the institution's jurisdiction and cannot be waived.  Director's Rule 3084.5(f) (3) provides that a telephonic interview may be conducted if the inmate is not available in person.

Begin response with GRANTED, DENIED, PARTIALLY GRANTED or WITHDRAWN.  When complete, return appeal to the Appeals Office.  All first level appeals require signature of the Division Head.  Appeals that are incomplete will be returned for appropriate completion.

Refer to D.O.M. 54100 for instructions.

T. VARIZ, CC-II / E. MEDINA CC-II
Appeals Coordinators
Salinas Valley State Prison

NOV 2 1 2007

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

**INMATE/PAROLEE**
**APPEAL FORM**
CDC 602 (12/87)

Location:  Institution/Parole Region    Log No.    Category

1. _SVSP A-0800570_    1. _____    _____

2. _____    2. _____    _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|------|--------|-----------|------------------|
| Padilla,L. | P-05966 | AM/PORTER | A3-202L |

A. Describe Problem:  I'am again filing this CDC-602 on M.S.Evans,(Warden) and his Administration of Faculty "A-Yard" for again denying this prisoner of a basic human need: "Outside Exercise"; in which I'am being punished for an isolated incident that occurred on Jan. 25th,2008 Between (2) two prisoners - This is an ongoing problem that continues to occur any time M.S.Evans and his Administration see fit. For instance on Jan.4-7,8,11,12,23,25-28 to date, I was denied "Outside Exercise" for basicly the same circonstances. This is in violation of the U.S. Constitutions Eighth Amendments "Cruel and Unusual Punishment. I request that this CDC-60 be ongoing for the remainder of THIS lockdown I'am being forced to again endure.

If you need more space, attach one additional sheet.

B. Action Requested:  That I be compensated for every day that I'am unjustly being denied "Outside Exercise", and denying me a constitutional right by law.

Inmate/Parolee Signature _Larry D. Padilla_    Date Submitted: _1/28/08_

C. INFORMAL LEVEL (Date Received _____ )

Staff Response:  This lockdown was needlessly prolonged, ostensibly for security reasons, but actually as punishment and retaliation

Staff Signature: _____    Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____

_____

_____

Signature: ___ _____    Date Submitted: ___ ___
Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim.    CDC Appeal Number:

COPY ORIGINAL: M.S.Evans, (Warden)

COPY: L.Padilla, P-05966 (Prisoner)    _Sent to Evans, LP_

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

# INMATE/PAROLEE
# APPEAL FORM

CDC 602 (12/87)

| | Location | Institution/Parole Region | | Log No. | | Category |
|---|---|---|---|---|---|---|
| | 1 | _____ | | 1. | _____ | |
| | 2 | _____ | | 2 | _____ | |

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| Padilla, Larry | P-05966 | AM Porter | A3-202 |

**2**

A. Describe Problem: I'am writing this CDC-602 on M.S.Evans,(Warden) and his staff on Facility "A-Yard" for "Deliberate Indifference", stemming from an isolated incident that occurred on or about Jan.25th,2008. I'am being searched for no other reason than self gratification and to prolong this lockdown needlessly, obtensibly for security reasons, but actually as punishment and retaliation for something I had neither knowledge or a part of. This violate's Title 15 §3287(2): Such inspections will not be used as a punitive measure nor to harass an inmate. Please note that this search is stemming from an isolated incident and NOT a riot. Due to this lockdown, I'am being denied my A1A status by not being allowed "Outside -

If you need more space, attach one additional sheet.    **\*CONTINUED ON FOLLOWING PAGE**

B. Action Requested: That I be compensated for the blatant deliberate indifference towards this prison, and to punish and make an example of M.S.Evans and his staff and to deter others fr from similar conduct.

        To stop unjustifible searches.

Inmate/Parolee Signature: _____    Date Submitted: 02/07/08

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response _____

_____

_____

_____

_____

Staff Signature _____    Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____

_____

_____

_____

Signature: _____    Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim    CDC Appeal Number:

\* CONTINUED FROM CDC-602 ON "SEARCHES"

Exercise","Canteen","Packages ect." I have been searched on the following dates:
1/3/07, 2/27/07, 4/7/07, 5/18/07, 11/26/07, 12/29/07 and this search 02/07/08,
these are just what I was given a S.V.S.P. Form RR004-98 "Cell Search Slip" most
times no forms are given,these are the ones that were (above).

Respectfully Submitted,

Larry D. Padilla, P-05966

Salinas Valley State Prison
Larry D. Padilla, P-05966
P.O. Box 1050 / A3-202L
Soledad, Ca. 93960-1050



Confidential Correspondence
Per C.C.R. Title 15 §3141
LEGAL MAIL

To: M.S. Evans, (Warden) SVSP
    31625 Hwy 101
    Soledad, Ca. 93960-9529

## PROOF OF SERVICE

I hereby declare that I am over the age of 18 years of age, a resident of the State of California and a party/not a party (mark one out) to the within cause of action.    That on this date I did cause a true and correct copy of ___Inmate/Parolee Appeal Form CDC-602 Served to M.S. Evans (Warden) SVSP at the Informal Level.___ to be served on the parties to the action by:

    __XXX___    depositing same in the U.S. Mail with first class postage prepaid and addressed as follows:

    _____    delivering same in person to the address as follows and placing into the control of the below listed party or their representative:

To: M.S. Evans (Warden) SVSP

    31625 Hwy 101

    Soledad, Ca. 93960-9529

EXECUTED THIS __9th__ DAY OF ___March___, 20_08_, UNDER PENALTY OF PERJURY

IN __Salinas Valley State Prison__, CALIFORNIA.

_Larryl Padilla_

Declarant

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

# INMATE/PAROLEE APPEAL FORM
CDC 602 (12/87)

Location: Institution/Parole Region        Log No.        Category

1. _____    1. _____    _____

2. _____    2. _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|------|--------|-----------|------------------|
| Padilla, Larry | P-05966 | AM PORTER | A3-202L |

A. Describe Problem: On March 3rd, 2008, I was placed on lockdown, cell fed and denied all "Outside exercise and/or Dayroom" based on an anonymous "kite", and this was in violation of C.C.R. Title 15 §3321(b)(1), since an anonymous source is not "reliable" in any sense of the law. See, Cato v. Rushen, 824 F.2d 703. This denied the appellant of his "Due Process" and was an arbitrary punishment in violation of CDCR's own rules. These prison officials took this action with the knowledge that, this incident again did not involve the appellant, and who sought to retaliate against appellant for suing the prison for the denial of "Outside Exercise" under a guise of yet another (invalid excuse).

If you need more space, attach one additional sheet.

B. Action Requested: (1) That SVSP Facility "A", D.M.Mantel (Captain), S.Hatton (Lieutenant) and M.S.Evans (Warden) are on Notice that this punishment violates C.C.R.§3321(b)(1) et seq., and the 9th Circuit's precedent in Cato v. Rushen, 824 F.2d 703;2. That this and furture violations of appellant's right's as such be sanctionable at $1,000 per day X3 at this time for the violation of appellant's rights in the amount of $3,000.        Date Submitted: 03/09/08

Inmate/Parolee Signature: _____

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

Date Returned to Inmate: _____

Staff Signature: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____

Signature: _____        Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number:

<u>PROOF OF SERVICE</u>

I hereby declare that I am over the age of 18 years of age, a resident of the State of California and a party/not a party (mark one out) to the within cause of action.  That on this date I did cause a true and correct copy of Inmate/Parolee Appeal Form CDC-602 Served to M.S. Evans (Warden) SVSP at the Informal Level. to be served on the parties to the action by:

XXX      depositing same in the U.S. Mail with first class postage prepaid and addressed as follows:

_____      delivering same in person to the address as follows and placing into the control of the below listed party or their representative:

TO: M.S. Evans (Warden) SVSP

31625 Hwy 101

Soledad, Ca. 93960-9529

EXECUTED THIS __9th__ DAY OF ____March____, 20_08_, UNDER PENALTY OF PERJURY

IN __Salinas Valley State Prison____, CALIFORNIA.

_____
Declarant

STATE OF CALIFORNIA

**INMATE/PAROLEE APPEAL FORM**
CDC 602 (12-87)

Location: Institution/Parole Region

1. _____
2. _____

Log No.

1. _____
2. _____

DEPARTMENT OF CORRECTIONS

Category

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|------|--------|------------|------------------|
| Padilla, Larry | P-05966 | AM PORTER | A3-202L |

A. Describe Problem  On 3/09/08 I was mailing a CDC-602 to M.S.Evans, C/O Barclay stated he could not accept it,after speaking with this officer, he then spoke to Sgt. Metcalfe at which time Sgt. Metcalfe told C/O Barclay that I basically couldn't send a 602 out through the mail. Therefore Sgt. Metcalfe is in violation of the following: C.C.R. Title 15 §§ 3141; 308411/ and the "Due Process Clause" of the State and Federal Constitution while"Under the "Color of Law"... It is my belief that Sgt. Metcalfe is retaliating against me do to the law suits and CDC-602's being wrote on this yard do to their blatant disregard to this appellants rights, the CDC-602 is part of my Federal law suit - Sgt.Metcalfe and this Administration are denying

If you need more space, attach one additional sheet.  **(CONTINUED ON FOLLOWING PAGE)**

B. Action Requested:  (1) That NO retalition be taken by Sgt.Metcalfe or his peers; (2) That Sgt. Metcalfe compensate appellant in the sum of $1,000 for the blatant deliberate indifference towards this prisoner; (3) That Sgt Metcalfe be retrained, do to his lack of knowledge of the CCCR. Title 15.

Inmate/Parolee Signature: _Larry J. Padilla_    Date Submitted: 3/18/08

==========================================================

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

_____

_____

_____

_____

Staff Signature: _____    Date Returned to Inmate: _____

==========================================================

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____

_____

_____

_____

Signature: _____    Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number:

1  me access to the courts by delaying my 602, by telling me to put it in a "BOX"

2  that this Sergeant or this Administration never open to retrieve 602's, and this

3  violates the time limits per Title 15 §3084.6.

4      This CDC-602 is also a STAFF COMPLAINT but to be treated as an Inmate/

5  Parolee Appeal Form per C.C.R. Title 15. AND TO BE CLEAR; This CDC-602 is on

6  Sgt. Metcalfe for refusing me legal correspondence by mail per C.C.R. Title 15

7  §3141 a Federal Offence while under the color of law.

8      I declare under the penalty of perjury under the laws of the State of

9  California that the foregoing is true and correct.

10  Respectfully Submitted,

11  Date: 3/18/08               .          Larry D. Padilla, P-05966
                                           P.O. Box 1050 / A3-202
12                                         Soledad, Ca. 93960-1050

13

14

15

16

17

18

19  Please Note: This CDC-602 Inmate/Parolee Appeal Form that Sgt.Metcalfe refused
                  to let me mail to the warden M.S.Evans is an on going Federal Law
20                Suit Case No. Cv-06-1725 MJJ.

21

22

23

24

25

26

27

28

Exhibit  F

# Inmate Wins Federal Case



**Inmate wins federal case**
Jury directs Folsom staffers to pay $39,000 in punitive damages.
By Denny Walsh - dwalsh@sacbee.com
Published 12:00 am PST Sunday, November 11, 2007

A federal court jury has found an inmate's constitutional right to be free of cruel and unusual punishment was violated when he was deprived of outdoor exercise during four extended lockdowns at a state prison in Folsom.

The jury awarded Gregory Lynn Norwood only $11 in nominal compensatory damages but also directed six high-ranking current and former corrections officials to pay Norwood a total of $39,000 in punitive damages.

Punitive damages are meant to punish and make an example of defendants and to deter others from similar conduct.

According to a trial brief filed on behalf of the corrections officials, lockdowns are normally recommended by the facility captain and approved by the prison's warden.

Cheryl Pliler, a former warden at the prison, was assessed $16,000 in punitive damages. Another former warden, Mike Knowles, who is also retired, was assessed $3,000; Thomas Goughnour, a former associate warden who is retired, $5,500; James Walker, a former associate warden who is now the prison's warden, $1,500; Steve Vance, still a captain at the prison, $11,500; David Willey, a former prison captain who now works in the Sacramento headquarters of the Department of Corrections and Rehabilitation, $1,500.

The jury of seven women and one man deliberated nine hours and returned its verdict Thursday.

At the heart of Norwood's civil rights lawsuit were the four lockdowns of the facility where he was housed at California State Prison, Sacramento � also known as New Folsom � in 2002 and 2003. The lockdowns stemmed from separate prisoner attacks on staff.

Inmate Wins Federal Case

2/13/08 3:56 PM

African American general population prisoners in B Facility, of which Norwood was one, were locked down for 14 of the 22 months from Jan. 4, 2002, to Nov. 4, 2003.

Norwood, 46, who is doing life without parole on first-degree murder and second-degree robbery convictions, claimed the lockdowns deprived him of outdoor exercise, resulting in stress, anxiety, depression, headaches and muscle cramps.

He contended the lockdowns were needlessly prolonged, ostensibly for security reasons, but actually as punishment and retaliation.

Investigations of stabbing assaults involving staff take months, while investigations of incidents that do not implicate staff are completed in a matter of days, Norwood claimed.

He alleged the stabbing assaults that gave rise to the lockdowns were spontaneous and isolated incidents and there was no continuing threat from the general population.

During a lockdown, according to the defendants' trial brief, all normal programs are canceled and inmates are confined to their cells seven days a week, 24 hours a day, with the exception of a five-minute shower every other day, excluding Sundays.

Lockdowns are meant to allow prison staff time to investigate the events that triggered them, prevent further incidents, remove and isolate inmates responsible, and diffuse tensions under controlled conditions, the defendants' trial brief says.

Norwood represented himself throughout the life of the suit, which was filed in December 2003.

But things took an unusual turn midway through the trial.

Circumstances convinced U.S. District Judge Garland E. Burrell Jr., who was presiding, that Norwood may unwittingly have deprived himself of a fair trial. On Nov. 1, the judge sought assistance for Norwood from the University of California, Davis, School of Law Civil Rights Clinic.

With very short notice and the trial in recess, two law students and Carter White, director of the clinic, met with Norwood, conducted an abbreviated investigation and prepared questions for witnesses.

The students, Erin Haney and Nagmeh Shariatmadar, questioned corrections officials who testified, and White questioned an inmate who corroborated many of Norwood's claims. White also made the rebuttal closing argument on behalf of Norwood.

While students have often represented prisoners in the 14 years of the clinic's existence, they had never been on the winning side of a jury trial, White said in an interview.

"It's very difficult to persuade a jury that corrections officials should not be accorded

deference in the operation of a prison," he noted. "In this instance, the jurors wanted to send a different message. They clearly saw their role in this as righting a wrong."

Before excusing the jury, Burrell told its members they had given life to the phrase "equal justice under law."

# Three Strikes Legal - Index

Salinas Valley State Prison
Larry D. Padilla, P05966
P.O. Box 1050 / A3-202
Soledad, Ca. 93960-1050

STATE PRISON
GENERATED MAIL

To: Clerk, U.S. District Court
Northern District of California
280 South First Street, Rm. 2112
San Jose, Ca. 95113-3095

STATE PRISON
GENERATED MAIL

LEGAL MAIL

UNITED STATES POSTAGE
$ 04.80⁰
0004897458
MAILED FROM ZIPCODE