EDMUND G. BROWN JR.
Attorney General of the State of California
DAVID S. CHANEY
Chief Assistant Attorney General
ROCHELLE C. EAST
Acting Senior Assistant Attorney General
JONATHAN L. WOLFF
Supervising Deputy Attorney General
SCOTT J. FEUDALE, State Bar No. 242671
Deputy Attorney General
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA 94102-7004
  Telephone: (415) 703-5871
  Fax: (415) 703-5843
  Email: Scott.Feudale@doj.ca.gov

Attorneys for Defendant M. S. Evans

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LARRY DEAN PADILLA,<br><br>                        Plaintiff,<br><br>v.<br><br>M. S. EVANS,<br><br>                        Defendant. | CASE NO. C 06-1725 JF |

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S**

**MOTION FOR SUMMARY JUDGMENT**

# TABLE OF CONTENTS

Page

INTRODUCTION ................................................................................................. 1

ARGUMENT ......................................................................................................... 2

    I.   PLAINTIFF FAILS TO ESTABLISH A GENUINE ISSUE OF MATERIAL FACT SUFFICIENT TO SURVIVE SUMMARY JUDGMENT WITH RESPECT TO HIS EIGHTH AMENDMENT CLAIM OF INADEQUATE OUTDOOR EXERCISE. ... 2

        A.   Plaintiff Fails to Establish He Suffered a Sufficiently Serious Constitutional Deprivation. ... 2

        B.   Plaintiff Fails to Establish that Defendant Acted with Deliberate Indifference to His Health or Safety in Implementing a Rotational Exercise Schedule. ... 4

        C.   Plaintiff's Arguments Do Not Support His Contention that Defendant Violated His Eighth Amendment Right to Outdoor Exercise. ... 4

    II.   PLAINTIFF FAILS TO ESTABLISH A GENUINE ISSUE OF MATERIAL FACT WITH RESPECT TO HIS FOURTEENTH AMENDMENT EQUAL PROTECTION CLAIM. ... 6

        A.   Plaintiff Fails to Establish that He Was Treated Differently than Other Similarly Situated Inmates. ... 6

        B.   Plaintiff Fails to Prove Defendant Intentionally Discriminated Against Him Because of His Membership in a Protected Class. ... 8

        C.   Plaintiff Fails to Establish that Defendant Lacked a Rational Basis for Implementing a Rotational Exercise Schedule. ... 8

    III.   DEFENDANT IS ENTITLED TO QUALIFIED IMMUNITY. ... 9

CONCLUSION ................................................................................................. 10

Def.'s Reply Pl.'s Opp'n Def.'s Mot. Summ. J.

Padilla v. Evans
C 06-1725 JF

i

# TABLE OF AUTHORITIES

Page

**Cases**

*Allen v. Sakai*
48 F.3d 1082 (9th Cir. 1995) ........................................................................... 2-4

*Barren v. Harrington*
152 F.3d 1193 (9th Cir. 1998) ........................................................................... 6

*Bell v. Wolfish*
441 U.S. 520 (1979) ........................................................................................... 4

*Berg v. Kincheloe*
794 F.2d 457 (9th Cir. 1986) ............................................................................. 4

*City of Celburne v. Cleburne Living Ctr.*
473 U.S. 432 (1985) ........................................................................................... 6

*Coakley v. Murphy*
884 F.2d 1218 (9th Cir. 1989) ........................................................................... 6

*Farmer v. Brennan*
511 U.S. 825 (1994) ........................................................................................ 2, 4

*Fraley v. U.S. Bureau of Prisons*
1 F.3d 924 (9th Cir. 1993) ............................................................................... 6, 7

*Hamilton v. Love*
328 F. Supp. 1182 (E.D. Ark. 1971) ................................................................. 10

*Hayward v. Procunier*
629 F.2d 599 (9th Cir. 1980) ............................................................................ 2, 3

*LeMarie v. Maass*
12 F.3d 1444 (9th Cir. 1993) ......................................................................... 2, 5, 6

*Marks v. U.S.*
578 F.2d 261 (9th Cir. 1978) ............................................................................. 7

*Martino v. Casey*
563 F. Supp. 984 (D. Or. 1983) ....................................................................... 5, 6

*May v. Baldwin*
109 F.3d 557 (9th Cir. 1997) ............................................................................ 2, 3

*May v. Baldwin*
895 F. Supp. 1398 (D. Or. 1995) ....................................................................... 6

*Mitchell v. Forsyth*
472 U.S. 511 (1985) ........................................................................................... 9

Def.'s Reply Pl.'s Opp'n Def.'s Mot. Summ. J.

Padilla v. Evans
C 06-1725 JF

ii

# TABLE OF AUTHORITIES (continued)

| | Page |
|---|---|
| *Rhodes v. Chapman*<br>452 U.S. 337 (1981) | 2 |
| *Saucier v. Katz*<br>533 U.S. 194 (2001) | 9 |
| *Spain v. Procunier*<br>600 F.2d 189 (9th Cir. 1979) | 2, 3 |
| *Thornton v. City of St. Helens*<br>425 F.3d 1158 (9th Cir. 2005) | 7, 8 |
| *Toussiant v. McCarthy*<br>597 F. Supp. 1388 (N.D. Cal. 1984) | 5, 6 |
| *Toussiant v. McCarthy*<br>801 F.2d 1080 (9th Cir. 1986) | 5 |
| *Toussiant v. Yockey*<br>722 F.2d 1490 (9th Cir. 1984) | 2-4 |
| *Williams v. Lane*<br>851 F.2d 867 (7th Cir. 1988) | 7 |
| *Wilson v. Seiter*<br>501 U.S. 294 (1991) | 2, 4 |

**Constitutional Provisions**

| | |
|---|---|
| Eighth Amendment | 2-6, 9, 11 |
| Fourteenth Amendment | 6, 9, 11 |

**Court Rules**

| | |
|---|---|
| Federal Rules of Evidence<br>    Rule 702<br>    Rule 802 | 5 |

Def.'s Reply Pl.'s Opp'n Def.'s Mot. Summ. J.                                   Padilla v. Evans
                                                                                C 06-1725 JF

iii

EDMUND G. BROWN JR.
Attorney General of the State of California
DAVID S. CHANEY
Chief Assistant Attorney General
ROCHELLE C. EAST
Acting Senior Assistant Attorney General
JONATHAN L. WOLFF
Supervising Deputy Attorney General
SCOTT J. FEUDALE, State Bar No. 242671
Deputy Attorney General
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA 94102-7004
  Telephone: (415) 703-5871
  Fax: (415) 703-5843
  Email: Scott.Feudale@doj.ca.gov

Attorneys for Defendant M. S. Evans

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LARRY DEAN PADILLA,<br><br>                        Plaintiff,<br><br>v.<br><br>M. S. EVANS,<br><br>                        Defendant. | CASE NO. C 06-1725 JF<br><br>**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

## INTRODUCTION

Even when viewing the evidence in the light most favorable to Plaintiff, Plaintiff fails to establish that the amount of out-of-cell and outdoor exercise time he was afforded from January 1, 2005 through January 26, 2005 violated the constitution and that Defendant acted with deliberate indifference to his health or safety in implementing a rotational recreation schedule at Salinas Valley State Prison (SVSP) in January 2005. Likewise, Plaintiff's equal protection claim must fail because Plaintiff fails to establish that he was treated differently than other similarly situated inmates, that Defendant acted with discriminatory animus, and that Defendant lacked a rational basis for implementing the rotational recreation schedule. Moreover, Defendant is

Def.'s Reply Pl.'s Opp'n Def.'s Mot. Summ. J.         Padilla v. Evans
C 06-1725 JF

1

entitled to qualified immunity. Accordingly, summary judgment must be granted in Defendant's favor.

## ARGUMENT

### I.

**PLAINTIFF FAILS TO ESTABLISH A GENUINE ISSUE OF MATERIAL FACT SUFFICIENT TO SURVIVE SUMMARY JUDGMENT WITH RESPECT TO HIS EIGHTH AMENDMENT CLAIM OF INADEQUATE OUTDOOR EXERCISE.**

**A. Plaintiff Fails to Establish He Suffered a Sufficiently Serious Constitutional Deprivation.**

In order to establish an Eighth Amendment claim for deprivation of humane conditions of confinement, a prisoner must first objectively show that the deprivation he complains of was "sufficiently serious." *Wilson v. Seiter*, 501 U.S. 294, 298, 303 (1991). A deprivation is considered to be "sufficiently serious" where an inmate has been deprived of "the minimal civilized measure of life's necessities." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (*quoting Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)).

The Ninth Circuit has held that denying inmates outdoor exercise for an extended period of time constitutes a "sufficiently serious" deprivation and satisfies the objective prong of an Eighth Amendment analysis. *See Allen v. Sakai*, 48 F.3d 1082, 1082, 1087-88 (9th Cir. 1995) (finding that forty-five minutes of outdoor exercise a week for a six week period to be a sufficiently serious constitutional deprivation); *Toussiant v. Yockey*, 722 F.2d 1490, 1492-93 (9th Cir. 1984) (holding that restricting inmates to their cells for twenty three and a half hours a day for a one year period violated the Eighth Amendment); *Spain v. Procunier*, 600 F.2d 189, 199-200 (9th Cir. 1979) (holding that the confinement of inmates in segregated housing for over four years with no opportunities for outdoor exercise violated the constitution). However, the Ninth Circuit has also held that prison officials may deny inmates outdoor exercise for temporary periods of time in response to institutional emergencies and also in order to insure staff safety and inmate discipline. *See May v. Baldwin*, 109 F.3d 557, 565 (9th Cir. 1997); *LeMarie v. Maass*, 12 F.3d 1444, 1457-58 (9th Cir. 1993); *Hayward v. Procunier*, 629 F.2d 599, 603 (9th Cir. 1980).

///

Def.'s Reply Pl.'s Opp'n Def.'s Mot. Summ. J.

Padilla v. Evans
C 06-1725 JF

2

In his opposition, Plaintiff, relying on self-made, unauthenticated logs [1] of the out-of-cell exercise time he was allegedly afforded, argues that he was only afforded twenty-five hours, thirty-seven minutes of out-of-cell exercise time from January 1, 2005 through January 26, 2005, rather than the forty-five hours recorded by Defendant's staff.[2] (Pl.'s Opp'n at 4.) However, even taking Plaintiff's version of the facts as true, Plaintiff fails to establish a constitutional deprivation.

The Ninth Circuit has held that a denial of outdoor exercise for up to four weeks to be constitutional. *See May*, 109 F.3d at 565 (finding the denial of outdoor exercise for twenty-one days while the inmate was housed in segregated housing did not violate the Eighth Amendment); *Hayward*, 629 F.2d at 600 (upholding a prison-wide lockdown where inmates were not allowed any access to outdoor exercise for one month). Here, even under Plaintiff's version of the facts, he was provided with multiple hours of both out-of-cell and outdoor exercise during the twenty-six day period alleged in his Amended Complaint. Plaintiff cites to no authority indicating the amount of exercise time he alleges he was afforded during the month of January 2005 violated the Constitution. Moreover, in addition to being afforded the opportunity to be let out of his cell to exercise, Plaintiff, unlike the inmates in *Spain, Toussiant,* and *Allen,* was provided with many opportunities to exit his cell and participate in various prison programs, attend religious activities, and have visiting privileges. (Stmt. Facts ¶ 6.) *See Spain*, 600 F.2d at 199-200;

---

1. Because Plaintiff's self-made recordings of his the exercise time he was allegedly afforded during the month of January 2005 have not been verified by Plaintiff (Pl.'s Opp'n, Ex. A), this evidence is hearsay, and should not be considered by the Court in deciding upon Defendant's summary-judgment motion. Fed. R. Evid. 802.

2. In his opposition, Plaintiff argues that the control booth and floor officer's log books recording inmate movement, submitted in support of Defendant's motion for summary judgment, should not be considered by the Court because T. Selby, the declarant authenticating the log books, does not work in Plaintiff's housing facility, could not have made entries in the log books, and thus submitted false evidence. (Pl.'s Opp'n at 7.) Plaintiff's argument lacks merit. The fact that Lieutenant Selby does not regularly work in Plaintiff's housing unit is not relevant to whether she can testify truthfully as to SVSP's practice of recording inmate movement and maintaining custody of such records. (*See* Decl. Selby ¶ 4.) Moreover, the fact that Lieutenant Selby did not personally make recordings in the log books does not establish that they are inaccurate or recorded untruthfully.
Def.'s Reply Pl.'s Opp'n Def.'s Mot. Summ. J.

Padilla v. Evans
C 06-1725 JF

3

1  *Toussaint*, 722 F.2d at 1492-93; *Allen*, 48 F.3d at 1087-88.

2  Because Plaintiff fails to establish that the amount of exercise he was afforded between
3  January 1, 2005 and January 26, 2005 amounted to a sufficiently serious constitutional violation,
4  he fails to satisfy the objective competent necessary to establish an Eighth Amendment violation.

     **B.   Plaintiff Fails to Establish that Defendant Acted with Deliberate Indifference to His Health or Safety in Implementing a Rotational Exercise Schedule.**

7  In order to establish an Eighth Amendment violation, a plaintiff must also show the prison
8  official subjectively acted with a "sufficiently culpable state of mind" described as "deliberate
9  indifference." *Wilson*, 501 U.S. at 298, 303. According to the Supreme Court, deliberate
10  indifference is established where a prison official "knows of and disregards and excessive risk to
11  inmate health and safety." *Farmer*, 511 U.S. at 837. In determining whether a prison official
12  acted with deliberate indifference, the court must take into account the difficult choices involved
13  with managing a prison and must afford prison officials deference in adopting policies designed
14  to preserve internal order and maintain institutional security. *Bell v. Wolfish*, 441 U.S. 520, 547
15  (1979); *Berg v. Kincheloe*, 794 F.2d 457, 461 (9th Cir. 1986).

16  In both his Amended Complaint and in his opposition, Plaintiff presents no evidence to
17  establish that Defendant knew that the rotational recreation schedule was causing Plaintiff harm,
18  and disregarded that risk by failing to take measures to abate it. (*See* Pl.'s Am. Compl. 5-7; Pl.'s
19  Opp'n at 1-6.) To the contrary, the evidence establishes that Defendant implemented the
20  program to ensure Plaintiff's safety, while at the same time ensuring that inmates were afforded
21  adequate opportunities to exercise both out of their cells and outdoors. (Stmt. Facts ¶ 7, 9-12.)

22  Because Plaintiff fails to establish that Defendant acted with deliberate indifference to his
23  health or safety in implementing the rotational recreational schedule during the month of January
24  2005, Plaintiff fails to satisfy the subjective component necessary to establish an Eighth
25  Amendment violation.

     **C.   Plaintiff's Arguments Do Not Support His Contention that Defendant Violated His Eighth Amendment Right to Outdoor Exercise.**

28  In his opposition, Plaintiff argues that exercise has been recognized by the Ninth Circuit as a

Def.'s Reply Pl.'s Opp'n Def.'s Mot. Summ. J.                                     Padilla v. Evans
                                                                                                                          C 06-1725 JF

basic human need protected by the Eighth Amendment. (Pl.'s Opp'n at 2.) In support of his argument, Plaintiff cites to the opinions of a witness, Dr. Rundle, allegedly used as an expert in *LeMaire v. Maass,* who allegedly opined that insufficient outdoor exercise is harmful to an inmate's psychological and physical well being. (*Id.* at 2-3.) A review of the *LeMaire* decision does not indicate that Dr. Rundle testified to the matters alleged in Plaintiff's opposition. *See LeMaire,* 12 F.3d at 1457-58. Regardless, even if such testimony was given, it must be not given credit here as Plaintiff has failed to qualify Dr. Rundle as an expert competent to testify as to the harmful affects of the amount of exercise Plaintiff received in January 2005, and because such testimony is hearsay. *See* Fed. R. Evid. 702, 802. Moreover, Plaintiff fails to establish that the conditions of confinement in Oregon State Prison's Disciplinary Segregation Unit, allegedly testified to by Dr. Rundle in *LeMaire,* are sufficiently analogous to the conditions of confinement Plaintiff experienced in the Sensitive Needs Yard at SVSP in January 2005.

In support of his argument, Plaintiff also cites to the cases of *Martino v. Casey,* 563 F. Supp. 984, 1001 (D. Or. 1983), *Toussiant v. McCarthy,* 597 F. Supp. 1388, 1393 (N.D. Cal. 1984), *aff'd in part, rev'd in part by Toussiant v. McCarthy,* 801 F.2d 1080 (9th Cir. 1986), and *LeMarie,* 12 F.3d at 1457. However, none of the cases cited to by Plaintiff support the argument he is asserting. In *Martino,* a district court held that inmates living in a county jail who had no opportunities to exercise outdoors and could not exercise indoors due to the jail's insufficient cell space and unsanitary conditions, suffered a constitutional deprivation. *Martino,* 563 F. Supp. at 1000-02. Likewise, in *Toussiant,* the district court held that the conditions of confinement for inmates housed in segregated housing units at San Quentin and Folsom State Prisons violated the Eighth Amendment because most of these inmates were confined to their cells for virtually twenty-four hours a day for extended periods of time, were not allowed to exercise indoors, and could not exercise in their cells due to cell size limitations. *Id.* at 1401-02, 1412. The holdings in *Martino* and *Toussiant* are factually distinguishable from this case. This is because in this case Plaintiff, unlike the inmates in *Martino* and *Toussiant,* was provided with abundant opportunities to exercise both outside and inside of his cell. (Stmt. Facts ¶¶ 4-5, 9-15.) *See LeMaire,* 12 F.3d at 1458 (upholding the denial of out-of-cell exercise privileges where an

1  inmate was able to exercise in his cell); *accord May v. Baldwin*, 895 F. Supp. 1398, 1406-07 (D.
2  Or. 1995). Because the facts in *Martino* and *Toussiant* are not analogous to the facts presented
3  here, Plaintiff's attempt to use these cases in support of his argument is in error.

4  Additionally, the holding in *LeMaire* does not support Plaintiff's argument. In *LeMaire*,
5  contrary to Plaintiff's assertions, the court did not hold unconstitutional the deprivation of
6  outdoor exercise the inmate in that case complained of. The court found the denial of outdoor
7  exercise was appropriate due to the inmate's history of violent and disorderly conduct. *LeMaire*,
8  12 F.3d at 1458.

9  In sum, because Plaintiff fails to satisfy the requisite objective and subjective components to
10 establish an Eighth Amendment violation, and because the cases and arguments presented by
11 Plaintiff in his opposition do not support his claim, Defendant is entitled to judgment as a matter
12 of law with respect to Plaintiff's claim of inadequate outdoor exercise.

## II.

**PLAINTIFF FAILS TO ESTABLISH A GENUINE ISSUE OF MATERIAL FACT WITH RESPECT TO HIS FOURTEENTH AMENDMENT EQUAL PROTECTION CLAIM.**

In order to establish an equal protection violation, Plaintiff must prove that he was treated differently from others similarly situated, that he is a member of a suspect class and that Defendant intentionally or purposefully discriminated against him based his on membership in that class, and that Defendant lacked a rational basis for the dissimilar treatment. *City of Celburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439-42 (1985); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998); *Fraley v. U.S. Bureau of Prisons*, 1 F.3d 924, 926 (9th Cir. 1993); *Coakley v. Murphy*, 884 F.2d 1218, 1221-22 (9th Cir. 1989).

### A. Plaintiff Fails to Establish that He Was Treated Differently than Other Similarly Situated Inmates.

In his opposition Plaintiff argues that he, and other inmates housed within the Sensitive Needs Yard, were provided with less exercise opportunities than the rest of the inmate population as SVSP. (Pl.'s Opp'n at 4.) However, other than making this conclusory statement, Plaintiff provides no evidence to substantiate his argument. Thus, Plaintiff's argument must fail. *See*

1 | *Marks v. U.S.*, 578 F.2d 261, 263 (9th Cir. 1978) ("Conclusory allegations unsupported by factual data will not create a triable issue of fact.").

Moreover, Plaintiff's claim of dissimilar treatment is contradicted by the evidence presented in this case. As the evidence clearly shows, Plaintiff is not similarly situated to inmates housed in different yards at SVSP, as inmates housed within the Sensitive Needs Yard require special housing due to their inability to safely program with the general population because of their status as prison gang drop-outs, their commitment offense, their age, or due to enemy concerns. (Stmt. Facts ¶ 6.) *See Thornton v. City of St. Helens*, 425 F.3d 1158, 1168 (9th Cir. 2005) ("Evidence of different treatment of unlike groups does not support an equal protection claim.").

Accordingly, in order to establish an equal protection violation, Plaintiff must show that he was afforded less exercise time than those inmates housed within the Sensitive Needs Yard. *Fraley*, 1 F.3d at 926. Plaintiff fails to do so in his opposition. (Pl.'s Opp'n at 4.) To the contrary, Plaintiff admits, and the evidence shows, that he and the other "sensitive needs" inmates were all afforded the same amount of exercise time as each other. (*Id.*; Stmt. Facts ¶ 16.) Moreover, the evidence also indicates that, contrary to Plaintiff's conclusory statements, Plaintiff was afforded the same opportunities to exercise as the rest of the inmate population. (Stmt. Facts ¶ 16.)

In his opposition, Plaintiff, citing to *Williams v. Lane*, 851 F.2d 867, 881-82 (7th Cir. 1988), argues that inmates housed in protective custody should be provided with the same programming opportunities as inmates housed within the general population. (Pl.'s Opp'n at 4.) However, the holding in *Williams* is factually distinguishable from this case. In *Williams*, the inmates housed in protective custody were not allowed to exercise indoors and were only permitted to use the dayroom or yard every other day for an hour and fifteen minutes. *Id.* at 875. Conversely here, in January 2005 inmates living on the Sensitive Needs Yard were permitted to exercise outdoors every other day for two and a half hours and in the dayroom everyday for two hours absent unusual circumstances. (Stmt. Facts ¶¶ 8-12.) Moreover, unlike in *Williams* where the general population was afforded greater exercise opportunities than the protective custody inmates, the rotational exercise schedule was applied equally to all housing facilities at SVSP. (*Id.* ¶ 16.)

Def.'s Reply Pl.'s Opp'n Def.'s Mot. Summ. J.

Padilla v. Evans
C 06-1725 JF

7

Because Plaintiff fails to establish that he was afforded less opportunities to exercise than other similarly situated inmates, his equal protection claim must fail.

### B. Plaintiff Fails to Prove Defendant Intentionally Discriminated Against Him Because of His Membership in a Protected Class.

Furthermore, Plaintiff fails to show that Defendant intentionally discriminated against him because of his status as a sensitive needs inmate. First, Plaintiff cites to no authority establishing that sensitive needs inmates are members of a protected class. (*See* Pl.'s Opp'n.) Secondly, Plaintiff does not establish that Defendant acted with discriminatory animus against sensitive needs inmates in implementing the rotational recreation schedule. (*Id.*) At best, Plaintiff insinuates that Defendant discriminated against the sensitive needs inmates due to their commitment offenses or prison gang statuses, however, Plaintiff provides no evidence to substantiate this argument. (*Id.* at 5.) Because "conclusory statements of bias do not carry the non-moving party's burden in opposition to a motion for summary judgment," *Thornton*, 425 F.3d at 1167, Plaintiff fails to establish the discriminatory intent requirement.

### C. Plaintiff Fails to Establish that Defendant Lacked a Rational Basis for Implementing a Rotational Exercise Schedule.

Lastly, in his opposition Plaintiff does not contest that Defendant's implementation of the rotational recreation schedule was rationally related to Defendant's concerns for institutional security (*see* Pl.'s Opp'n.); nor could he, as Defendant had a legitimate security concern in avoiding a scenario where too many inmates would be located on a recreation yard without enough staff to properly monitor them. (*See* Def.'s Mot. Summ. J. Part II C.) Thus, Plaintiff fails to overcome the rational basis test as well.

Because Plaintiff fails to establish he was treated differently than other similarly situated inmates, that Defendant acted with discriminatory intent, or that Defendant's acts were not rationally related to a legitimate state interest, Plaintiff fails to establish a genuine issue of material fact with respect to his equal protection claim. Thus, summary judgment must be granted in Defendant's favor with respect this claim.

///

Def.'s Reply Pl.'s Opp'n Def.'s Mot. Summ. J.                                  Padilla v. Evans
                                                                                  C 06-1725 JF

8

### III.

### DEFENDANT IS ENTITLED TO QUALIFIED IMMUNITY.

In *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985), the Supreme Court recognized that government officials are entitled to qualified immunity. This entitlement allows a peace officer to avoid having to stand trial or face other burdens of litigation, unless a two part test is satisfied. *Saucier v. Katz*, 533 U.S. 194, 201-02 (2001). First, it must be proven that the officer's conduct violated a constitutional right. *Id.* at 201. Second, if a violation of a constitutional right can be established, the Court must determine whether that right was clearly established. *Id.* "[A] right is clearly established . . . [if] it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Id.* at 202. In other words, '[i]f the law did not put the officer on notice that his conduct would be clearly unlawful, summary judgment based on qualified immunity is appropriate." *Id.*

With respect to the first qualified immunity factor, Plaintiff fails to establish that Defendant violated his constitutional rights to be free from cruel and unusual punishment and to equal protection. Specifically, Plaintiff fails to establish that in affording Plaintiff the opportunity to exercise out of his cell and outdoors for approximately forty-five hours from January 1, 2005 through January 26, 2005, Defendant deprived Plaintiff of the minimal civilized measure of life's necessities and acted with deliberate indifference to his health or safety (*See* Defs.' Mot. Summ J. at 9-14.) Likewise, Plaintiff fails to establish that in implementing the rotational recreation schedule, Defendant treated him differently than other similarly situated inmates, acted with discriminatory intent, and lacked a rational basis for his decision. (*Id.* at 14-18.)

Furthermore, even if the Court finds that Plaintiff's Eighth and Fourteenth Amendment rights were violated, Plaintiff fails to produce evidence to establish that a reasonable officer in Defendant's position would have believed his conduct to be unlawful. Specifically, Plaintiff fails to demonstrate that a reasonable official in Defendant's position would have believed that he was clearly violating the law by implementing a rotational recreation schedule designed to ensure institutional security while nevertheless affording Plaintiff the opportunity to exercise out of his cell for approximately forty-five hours in twenty-six days. (Stmt. Facts ¶¶ 7, 15.) Similarly,

Plaintiff fails to demonstrate that a reasonable official in Defendant's position would have believed that he was violating clearly established law by implementing a rotational recreation schedule equally on all prison yards at SVSP, including the yard housing Plaintiff and other similarly situated inmates, for the purposes of maintaining institutional security. (*Id.* ¶¶ 7, 16.)

In his opposition, Plaintiff argues that Defendants are not entitled to qualified immunity. (Pl.'s Opp'n at 5-6.) In support of his argument Plaintiff cites to *Hamilton v. Love,* 328 F. Supp. 1182, 1194 (E.D. Ark. 1971). However, this case does not support Plaintiff's argument or relate to the defense of qualified immunity.

In *Hamilton*, a district court held that the conditions of confinement in a county jail housing pre-trial detainees was constitutionally inadequate. *Id.* at 1182. The court further held that the state's claim of inadequate resources, namely a shortage of staff, was an insufficient reason to justify the deprivation of the detainee's constitutional rights. *Id.* at 1194. However, the court in *Hamilton* did not address the issue of qualified immunity. Moreover, *Hamilton* is factually distinguishable from this case. In *Hamilton*, the pre-trial detainees were afforded no opportunities to exercise because no recreation areas existed in the county jail. *Id.* at 1184. Conversely here, from January 1, 2005 through January 26, 2005, Plaintiff was afforded the opportunity to exercise both outdoors and in his facility's dayroom for approximately forty-five hours. (Stmt. Facts ¶ 15.) Thus, Plaintiff's reliance upon *Hamilton* to dispute Defendant's claim of qualified immunity is unfounded.

In sum, because Plaintiff fails to offer evidence to establish that Defendant violated his Eighth Amendment right to be free from cruel and unusual punishment and his Fourteenth Amendment right to equal protection and because Plaintiff fails to prove that a reasonable official placed in Defendant's position would have believed his actions to be clearly unlawful, Defendant is entitled to qualified immunity.

## CONCLUSION

For the reasons argued in this reply brief and in Defendant's moving papers, Defendant respectfully requests that the Court grant his Motion for Summary Judgment on the grounds that there are no genuine issues of material fact demonstrating that Defendant violated Plaintiff's

Eighth Amendment right to outdoor exercise and Fourteenth Amendment right to equal protection and because Defendant is entitled to qualified immunity.[3/]

Dated: July 18, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DAVID S. CHANEY
Chief Assistant Attorney General

ROCHELLE C. EAST
Acting Senior Assistant Attorney General

JONATHAN L. WOLFF
Supervising Deputy Attorney General

*/s/*

SCOTT J. FEUDALE
Deputy Attorney General
Attorneys for Defendant M.S. Evans

20122011.wpd
SF2006200423

---

3. In his opposition, Plaintiff argues that he is entitled to compensatory and punitive damages for the alleged willful violations of his constitutional rights. (Pl.'s Opp'n at 8-9.) However, because Plaintiff fails to establish the violation of a constitutional right, he is not entitled to recover any form of damages. Accordingly, Defendant need not address Plaintiff's arguments for damages at this time.

Def.'s Reply Pl.'s Opp'n Def.'s Mot. Summ. J.                                                      Padilla v. Evans
                                                                                                    C 06-1725 JF

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   **Padilla v. Evans**

No.:   **C 06-1725 JF**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On **July 18, 2008**, I served the attached

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

Larry D. Padilla (P-05966)
Salinas Valley State Prison
P. O. Box 1050
Soledad, CA 93960-1050
In Pro Per

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **July 18, 2008**, at San Francisco, California.

| M. Luna | *M. Luna* |
|---|---|
| Declarant | Signature |

20125199.wpd